**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LONTEX CORPORATION<br><br>          Plaintiff,<br><br>     v.<br><br>NIKE, INC.,<br><br>          Defendant. | Civil Action No.  2:18-cv-05623-MMB |

**PLAINTIFF LONTEX CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF
ITS PARTIAL MOTION TO DISMISS DEFENDANT NIKE INC.'S COUNTERCLAIM**

Plaintiff Lontex Corporation ("Lontex") respectfully submits this memorandum of law in support of its partial Motion to Dismiss Defendant Nike, Inc.'s ("Nike") Counterclaim for failure to state a claim.  For the reasons set forth below, Lontex moves this Court to dismiss Nike's Third Counterclaim because the only "damages" it alleges to have suffered are attorneys' fees related to this litigation, which are not cognizable damages under 15 U.S.C. § 1120.

**I.
INTRODUCTION**

By way of its Counterclaims, Nike requests this Court to cancel Lontex's Asserted Registrations.  Yet, Nike's reasons for seeking such a drastic remedy amount to nothing more than unsubstantiated speculation.  The factual support for its Counterclaims are so barren that even Nike admits every material allegation of supposed wrongdoing is only "on information and belief."

But even more fundamental, Nike's Third Counterclaim for violation of 15 U.S.C. § 1120 seeks recovery only of its attorneys' fees incurred in this litigation, which Nike improperly converts into an independent claim for "damages."  However, in mischaracterizing its attorneys'

fees as "damages," Nike ignores that "virtually every modern court has held that, as a matter of law, attorneys' fees do not qualify as recoverable 'damages' under Section 38 of the Lanham Act." *High Volatage Beverages, LLC v. Coca-Cola Co.*, No. 3:08CV367, 2011 WL 831523, at *6 (W.D.N.C. Mar. 3, 2011) (collecting cases). As this Court warned defendants like Nike over a decade ago: "Litigation costs and attorneys' fees are not available as damages under 15 U.S.C. § 1120." *Ritz Hotel, Ltd. v. Shen Mfg. Co.*, No. CIV.A. 05-4730, 2009 WL 1119496, at *4 (E.D. Pa. Apr. 27, 2009). With only attorneys' fees and the costs of defense in this action as a basis for damages, Nike's Third Counterclaim fails as a matter of law to establish an essential element. Nike had months to craft this counterclaim and the dismissal should be with prejudice.

## II.
## FACTUAL BACKGROUND

Nike filed its Answer, Affirmative Defenses, and Counterclaims to Lontex's First Amended Complaint on June 25, 2019, nearly six months after this suit began. (*See* ECF 40). Nike's Counterclaims for cancellation and damages rest on its concocted false narrative that Lontex allegedly committed fraud to trick the USPTO into renewing registrations for a mark Lontex supposedly does not use. (*Id*. at ¶¶ 7–15).

Nike alleges that Lontex falsely attested to the USPTO in a declaration that the Asserted Registrations were in use in commerce in connection with some or all of the goods identified in U.S. Reg. No. 3,416,053 for its "COOL COMPRESSION" word mark; in U.S. Reg. No. 3,416,236 for its "COOL COMPRESSION and design" mark; and in U.S. Reg. No. 3,611,406 for its "COOL COMPRESSION" word mark (collectively, the "Asserted Registrations"). (*Id*. at ¶¶ 31–40).

But Nike could not even affirmatively allege the facts for the elements of fraud. Instead, Nike alleges "on information and belief" that Lontex has not continuously and consistently made

bona fide use of the purported COOL COMPRESSION marks. (*Id*. at ¶¶ 8, 14). Nike's basis for this information and belief is the unastonishing observation that Lontex has more than one trademark and that it at one time offered its "Cool Compression" trademark for sale. (*Id*. at ¶¶ 9-10). Nike also thinks the use of a removable label for a compression sleeve (rather than an inside tag) supports this information and belief. (*Id*. at ¶ 13).

As a result, every one of Nike's foundational elements of fraud alleged in the Third Counterclaim for violation of Section 1120 is stated "upon information and belief." (*Id*. at ¶¶ 32-37). Given Nike's insistence on stating its Third Counterclaim almost entirely "on information and belief," it is no surprise than its conclusory assertion of damages is entirely deficient as a matter of law.

Specifically, when it comes to alleging the resulting "damages" from this supposed fraud on the USPTO, Nike provided virtually nothing. The best Nike can muster is the following single, conclusory sentence:

> By virtue of **Lontex's continued assertion of the Asserted Registrations against NIKE, NIKE is being damaged** by the renewals of the Asserted Registrations, and Nike is entitled to damages under 15 U.S.C. § 1120.

(*Id*. at ¶ 40) (emphasis added). Thus, Nike would convert its cost of defense of this continued litigation for infringement of the registered marks into an affirmative claim for damages. This it cannot do.

