## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Lontex Corporation

                Plaintiff,

v.

Nike, Inc.,

                Defendants.

: CIVIL ACTION

: NO.: 2:18-cv-05623-MMB

: *Jury Trial Demanded*

**FILED**

JUL 18 2019

KATE BARKMAN, Clerk
By_____ Dep. Clerk

## STIPULATED [~~PROPOSED~~] ORDER REGARDING ELECTRONICALLY STORED INFORMATION ("ESI") DISCOVERY

The undersigned counsel on behalf of their respective clients, all parties to the above-captioned action ("Parties"), agree that this stipulated order regarding ESI ("ESI Order") shall govern the discovery of Electronically Stored Information. This ESI Order is intended to provide for effective, efficient, and proportional ESI discovery in accordance with the Federal Rules of Civil Procedure. Nothing in this ESI Order alters either Party's rights, obligations, and responsibilities under the Federal Rules of Civil Procedure.

## I.  DEFINITIONS

1. The following terms will have the definitions as outlined:

a. "Document" refers to a collection of pages or file(s) constituting a logical single communication of information produced or inspected as a single record pursuant to Federal Rules of Civil Procedure 26 and 34, including hard copy and electronically stored information.

b. "Electronically Stored Information" or "ESI" is defined as that term is under the Federal Rules of Civil Procedure and the precedent interpreting it. As provided in Rule 34, electronically stored information stands on an equal footing with discovery of paper documents and the use of the terms "document" and "documents" herein shall be understood to include electronically stored information.

c.  "Custodian" refers to an individual who stores, controls or possesses Documents or ESI.

d.  "Non-Custodial Sources" refers to_shared ESI and Document repositories not necessarily associated with individual Custodian(s). Examples of Non-Custodial Sources may include, but are not limited to, shared file cabinets, shared network drives or fileservers, electronic document management systems, or databases.

e.  "Metadata" refers to: (i) information embedded in or associated with a Native File that is not ordinarily viewable or printable from the application that generated, edited, or modified such Native File which describes the characteristics, origins, usage or validity of the electronic file or (ii) information generated automatically by the operation of a computer or other information technology system when a Native File is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

f.  "Native Format" means the file structure defined by the original creating application of an electronic document.  This file structure is referred to as the "native format" of the document.

g.  "Load File" is an electronic file containing information identifying a set of paper-scanned images or processed ESI and indicating where individual pages or files belong together as documents, including attachments, and where each document begins and ends.  A Load File should also contain data relevant to the individual Documents, including extracted and user-created Metadata as required by Exhibit A.

## II.  SCOPE

1.  The following individuals representing the listed party to the action, will serve as the e-discovery liaison (the "ESI Liaison"), and that such person (a) is or will promptly upon appointment as ESI Liaison for a Party become familiar with all the ESI matters for the Party who

2

appointed him or her, including the party's reasonable efforts to identify electronic systems, Custodians, and Non-Custodial Sources most likely to contain relevant ESI; the technical aspects of the contemplated e-discovery; and to the best of his or her ability, facilitate the preservation, retrieval, and production of each Party's ESI throughout the course of this action, and (b) will, to the best of his or her ability, provide answers to questions to the ESI Liaisons for the other Parties to the action as needed regarding the subjects set forth in subsection (a) of this paragraph:

      a.    Lontex Corporation:

          i.    Name:  Alison Grounds

          ii.    Position: Outside Counsel, Troutman Sanders LLP

          iii.    Contact Information: alison.grounds@troutman.com

      b.    Nike, Inc.

          i.    Name: Andrew Peck

          ii.    Position: Outside Counsel, DLA Piper LLP

          iii.    Contact Information: andrew.peck@dlapiper.com

2.    Disputes may arise regarding the scope, format, and production of ESI, , and the Parties agree that if such issues arise, they will identify the dispute and cooperate in good faith to resolve the issue. In the event that the Parties are unable to agree upon the proposed solution, the issue will be submitted to the Court for decision.

