IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LONTEX CORPORATION

        Plaintiff,

v.

NIKE, INC.,

        Defendant.

Civil Action No. 2:18-cv-05623-MMB

FILED
JUL 1 8 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER

Based upon agreement of the parties, the Court enters this Confidentiality Order to protect the disclosure of Confidential Material in this Action, including such materials produced by non-parties consistent with Rule 26(c) of the Federal Rules of Civil Procedure and it is **ORDERED**:

**1. Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information and Confidential – Attorneys' Eyes Only Information as defined below (collectively "Confidential Material"). This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"

by the producing party that is to be shielded from public access. Confidential Material shall not include any documents, information, or other material which:

 (a) has been or becomes part of the public domain by publication or otherwise, other than by any unauthorized act or omission on the part of the receiving party (including its agents, experts, or attorneys) or a nonparty alleged to have a duty to maintain such documents, information, or other material as confidential; or

 (b) was both lawfully obtained by and lawfully retained in the possession of the receiving party prior to and apart from this litigation and was not subject to a similar Order or confidential designation; or

 (c) the receiving Party lawfully receives from a nonparty who obtained the same by legal means and without any obligation of confidentiality to the party claiming its confidential nature. For the avoidance of doubt, if a nonparty produces Confidential Material pursuant to a subpoena, it shall remain Confidential Material.

**3.**  **Confidential – Attorneys' Eyes Only Information.** As used in this Order, "Confidential Attorneys' Eyes Only Information" means information designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" by the producing party shielded from public access, restricted from any access as defined below that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) competitive technical information; (e) competitive business information; (f) medical information concerning any individual; (g) personally identifiable information; (h) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (i) personnel or employment records of a person who is

not a party to the case. Information or documents that are available to the public may not be designated as "Confidential Attorneys' Eyes Only."

**4.     Designation.** The following procedures govern the designation of discovery materials as confidential:

(a)     A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" on the document or as Confidential – Attorneys' Eyes Only Information by placing or affixing the words "CONFIDENTIAL ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – AEO" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Material. The markings shall be applied prior to or at the time the documents are produced or disclosed by the designating party. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent permitted under this Order. Any copies that are made by the receiving party of any documents so marked shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Material are not required to be marked.

(b)     The designation of a document as Confidential Information or Confidential – Attorneys' Eyes Only Information is a certification by an attorney or a party that the document contains Confidential Material as defined in this order. Each

party that designates information as Confidential Information or Confidential – Attorneys' Eyes Only Information must take care to limit any such designation to specific material that qualifies under the appropriate standards and only designate those portions that qualify for protection under this Order. Mass, indiscriminate, or routine designations are prohibited.

**5.   Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken or by later written stipulation of the parties, all deposition testimony taken in this case shall be treated as Confidential Material for an initial twenty-one (21) calendar days after receipt of the final deposition transcript. Within this time period, a party must serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information or Confidential – Attorneys' Eyes Only Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information or Confidential – Attorneys' Eyes Only Information, unless otherwise ordered by the Court.

**6.   Protection of Confidential Material.**

**(a)   General Protections.** Confidential Material shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof, except as provided below.

(b) **Limited Disclosures for Confidential Information.** The following persons shall have access to Confidential Material marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER":

    **(1) Outside Counsel.** Outside counsel of record for the parties in this action and employees of outside counsel who have responsibility for the action;

    **(2) Parties.** In-house counsel for the parties and senior executive management of corporations, partners of partnerships, and members of limited liability companies of a party;

    **(3) The Court and its personnel.** The Court and its personnel or officers of any appellate court to which any appeal may be taken or in which review is sought;

    **(4) Court Reporters and Recorders.** Court reporters and recorders, including videographers, engaged for depositions in this action;

    **(5) Contractors.** Those persons or entities specifically engaged by Outside Counsel for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents, but only after such persons or entities have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound;

    **(6) Consultants and Experts.** Independent consultants or experts, along with their employees who have responsibility for this action, who are engaged by the parties or counsel for the parties to assist in the preparation and trial of this action and who are not (a) current employees, officers, members, directors, or partners of any party, affiliates of any party, or attorneys of any party or its affiliates, (b) absent prior written consent from the opposing party (not to be unreasonably withheld) or court approval to include such person in this subparagraph 6, former employees, officers, members, directors, or partners of any party, affiliates of any party, or attorneys of any party or its affiliates, or (c) absent prior written consent from the opposing party (not to be unreasonably withheld) or court approval to include such person in this subparagraph 6, current employees, officers, members, directors, or partners of any competitors or consultants of such competitors; but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound;

    **(7) Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound, copies of which shall be served on all parties. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Material pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. Witnesses shall not retain a copy

of documents containing Confidential Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

**(8) Author or recipient.** The author or recipient of the document (not including a person who is authorized to receive the document in the course of litigation); and

**(9) Others by Consent.** Other persons proposed by the receiving party only by written consent of the producing party, or upon order of the Court, and only on such conditions as may be agreed or ordered.