### III.
### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Accordingly, if well-pleaded facts still do not state a cognizable theory as a matter of law, dismissal pursuant to Rule 12(b)(6) is warranted. *Foman*

*v. Davis*, 371 U.S. 178, 182 (1962).  To survive a motion to dismiss, Defendant's Counterclaim "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Absent that, the Counterclaim must be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  Courts in the Third Circuit employ a two-part analysis when faced with a motion to dismiss pursuant to Rule 12(b)(6):

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678, 684 (citing *Twombly*, 550 U.S. at 555); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (citing *Twombly*, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."); *Modern Telecom Sys., LLC v. TCL Corp.*, No. 17-583-LPS-CJB, 2017 WL 6524526, at *1 (D. Del. Dec. 21, 2017) ("[A] claimant's 'obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted)).

As with all claims sounding in fraud, fraudulent procurement claims are subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b), so that all elements, including damages, must be pled with particularity.  *See, e.g., San Juan Prods., Inc. v. San Juan*

*Pools of Kansas, Inc.*, 849 F.2d 468, 472 (10th Cir.1988); *Am. Cruise Lines, Inc. v. HMS Am. Queen Steamboat Co. LLC*, 223 F. Supp. 3d 207, 212 (D. Del. 2016) (*quoting Tredennick v. Bone*, 323 Fed.App'x. 103, 105 (3d Cir. 2008)); *GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp. 2d 234, 243 (S.D.N.Y. 2000) ("[A] claim for fraudulent registration under § 38, like any fraud claim, must comply with the heightened pleading standards of Fed. R. Civ. P. 9(b).").

Applying these standards below, Nike's Third Counterclaim is nothing more than a generalized and speculative claim that fails to meet the plausibility requirement or particularity requirements of Rule 9(b) and, thus, fail to state a claim under 15 U.S.C. § 1120.

**IV.**
**LEGAL ARGUMENT**

**DEFENDANT'S THIRD COUNTERCLAIM SEEKING DAMAGES FOR VIOLATION OF 15 U.S.C. § 1120 FAILS AS A MATTER OF LAW**

Nike's Third Counterclaim alleges a violation of 15 U.S.C. § 1120 (also referred to as Section 38 of the Lanham Act), which provides that:

> Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof.

15 U.S.C. § 1120. To state a claim under this statute, Nike must allege with particularity:

> (1) that defendant made a false representation to the PTO regarding a material fact; (2) that defendant knew that the representation was false; (3) that defendant intended to induce the PTO to act in reliance on the misrepresentation; (4) the PTO was thereby deceived into registering the mark; and (5) damages proximately resulting from such reliance

*United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1226 (10th Cir. 2000) (citing *San Juan Prods., Inc.*, 849 F.2d at 473); *Primepoint, L.L.C. v. PrimePay, Inc.*, 545 F. Supp. 2d 426, 446 (D.N.J. 2008); *High Volatage*, 2011 WL 831523, at *5.

The only conceivable injury that Nike claims it has suffered due to Lontex's alleged fraudulent procurement of the Asserted Registrations is its attorneys' fees incurred in connection with this trademark dispute (ECF 40, ¶ 40 ("By virtue of Lontex's continued assertion of the Asserted Registrations against NIKE, NIKE is being damaged . . . .")).  Nike has not even tried to allege any other damage as a result of the supposed fraudulent procurement of the Asserted Registrations that warrants recovery under 15 U.S.C. § 1120.

In asserting a Section 1120 claim based on its costs of defense, Nike has ignored "virtually every modern court."  *High Volatage Beverages, LLC v. Coca-Cola Co.*, No. 3:08CV367, 2011 WL 831523, at *6.  For example, in *Martal Cosmetics, Ltd. v. International Beauty Exchange*, the Court held that defendants would not be entitled to relief under 15 U.S.C. § 1120 where "[t]he only conceivable injury the defendants could claim is that they have been sued over their alleged involvement with the counterfeiting of Symba products, and thus that they have been damaged in the amount of their legal fees and costs." *Martal Cosmetics, Ltd. v. Int'l Beauty Exch.*, 2006 U.S. Dist. LEXIS 97604, at *79–81 (E.D.N.Y. Sep. 22, 2006) (citing *Blue Bell, Inc. v. Jaymar-Ruby, Inc.*, 497 F.2d 433, 439 (2d Cir. 1974)); *Exxon Corp. v. Exxene Corp.*, 696 F.2d 544, 551 (7th Cir. 1982) ("the only damages proved by [defendant] – it's attorney's fees – were not recoverable as damages under [Section 1120] on which the counterclaim was based"); *GMA Accessories, Inc.*, 157 F. Supp. 2d at 242–243 ("[A]ttorneys' fees are ordinarily not recoverable under § 38.").  As noted above, the Courts rejecting such misuse of a Section 1120 claim include this Court.  *See Ritz Hotel, Ltd. v. Shen Mfg. Co.*, No. CIV.A. 05-4730, 2009 WL 1119496, at *4.

Similarly, here, Nike's Third Counterclaim must be dismissed for failure to state the necessary element of damages because attorneys' fees are not recoverable under Section 1120 as

"damages" as a matter of law.  *United Phosphorous*, 205 F.3d at 1232 ("[Section] 1120 does not allow for the award of attorney fees"); *3M Co. v. Intertape Polymer Group, Inc.*, 423 F. Supp. 2d 958, 966 (D. Minn. 2006) ("The Court holds that a party may not recover attorneys' fees under 15 U.S.C. § 1120."); *High Volatage*, 2011 WL 831523, at *6 ("With only [attorneys'] fees as a basis for damages, the court finds that [Defendant] has failed as a matter of law to establish an essential element of its claim.").