3.    The Parties shall exchange the following information by a mutually agreeable date, but no later than seven days prior to a party's production of any ESI limited by Custodian or search terms:

a.    <u>Custodians</u>.  For each Custodian most likely to have discoverable ESI in their possession, custody or control for whom ESI will be produced, the producing party shall disclose the specific ESI sources collected and searched for each Custodian. The Custodians shall be identified by name, title, connection to the instant litigation, and the type of the information

3

under his/her control. Examples of Custodian-specific sources of ESI may include, but are not limited to, ESI stored on 1) individual company-issued or personal devices (e.g, laptops, desktop computers, external hard drives, thumb drives, mobile phones, tablets, etc.); 2) network locations (e.g, email mailboxes, document management systems, network drives); and 3) cloud-based locations (e.g., third party hosted applications such as Gmail.) The parties agree to make a reasonable effort to identify the specific Custodian ESI sources most likely to contain relevant ESI which may or may not include ESI from the example sources listed herein, depending on the storage habits of the individual Custodian.

b.      Non Custodial Sources.  For each relevant Non Custodial Source most likely to have discoverable ESI from which ESI will be produced, the producing party shall provide a brief description of the type of information stored in the system and the methodology used to identify potentially relevant ESI (e.g., SQL queries, search terms, etc,) from each system.

c.      Excluded ESI Sources.  Identification of relevant ESI sources which the producing party believes are not reasonably accessible due to undue cost or burden as defined by Rule 26(b)(2)(B).

d.      Search Terms.  A list of proposed search terms ("Initial Search Terms"), to the extent a Party plans to rely on the use of search terms to filter ESI and isolate ESI that is potentially responsive prior to review or production including the sources of ESI to which the search terms will be applied.

4.      The Parties shall exchange hit reports by source for the Initial Search Terms as set forth in Paragraph 3 above, and meet and confer in good faith concerning any requested modifications to any Initial Search Terms.

5.      The purpose of Paragraphs 3 and 4 is to promote transparency in any culling of

4

ESI and not to create an obligation for the parties to agree to specific search terms or custodians *before* beginning their respective efforts to identify and produce responsive ESI. The parties retain the right to object to the custodians, non-custodial sources, and search terms used by a producing party.

6.      Except as otherwise agreed to by the Parties or ordered by the Court, both ESI and hard copy paper files should be produced in accordance with the Production Format listed in Exhibit A. Each Party shall use good faith efforts to remove duplicate ESI, including without limitation electronic mail, to reduce unnecessary cost of reviewing and producing duplicative ESI, in accordance with the Production Format described in Exhibit A. Files not easily converted to image format, such as Excel files, shall be produced in Native Format, and bates numbered with a page holder as outlined in Exhibit A.

7.      .Responsive ESI shall be produced bearing Bates numbers and designated in conformity with the Stipulated Protective Order.

8.      On-site inspections of ESI under FRCP 34(b) shall not be permitted, except in exceptional circumstances pursuant to court order for good cause.

9.      After receiving production of responsive ESI, a receiving Party for good cause may request production of specifically identified documents in Native Format, whereupon, the parties will meet and confer in good faith concerning whether the producing Party will promptly provide the specifically identified documents in Native Format, associating the same Bates numbers with the Native file version of such documents.

## III.   PRIVILEGE LOG

1.      The obligation to provide a log of privileged or work product materials pursuant to Federal Rule of Civil Procedure 26(b)(5)(A) presumptively shall not apply to:

        a.      Communications between a Party and its Outside Counsel;

        b.      Attorney work product created by Outside Counsel for the Parties;

        c.      Internal communications within Outside Counsel for the Parties; and

        d.      Documents created on or after the filing of the Complaint in this Action.

2.      The Parties agree that, except as provided herein regarding presumptively privileged documents and ESI, they will produce privilege logs and will exchange information regarding claims of privilege and/or work product protection in an efficient manner. For documents and ESI that have been withheld or redacted as privileged, the withholding or redacting Party shall provide a privilege log of such documents and ESI, providing the following objective metadata to the extent it is reasonably available and to the extent  it does not reveal protected content: date, author(s), custodian(s), recipient(s), file type, and subject.  In addition, the withholding or redacting Party shall also provide for each document on their privilege log an identifier for the privilege being asserted (e.g., "ACP" for attorney-client privilege, "WP" for work product, or other descriptions as necessary based on the specific privilege being claimed, including "CI" for any privilege in which a common interest is believed to avert waiver or result in privilege) and a unique document number/identifier, which need not be formatted as, or consecutive with, Bates numbers of produced documents (e.g., "Def_Priv_00001"). The Producing Party shall provide an itemized log containing separate entries for each document with the exception of multiple email messages in the same email string. Email strings can be logged as an inclusive string, but the withholding party must provide all senders and recipients of all emails in the withheld string. The parties agree to discuss in good faith the option to use categorical privilege logging for some or all withheld documents (such as called for by the "Facciola-Redgrave Framework." *See* Hon. John M. Facciola & Jonathan M. Redgrave, Asserting and Challenging Privilege Claims in Modern Litigation: The Facciola-Redgrave Framework, 4 Fed. Ct. L. Rev. 19,

39460613v1

45 (2009)).