(c) **Limited Disclosures for Confidential Attorneys' Eyes Only Information.** The following persons shall have access to Confidential Material marked "CONFIDENTIAL ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER":

(1) The persons described in subparagraphs 6(b)(1), (3)-(6), and (8)(9) above;

(3) The following designated individual who is a California and Oregon licensed attorney for NIKE, Inc.: Kimberly Van Voorhis.

(4) **Witnesses at Depositions.** Upon agreement of the parties, during their depositions, witnesses in this action to whom disclosure is reasonably necessary, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound, copies of which shall be served on all parties. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Material pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. Witnesses shall not retain a copy of documents containing Confidential Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

(d) **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Material. Outside counsel shall maintain fully legible scanned/digitized copies of the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after the termination of the case, with standard backup of the digitized copies.

(e) **Hosting Received Confidential Material.** Confidential Material produced by a Party shall not be hosted at the location of the receiving Party. Instead, Confidential Material shall be hosted at the location of either outside counsel for the receiving Party or a third-party discovery

vendor. For the avoidance of doubt, for Electronically Stored Information ("ESI"), a receiving Party shall not host the producing Party's ESI Confidential Material on hardware located at the receiving Party. Notwithstanding the foregoing, Confidential Material may be accessed by an employee of a receiving Party if that employee is granted access to the Confidential Material pursuant to this Protective Order.

**7. Failure to Designate.** A failure to designate a document as Confidential Material does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Material after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to ensure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Material, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Material.

**8. Filing of Confidential Material.** This Order does not, by itself, authorize the filing of any document under seal. Without written permission from the designating party, a party may not file in the public record in this action any Confidential Material. Any party wishing to file a document designated as Confidential Material in connection with a motion, brief or other submission to the Court, including as portions of pleadings, motions or other papers that disclose such Confidential Material, shall apply to the Court for the filing of such documents under seal, in accordance with Local Rule 5.1.2(7) and 5.1.5 and this Court's existing rules or order regarding

Protective Orders and Filing of Documents Under Seal. The parties will use their best efforts to minimize such sealing.

The obligation to apply to the Court to file Confidential Material under seal falls on the moving party, regardless of whether the moving party is also the designating party. The filing of such an application to file under seal shall not constitute an acknowledgement by the moving party of, or a waiver of its right to challenge, the appropriateness of any confidentiality designation made by any other designating party. The process for challenging a confidentiality designation is set out in Paragraph 10 of this Order, however; and the receiving party seeking to challenge a confidentiality designation must exhaust that process before raising a challenge to the appropriateness of a designation with this Court. If the moving party's application to file Confidential Material under seal pursuant to Local Rule 5.1.2(7) and 5.1.5 is denied by the Court, the designating party shall have two business days to provide the Court with a written objection to the public filing of the Confidential Material. In the event the designating party does not so object or the Court denies such an objection, the Confidential Material may be filed in the public record pursuant to Local Rule 5.1.2(7) and 5.1.5, unless otherwise instructed by the Court.

**9.     No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**10.     Challenges by a Party to Designation as Confidential Material.** The designation of any material or document as Confidential Material is subject to challenge by any party at any time. The following procedure shall apply to any such challenge.

- 8 -

(a) **Meet and Confer.** A party challenging the confidentiality designation must do so in good faith and must begin the process by meeting and conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days following the meet and confer.

(b) **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has met and conferred with the designating party. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as confidential pursuant to the conditions of its marked designation under the terms of this Order.

**11. Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Material shall be by motion and in accordance with the Court's existing rules or order regarding Protective Orders and Filing of Documents Under Seal. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**12. Use of Confidential Documents or Material at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or

hearing. A party that intends to present or that anticipates that another party may present Confidential Material at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**13. Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Material, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Material in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive

from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Material by the other party to this case.

**14. Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**15. Obligations on Conclusion of Litigation.**

(a) **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Obligations at Conclusion of Litigation.** Within seventy (70) calendar days after dismissal or entry of final judgment not subject to further appeal, all Confidential Material under this Order, including copies as defined in paragraph 4(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return, which agreement shall not be unreasonably withheld; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c) **Retention of Work Product and an Archival Copy.** Notwithstanding the above requirements to return or destroy documents, counsel may retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material. Any such archival copies that

39436891v1

contain or constitute Confidential Material remain subject to this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Material.

**(d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

**16. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter, and agreement to this Order shall not prevent or waive any requests for modification.

**17. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Material is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**18. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and the parties' law firms, the parties, and persons made subject to this Order by its terms.

**19. Challenging Access.** Any party may challenge access to Confidential Material by Witnesses. The following procedure shall apply to any such challenge.