The American Rule for fees and the Lanham Act's careful structure mandate this application of Section 1120.  Section 1120 speaks only of recovery of "damages," and is distinct from the Lanham Act's separate, discretionary Section 1117 provision for attorneys' fees in "exceptional cases."  *See* 15 U.S.C. § 1117(a).  As a result, it is well-settled that allowing recovery for attorneys' fees under 15 U.S.C. § 1120 would be inconsistent with the statutory scheme intended by Congress because Section 35 of the Lanham Act provides for the recovery of attorneys' fees only in "exceptional cases."  *Aromatique, Inc. v. Gold Seal, Inc.*, 28 F.3d 863, 876 (8th Cir. 1994) ("If an award of fees were required by Section 38, that requirement would deprive courts of the discretion to award fees under Section 35, which discretion is limited to exceptional cases . . . The conclusion that fees are not included within damages awarded under Section 38 is, moreover, consonant with the more general tenor of the law of trademark."); *High Volatage*, 2011 WL 831523, at *6 ("Reading § 1120 to allow for attorney's fees as damages would circumvent § 1117."); *Karachi Bakery India v. Deccan Foods LLC*, No. CV 14-5600 (JMV), 2017 WL 4922013, at *8 (D.N.J. Oct. 31, 2017) ("Plaintiff fails to support its argument that pre–litigation attorneys' fees are nonetheless recoverable under Section 38, and the Court has not found any case law supporting this assertion.").

- 7 -

Because Congress enacted a separate provision in the Lanham Act for the discretionary award of attorneys' fees in only "exceptional cases" since 1975, allowing attorneys' fees as a mandatory item of recovery under Section 1120 (fraudulent registration "shall be liable") would supplant the court's limited discretion to award fees under the specific statutory provision governing fees. *See*, *e.g.*, *Aromatique*, 28 F.3d at 876; *Exxon Corp.*, 696 F.2d at 551. This reasoning is also consistent with the "general practice of not awarding fees to a prevailing party absent statutory authority." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001); *see also McAdam v. Dean Witter Reynolds, Inc.*, 896 F.2d 750, 775 (3d Cir. 1990) ("[A]ttorneys' fees are not recoverable absent *express* authorization by statute, court rule or contract.") (emphasis in original). While 15 U.S.C. § 1117 sets forth express direction on when and how attorneys' fees may be awarded ("The court in exceptional cases may award reasonable attorney fees to the prevailing party"), 15 U.S.C. § 1120 does not even mention fees. Thus, it would be a severe overreach to imply any authorization for fees in a provision that speaks only of "damages" as Nike suggests in its Third Counterclaim. *See Exxon Corp.*, 696 F.2d at 550 (rejecting argument that amending § 1117 to provide for fees in "exceptional cases" implicitly amended § 1120 to provide for fees for fraudulent procurement).

As a result, Nike's attempt to seek its fees and costs of defense for this litigation under the guise of a Section 1120 claim must be rejected. Nike's claim was filed half a year after Lontex filed its claims, giving it more than enough time to plead plausible counterclaims. Nike knew the well-settled legal landscape for pleading plausible damages when it filed its Counterclaim. Nike should not be provided leave to amend and its Third Counterclaim for violations of Section 1120 should be dismissed with prejudice. *See Grayson v. Mayview State*

*Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (courts dismiss claims without leave to amend where amendment is futile).

**V.**

**<u>CONCLUSION</u>**

Nike has fatally failed to allege any plausible damages recoverable for its counterclaim for violation of 15 U.S.C. § 1120.  At best, it passes off its attorneys' fees as "damages," which fails as a matter of law to state a claim for violation of Section 1120.  Accordingly, Nike's Third Counterclaim should be dismissed with prejudice.

Dated:          July 16, 2019                    TROUTMAN SANDERS LLP

By: /s/ Ben L. Wagner
        Ben L. Wagner (CA SBN 243594)
        ben.wagner@troutman.com
        *Admitted Pro Hac Vice*
        11682 El Camino Real, Suite 400
        San Diego, CA  92130-2092
        Telephone:   858-509-6000
        Facsimile:    858 509 6040

        Andrew D. Skale (CA SBN 211096)
        adskale@mintz.com
        *Admitted Pro Hac Vice*
        MINTZ LEVIN COHN FERRIS
        GLOVSKY AND POPEO PC
        3580 Carmel Mountain Road, Suite 300
        San Diego, CA 92130
        Telephone:   858-314-1500
        Facsimile:    858-314-1501

        Michael B. Dubin, Esq.
        (PA SBN 70681)
        SEMANOFF ORMSBY GREENBERG &
        TORCHIA, LLC
        2617 Huntingdon Pike
        Huntingdon Valley, PA 19006

        Attorneys for Plaintiff
        LONTEX CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 16, 2019, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent via e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Ben L. Wagner
Ben L. Wagner