     3.    The Parties will meet and confer in good faith to try to agree on the deadline or

deadlines for the Parties to exchange privilege logs.

## IV.   <u>MODIFICATION</u>

     This Protocol may be modified by further agreement in writing by the Parties hereto or by

the Court for good cause shown.

**Approved and So Ordered this** _____ **day of July, 2019.**

BY THE COURT:

Honorable Michael M. Baylson

7

**ATTORNEYS FOR PLAINTIFF**
**LONTEX CORPORATION**

By: */s/ Ben L. Wagner*_____
Ben L. Wagner (admitted *pro hac vice*)
TROUTMAN SANDERS LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130-2092

Andrew D. Skale (admitted *pro hac vice*)
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO PC
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130

Michael B. Dubin, Esq.
SEMANOFF ORMSBY GREENBERG &
TORCHIA, LLC
2617 Huntingdon Pike
Huntingdon Valley, PA 19006

Date: July 15, 2019

**ATTORNEYS FOR**
**DEFENDANT NIKE, INC.**

By: */s/ Gina L. Durham* (with consent)
Gina L. Durham (admitted *pro hac vice*)
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105

Frank W. Ryan (admitted *pro hac vice*)
Marc E. Miller (admitted *pro hac vice*)
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 100201

Darius C. Gambino
Ben C. Fabens-Lassen
DLA PIPER LLP (US)
1650 Mark Street, Suite 5000
Philadelphia, PA  19103

Date:  July 15, 2019

# Exhibit A - Document Production Format

Both electronically stored information ("ESI") and hard copy paper files should be produced in image format with the exception of certain ESI formats identified in the technical specifications below. Images shall be endorsed with a bates number at the page level accompanied with text files containing the searchable text and a delimited data load file containing associated document information and metadata for each document. The original native files shall be preserved.

ESI shall be collected in a manner that preserves metadata to the extent reasonably possible. ESI shall be produced in a format that is reasonably usable to the same extent as the original native file.

Using good faith efforts, duplicates shall be removed from all ESI productions in a manner that does not break up document families – in other words, emails shall be treated as duplicates only if they are identical both in their bodies and in all their attachments, and an email attachment shall not be treated as a duplicate merely because an identical copy of the document exists as a separate file. ESI duplicates shall be identified by using industry standard MD5 or SHA-1 algorithms to create and compare hash values for exact matches only. A duplicate custodian field ["DupCustodian"] shall be provided that identifies each custodian from whom the document was collected, including any custodians' whose copy was removed because it was identified as a duplicate. Any duplicate ESI that is not produced shall be preserved.

Specific technical production format details:

- Native ESI and paper shall be converted to black and white 300 dpi TIF format image files with Group IV compression and one TIF file per page. Upon written request, a producing party shall produce color images for selected documents provided the volume of documents selected for color production is reasonable. Documents produced in color shall be produced as JPEG images, 200 dpi or higher and 24-bit color depth. Each color document image file shall be named with the unique Bates Number of the first page of the document followed by the file extension "JPG";

- For documents whose native format is a spreadsheet, database, audio or video, the original native files should be produced in addition to a single page TIF placeholder for each document. The placeholder should be endorsed with "Native Format Document," and endorsed with the Bates number assigned to that document. The produced native file should be named with the Bates number assigned to that document. Any confidentiality or other designations stamped on the placeholder for such a document shall apply to the entire native file and its contents;

- For documents whose native format is MS PowerPoint, the original native files and single page black and white Group IV TIF format image files shall be produced (with any comments shown). The produced native file should be named with the beginning Bates number assigned to that document. Any confidentiality or other designations stamped on the image(s) for such a document shall apply to the entire native file and its contents;

- Notwithstanding the above, original native files need not be produced for documents produced with redacted images, regardless of original native file format;

- Each image file shall be named with its unique Bates number and branded with the Bates number and confidentiality designation (if any) on the face of the image in a location that does not cover up any of the document's original text or images;

- One text file per document which contains searchable text for the document shall be provided for all ESI and scanned paper documents. Extracted full text shall be provided for ESI, and OCR text shall be provided for scanned paper. OCR generated text should only be used for ESI if extracted text is not available or if the document has been redacted. Text files shall be named with the beginning Bates number of the corresponding document and a path to the text file within the production should be provided in the data load file;