**(a) Meet and Confer.** A party challenging access to Confidential Material must do so in good faith and must begin the process by meeting and conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief

that the access to Confidential Material should be denied, and must give the party seeking disclosure an opportunity to review the basis and, if disclosure is still sought, to explain their position for the disclosure. The designating party must respond to the challenge within five (5) business days following the meet and confer. The person whose access to Confidential Material is challenged shall not have access to the Confidential Material unless either the parties agree to grant access or the Court so orders.

(b) **Judicial Intervention.** A party that elects to challenge a person's access to Confidential Material may file and serve a motion that identifies the challenged access and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge shall be on the movant.

(c) No party shall use its right to challenge a person's access to Confidential Material to interfere with the ability of the other party to reasonably prepare for trial.

(d) All persons whose access was challenged, prior to receiving any Confidential Material, shall acknowledge the terms of this Stipulated Protective Order by executing the "Acknowledgment" appended as Attachment A, copies of which shall be served on all parties.

20. **Rule 502(d) Order and Procedures.** The production of privileged or work-product protected documents, ESI, or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b) do not apply at all. Nothing contained herein is intended to or shall serve to limit a party's right to

conduct a review of evidence, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**(a)** If the receiving party, upon review of the producing party's production locates documents or ESI that appear to be privileged or protected from discovery, it shall promptly notify the producing party, and it shall segregate such material and not further review or disseminate it, until the producing party responds.

**(b)** If a producing party produces to a receiving party any document, ESI, or information that the producing party later determines is subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product protection, or immunities created by federal or state statute or regulation), the producing party shall, within 30 days of discovery of the production, give written notice to the receiving party of the producing party's claim of privilege or immunity from discovery.

**(c)** Upon receipt of such notice, the receiving party shall immediately (but in no event later than ten days) return or destroy the document or ESI at issue and any and all copies thereof, and shall notify the producing party of such destruction. Even if the receiving party plans to challenge the claim of privilege, it may not retain any copies of the document or ESI at issue. The receiving party also must take reasonable steps to retrieve the document or ESI from all to whom it disclosed the document or ESI before being notified of the claim of privilege.

**(d)** If the receiving party believes that the document or ESI in issue is not privileged or protected (for reasons other than the fact that it was produced, which does not provide a basis to challenge the privilege or protection), then the receiving party shall notify the producing party within ten business days of receipt of the producing parties written notice of claim of privilege, and shall set forth in detail the precise grounds upon which the receiving party's position rests.

(e)  If the parties are unable to resolve the matter, either party may present the issue to the Court for resolution. Any document or ESI presented to the court for in camera review shall be filed under seal. The disputed document or ESI is considered and treated as privileged unless and until the Court orders otherwise.

**21.**  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

Dated:    July 15, 2019                    TROUTMAN SANDERS LLP

By: /s/ *Ben L. Wagner*
   Ben L. Wagner (admitted *pro hac vice*)
   ben.wagner@troutman.com
   11682 El Camino Real, Suite 400
   San Diego, CA  92130-2092
   Telephone:   858-509-6000
   Facsimile:   858 509 6040

   Andrew D. Skale (admitted *pro hac vice)*
   adskale@mintz.com
   MINTZ LEVIN COHN FERRIS
   GLOVSKY AND POPEO PC
   3580 Carmel Mountain Road, Suite 300
   San Diego, CA 92130
   Telephone:   858-314-1500
   Facsimile:   858-314-1501

Michael B. Dubin (PA SBN 70681)
SEMANOFF ORMSBY GREENBERG &
TORCHIA, LLC
2617 Huntingdon Pike
Huntingdon Valley, PA 19006

*Attorneys for Plaintiff*
*Lontex Corporation*

Dated: July 15, 2019

DLA PIPER LLP (US)

By: /s/ *Gina L. Durham* (with consent)

Gina L. Durham (admitted *pro hac vice*)
555 Mission Street, Suite 2400
San Francisco, CA 94105

Frank W. Ryan (admitted *pro hac vice*)
Marc E. Miller (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 100201

Darius C. Gambino
Ben C. Fabens-Lassen
1650 Mark Street, Suite 5000
Philadelphia, PA 19103

*Attorneys for Defendant NIKE, Inc.*

**Approved and So Ordered this \_\_ day of July, 2019.**

**BY THE COURT:**

_____
Honorable Michael M. Baylson

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONTEX CORPORATION<br><br>    Plaintiff,<br><br>v.<br><br>NIKE, INC.,<br><br>    Defendant. | Civil Action No. 2:18-cv-05623-MMB |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information or Confidential – Attorneys' Eyes Only Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or Confidential – Attorneys' Eyes Only Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

NAME: _____

JOB TITLE: _____

EMPLOYER: _____

BUSINESS ADDRESS : _____

_____

39436891v1