- An image identification file shall be provided containing a row of information for every image included in the production. The format of the file should be industry standard IPRO format (LFP), Concordance Image format (OPT) or other delimited file format using common ASCII (American Standard Code for Information Interchange) characters for field identification that includes one row of information for each image with fields for image Bates number, relative path to the image, image filename, page number, and document start identifier to designate the first page of a document;

- All document information and metadata for each document shall be produced in a delimited data load file with one row for each document produced and shall include the document information and metadata identified in the table below to the extent it is available. The format of the file shall be industry standard Concordance DAT file format or a delimited text file that uses ASCII character delimiters as follows: Field Delimiter = ""ASCII (020), Text Quote = "þ" ASCII (254), Multi-Entry = ";" ASCII (059)

Document Information and Metadata To Be Produced

| Field | Data Type | Paper | Native Files & Email Attachments | Email |
|---|---|---|---|---|
| ProdBeg | Integer - Text | Starting Bates # | Starting Bates # | Starting Bates # |
| ProdEnd | Integer - Text | Ending Bates # | Ending Bates # | Ending Bates # |
| ProdBegAttach | Integer - Text | Starting bates # of document family | Starting bates # of document family | Starting bates # of document family |
| ProdEndAttach | Integer - Text | Ending bates # of document family | Ending bates # of document family | Ending bates # of document family |
| Custodian | Text | Name of person the document | Name of person the document was collected from | Name of person the document was collected from |

| | | was collected from | | | |
|---|---|---|---|---|---|
| DupCustodian | Text – paragraph Separate entries with ";" | | | All names of people the document was collected from even if removed from production as a duplicate | All names of people the document was collected from even if removed from production as a duplicate |
| Folder | Text | | | File path/folder structure for the original native file as it existed at the time of collection | File path/folder structure for the original native file as it existed at the time of collection. Should include full path and folder locations of email container files such as PST and NSF and the internal path of the email within those files |
| DeDuped_Paths | Text | | | All file path/folder structure for the original native file as it existed at the time of collection even if removed from production as a duplicate | All File path/folder structure for the original native file as it existed at the time of collection even if removed from production as a duplicate. Should include full path and folder locations of email container files such as PST and NSF and the internal path of the email within those files |
| From | Text - paragraph | | | | Sender of message |
| To | Text – paragraph Separate entries with ";" | | | | Recipients of message |
| CC | Text – paragraph | | | | Copied recipients |

| | | | | |
|---|---|---|---|---|
| | Separate entries with ";" | | | |
| BCC | Text – paragraph Separate entries with ";" | | | Blind copied recipients |
| Subject | Text - paragraph | | | Subject of message |
| Date_Sent | Date (mm/dd/yyyy) | | | Date message sent |
| Time_Sent | Time (hh:mm:ss) | | | Time message sent |
| Date_Rcvd | Date (mm/dd/yyyy) | | | Date message received |
| Time_Rcvd | Time (hh:mm:ss) | | | Time message received |
| FileName | Text - paragraph | | Name of original file including extension | Name of original file including extension |
| FileExtension | Text | | Extension of original file | Extension of original file |
| Date_Created | Date/Time (mm/dd/yyyy) | | Date file was created | |
| Date_LastMod | Date/Time (mm/dd/yyyy) | | Date file was last modified | |
| Title | Text - paragraph | | Title from document metadata | |
| Author | Text - paragraph | | Document author from metadata | |
| Company | Text - paragraph | | Document company or organization from metadata | |
| Confidentiality | Text | Any confidentiality designation asserted on the document | Any confidentiality designation asserted on the document | Any confidentiality designation asserted on the document |
| MD5 Hash | Text | | MD5 or SHA-1 Hash Value of document | MD5 or SHA-1 Hash Value of document |
| Time Zone Field | Text | | Time Zone used to process data | Time Zone used to process data |

| NativeLink | Text - paragraph | | Path including filename to the associated native file if produced (Relative Path) | Path including filename to the associated native file if produced (Relative Path) |
|---|---|---|---|---|
| TextLink | Text - paragraph | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) | Path including filename to the associated searchable text file (Relative Path) |
| Redacted | Text | "Yes" where redacted; Null where not redacted | "Yes" where redacted; Null where not redacted | "Yes" where redacted; Null where not redacted |