**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LONTEX CORPORATION, | Civil Action No.:  18-cv-5623 |
| Plaintiff and | |
| Counterclaim-Defendant, | (Hon. Michael M. Baylson) |
| v. | |
| | **JURY TRIAL DEMANDED** |
| NIKE, INC., | |
| Defendant and | |
| Counterclaim-Plaintiff. | |

### NIKE, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND AMENDED COUNTERCLAIMS TO PLAINTIFF'S LONTEX CORPORATION'S FIRST AMENDED COMPLAINT

NIKE, Inc. ("NIKE"), by and through its attorneys, answer the First Amended Complaint ("FAC") of Plaintiff Lontex Corporation ("Lontex") and aver as follows:

1.     NIKE lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 1 of the FAC, and therefore denies those allegations.

2.     NIKE denies the allegations in Paragraph 2 of the FAC.

3.     Paragraph 3 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE admits that the FAC purports to assert claims for trademark infringement and seek damages and injunctive relief, but denies that the allegations have any merit and denies that Lontex is entitled to such relief.

### PARTIES

4.     NIKE lacks sufficient knowledge or information to form a belief as to Lontex's allegations set forth in the first sentence of Paragraph 4 of the FAC, and therefore denies those allegations.  The second sentence of Paragraph 4 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE lacks sufficient knowledge or information to form a belief as to the legal conclusions and allegations set forth in

the second sentence of Paragraph 4 of the FAC, and therefore denies those allegations and legal conclusions.

5.      NIKE admits the allegations in Paragraph 5 of the FAC.

## JURISDICTION

6.      NIKE lacks sufficient knowledge or information to form a belief as to Plaintiff's allegations set forth in Paragraph 6 of the FAC, and therefore denies those allegations.

7.      NIKE admits the allegations in Paragraph 7 of the FAC.

8.      NIKE lacks sufficient knowledge or information to form a belief as to Lontex's allegations set forth in Paragraph 8 of the FAC, and therefore denies those allegations.

9.      NIKE lacks sufficient knowledge or information to form a belief as to Lontex's allegations set forth in Paragraph 9 of the FAC, and therefore denies those allegations.

## GENERAL ALLEGATIONS

10.      NIKE lacks sufficient knowledge or information to form a belief as to Lontex's allegations set forth in Paragraph 10 of the FAC, and therefore denies those allegations.

11.      NIKE admits that according to the United States Patent & Trademark Office's ("USPTO") public records, Lontex applied for and obtained two federal trademark registrations for COOL COMPRESSION, including one word mark (U.S. Reg. No. 3,416,053) and one design mark (U.S. Reg. No. 3,416,236).  Except as so admitted, NIKE denies the remainder of the allegations set forth in Paragraph 11 of the FAC.

12.      NIKE admits that according to the USPTO's public records, the registrations identified in Paragraph 12 cover "Men's, women's and children's clothing, namely, socks, underwear including boxer shorts, briefs, bikini underpants, and long johns, tshirts, polo shirts, swimwear, compression shirts, compression shorts, compression tights, sweatpants, sweatshirts, body armor carrier compression shirts for military and law enforcement personnel, sports bras,

halter tops, singlets, caps, hats, headbands, bandanas, balaclavas, sneakers and shoes" in class 11. Except as so admitted, NIKE denies the remainder of the allegations set forth in Paragraph 12 of the FAC.

13.     NIKE admits that, according to the USPTO's public records, Lontex applied for and obtained a federal trademark registration (U.S. Reg. No. 3,611,406) for the COOL COMPRESSION in Class 010 for: "Compression supports, namely, compression sleeves for use as ankle supporters, arm supporters, elbow supporters, wrist supporters, knee supporters, compression tights and compression leggings, all for medical use and abdominal compression shorts, back support shorts, thigh groin hip support shorts, compression socks, compression body suits, compression vests, compression briefs and compression shirts, all for medical use."  Except as so admitted, NIKE denies the remainder of the allegations set forth in Paragraph 13 of the FAC.

14.     NIKE lacks knowledge or information sufficient to form a belief as to the authenticity of Exhibit A to Lontex's Amended Complaint, and therefore denies the allegations set forth in Paragraph 14 of the FAC.

15.     NIKE lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 15 of the FAC, and therefore denies those allegations.

16.     NIKE admits that according to the USPTO's public records, Lontex filed the forms to make a claim for incontestability.  Except as so admitted, NIKE denies the remainder of the allegations set forth in Paragraph 16 of the FAC.

17.     Paragraph 17 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent an answered is required as to those allegations, NIKE denies the allegations set forth in Paragraph 17 of the FAC.  NIKE lacks knowledge or information sufficient

to form a belief as to the truth of the allegations in paragraphs 17(a)-(e) regarding Lontex's sales and channels of trade, and therefore denies those allegations.

18.     NIKE admits the allegations set forth in the first sentence of Paragraph 18 of the FAC.  NIKE admits that it sells NIKE products to retailers in the United States, including in this judicial district.  Except as so admitted, NIKE denies the remainder of the allegations set forth in the second sentence of Paragraph 18 of the FAC.

19.     NIKE denies the allegations set forth in Paragraph 19 of the FAC and avers that NIKE has never sold "apparel under the COOL COMPRESSION trademark."

20.     NIKE denies the allegations set forth in Paragraph 20 of the FAC and avers that NIKE never "used COOL COMPRESSION as its product mark," and further avers that the "sample division / catalogue of NIKE," which as alleged has been taken out of context, shows that NIKE used product descriptors like "Cool" and "Warm" to describe product attributes and product descriptors like "Standard" and "Compression" to describe product fit.

21.     NIKE denies the allegations of Paragraph 21 of the FAC.

22.     NIKE admits that it has registered HYPERCOOL with the USPTO.  Except as so admitted, NIKE denies the remainder of the allegations set forth in Paragraph 22 of the FAC.

23.     NIKE lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 23 of the FAC, and therefore denies those allegations.

24.     NIKE lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 24 of the FAC, and therefore denies those allegations.

25.     Paragraph 25 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 25 of the FAC.

26.     Paragraph 26 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 26 of the FAC.

27.     Paragraph 27 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE admits that REI, Macy's, Zappos, Dick's Sporting Goods, East Bay, Foot Locker, and Amazon sell certain NIKE products.  Except as so admitted, NIKE denies the remainder of the allegations set forth in Paragraph 27 of the FAC.

28.     Paragraph 28 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 28 of the FAC.

29.     Paragraph 29 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 29 of the FAC.

30.     Paragraph 30 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 30 of the FAC.

31.     Paragraph 31 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 31 of the FAC.

32.     Paragraph 32 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 32 of the FAC.

33.     NIKE lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 33 of the FAC, and therefore denies those allegations.

34.     NIKE admits that it has not acquired the rights to use the purported COOL COMPRESSION Mark from Lontex but denies any implication that it needed such rights.  Except as so admitted, NIKE denies the remainder of the allegations set forth in Paragraph 34 of the FAC.

35.     Paragraph 35 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 35 of the FAC.

## FIRST COUNT
## TRADEMARK INFRINGEMENT
## UNDER THE LANHAM ACT IN VIOLATION OF 15 U.S.C. § 1114

36.     NIKE incorporates by reference its responses to Paragraphs 1 through 35 of Lontex's Amended Complaint as if set forth fully herein.

37.     Paragraph 37 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 37 of the FAC, and therefore denies those allegations.

38.     Paragraph 38 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 38 of the FAC.

39.     Paragraph 39 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 39 of the FAC.

40.     Paragraph 40 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 40 of the FAC.

41.     Paragraph 41 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 41 of the FAC.

42.     Paragraph 42 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 42 of the FAC.

43.     Paragraph 43 of the FAC contains legal conclusions to which no response by NIKE is required.  Paragraph 43 of the FAC also contains allegations that have been dismissed with prejudice by the Court (ECF No. 38) to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 43 of the FAC.

44.     Paragraph 44 of the FAC contains legal conclusions to which no response by NIKE is required.  Paragraph 44 of the FAC also contains allegations that have been dismissed with prejudice by the Court (ECF No. 38) to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 44 of the FAC.

45.     Paragraph 45 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 45 of the FAC.

46.     Paragraph 46 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 46 of the FAC.

47.     Paragraph 47 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 47 of the FAC.

48.     Paragraph 48 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 48 of the FAC and denies that Lontex is entitled to any recovery or relief.

<u>**SECOND COUNT**</u>
**TRADEMARK INFRINGEMENT**
**UNDER THE LANHAM ACT IN VIOLATION OF 15 U.S.C. § 1125**

49.     NIKE incorporates by reference its responses to Paragraphs 1 through 48 of the FAC as if set forth fully herein.

50.     Paragraph 50 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 50 of the FAC, and therefore denies those allegations.

51.     Paragraph 51 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 51 of the FAC.

52.     Paragraph 52 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 52 of the FAC denied.

53.     Paragraph 53 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 53 of the FAC

54.     Paragraph 54 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 54 of the FAC.

55.     Paragraph 55 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 55 of the FAC.

56.     Paragraph 56 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 56 of the FAC.

57.     Paragraph 57 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 57 of the FAC and denies that Lontex is entitled to any recovery or relief.

**THIRD COUNT**
**CONTRIBUTORY TRADEMARK INFRINGEMENT**
**UNDER THE LANHAM ACT IN VIOLATION OF 15 U.S.C. § 1114, 1125(a)**

58.     NIKE incorporates by reference its responses to Paragraphs 1 through 57 of the FAC as if set forth fully herein.

59.     Paragraph 59 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 59 of the FAC, and therefore denies those allegations.

60.     Paragraph 60 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 60 of the FAC.

61.     Paragraph 61 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 61 of the FAC.

62.     Paragraph 62 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 62 of the FAC.

63.     Paragraph 63 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 63 of the FAC.

64.     Paragraph 64 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 64 of the FAC.

65.     Paragraph 65 of the FAC contains legal conclusions to which no response by NIKE is required.  Paragraph 65 of the FAC also contains allegations that have been dismissed with prejudice by the Court (ECF No. 38) to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 65 of the FAC.

66.     Paragraph 66 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 66 of the FAC.

67.     Paragraph 67 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 67 of the FAC.

68.     Paragraph 68 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 68 of the FAC.

69.     Paragraph 69 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 69 of the FAC.

70.     Paragraph 70 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 70 of the FAC.

71.     Paragraph 71 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 71 of the FAC.

72.     Paragraph 72 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 72 of the FAC and denies that Lontex is entitled to any recovery or relief.

**FOURTH COUNT**
**STATE COMMON LAW TRADEMARK INFRINGEMENT**

73.     NIKE incorporates by reference its responses to Paragraphs 1 through 72 of Lontex's Amended Complaint as if set forth fully herein.

74.     Paragraph 74 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 74 of the FAC, and therefore denies those allegations.

75.     Paragraph 75 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 75 of the FAC, and therefore denies those allegations.

76.     Paragraph 76 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 76 of the FAC.

77.     Paragraph 77 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 77 of the FAC.

78.     Paragraph 78 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 78 of the FAC and denies that Lontex is entitled to any recovery or relief.

79.     Paragraph 79 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 79 of the FAC and denies that Lontex is entitled to any recovery or relief.

80.     Paragraph 80 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 80 of the FAC and denies that Lontex is entitled to any recovery or relief.

81.     Paragraph 81 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 81 of the FAC and denies that Lontex is entitled to any recovery or relief.

## FIFTH COUNT
## STATE STATUTORY TRADEMARK INFRINGEMENT

82.     NIKE incorporates by reference its responses to Paragraphs 1 through 81 of Lontex's Amended Complaint as if set forth fully herein.

83.     Paragraph 83 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 83 of the FAC.

84.     Paragraph 84 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 84 of the FAC.

85.     Paragraph 85 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 85 of the FAC and denies that Lontex is entitled to any recovery or relief.

86.     Paragraph 86 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 86 of the FAC and denies that Lontex is entitled to any recovery or relief.

87.     Paragraph 87 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 87 of the FAC and denies that Lontex is entitled to any recovery or relief.

88.     Paragraph 88 of the FAC contains legal conclusions to which no response by NIKE is required.  To the extent a response is required, NIKE denies the allegations of Paragraph 88 of the FAC and denies that Lontex is entitled to any recovery or relief.

## PRAYER FOR RELIEF

NIKE denies that Lontex is entitled to any recovery or relief in connection with the allegations set forth in the FAC, including, but not limited to, the allegations set forth in the Prayer for Relief.

## GENERAL DENIAL

NIKE denies each and every allegation of the FAC not specifically admitted herein.

## AFFIRMATIVE DEFENSES

As affirmative, separate, and other defenses to the Amended Complaint asserted against NIKE, NIKE states as follows without assuming the burden of proof on matters where it has no such burden.  In doing so, NIKE specifically reserves the right to restate, re-evaluate, or recall any defenses and to assert additional defenses based on information learned or obtained during discovery:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

There is no likelihood of confusion, mistake, or deception.

### THIRD AFFIRMATIVE DEFENSE

Lontex does not own any protectable trademark rights in the words "cool" or "compression," or the phrase "cool compression."

### FOURTH AFFIRMATIVE DEFENSE

Lontex's U.S. Reg. No. 3,416,053, U.S. Reg. No. 3,416,236, U.S. Reg. No. 3,611,406 are invalid and unenforceable.

## FIFTH AFFIRMATIVE DEFENSE

Lontex abandoned any purported trademark rights it may have, if any, in the phrase "cool compression."

## SIXTH AFFIRMATIVE DEFENSE

Lontex is engaged in trademark misuse in attempting to monopolize the market beyond the boundaries of any purported trademark rights it may have, if any.

## SEVENTH AFFIRMATIVE DEFENSE

As a result of Lontex's maintenance of alleged trademark rights through false declarations or representations, the relief sought by Lontex is barred by the doctrine of unclean hands and/or trademark misuse.

## EIGHTH AFFIRMATIVE DEFENSE

Lontex's claims are barred, in part or in whole, by Lontex's fraud on the Unite States Patent & Trademark Office.

## NINTH AFFIRMATIVE DEFENSE

Nike's alleged use of the terms "cool" and "compression," or the phrase "cool compression," is not a trademark use and/or constitutes fair use, and thus cannot constitute trademark infringement.

## TENTH AFFIRMATIVE DEFENSE

The relief sought by Lontex is barred because Lontex's damages, if any, were not caused by NIKE.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of the relief sought by Lontex is barred because Lontex has failed to establish irreparable injury.

## TWELFTH AFFIRMATIVE DEFENSE

The alleged injury or damage suffered by Lontex, if any, would be adequately compensated by damages.  Accordingly, Lontex has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

NIKE's actions were innocent and non-willful.

## FOURTEENTH AFFIRMATIVE DEFENSE

Lontex's claims are barred, in part or in whole, by the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

Lontex's claims are barred, in part or in whole, by the doctrines of laches, waiver, acquiescence, and estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

Lontex's claims are barred, in part or in whole, because Lontex failed to mitigate any alleged injury or damages suffered by Lontex, if any.

## ADDITIONAL DEFENSES

NIKE reserves the right to assert additional defenses based on information learned or obtained during discovery.

**WHEREFORE**, for the foregoing reasons, NIKE respectfully requests that this Court dismiss this action in its entirety, with prejudice; that NIKE be awarded its attorney's fees and costs; and that NIKE be awarded such further relief as this Court deems just and proper.

## <u>AMENDED COUNTERCLAIMS</u>

Pursuant to Federal Rule of Civil Procedure 13, Counterclaim-Plaintiff NIKE, Inc. ("NIKE") asserts the following Amended Counterclaims against Counterclaim-Defendant Lontex Corporation ("Lontex") and, by and through its counsel, alleges as follows:

### <u>Parties</u>

1.       NIKE is a corporation organized and existing under the laws of the State of Oregon, with a principal place of business in Beaverton, Oregon.

2.       On information and belief, Lontex is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business in Norristown, Pennsylvania.

### <u>Jurisdiction and Venue</u>

3.       These Amended Counterclaims arise under, respectively, the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the Lanham Act, 15 U.S.C. § 1051 et seq.

4.       This Court has jurisdiction over the subject matter of these Amended Counterclaims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 2201.

5.       On information and belief, this Court has personal jurisdiction over Lontex because, among other reasons, Lontex's principal place of business is in this judicial district.  Further, by filing its First Amended Complaint in this judicial district, Lontex has submitted to this Court's personal jurisdiction over Lontex.

6.       On information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because, among other reasons, Lontex's principal place of business is in this judicial district.  Further, by filing its First Amended Complaint in this judicial district, Lontex has consented that this Court is a proper venue for this action.

## General Allegations

7.     Lontex has asserted that it is the owner of: (a) U.S. Reg. No. 3,416,053 for the purported "COOL COMPRESSION" mark registered on April 22, 2008; (b) U.S. Reg. No. 3,416,236 for the purported "COOL COMPRESSION and design" mark registered on April 22, 2008; and (c) U.S. Reg. No. 3,611,406 for the purported "COOL COMPRESSION" mark registered on April 28, 2009 (collectively, the "Asserted Registrations").  Lontex has asserted that it has continuously and consistently used the purported COOL COMPRESSION marks in commerce in the United States since at least June 2007.

8.     Upon information and belief, Lontex has not continuously and consistently made bona fide use of the purported COOL COMPRESSION marks in commerce in the United States in connection with the goods identified in the Asserted Registrations.

9.     Upon information and belief, Lontex ceased using the purported COOL COMPRESSION marks, in favor of its "Sweat it Out" mark(s), in commerce in the United States in connection with the goods identified in the Asserted Registrations.

10.     Upon information and belief, Lontex announced, on March 4, 2015, that it was selling the purported COOL COMPRESSION marks, along with some of its other purported marks, through the U.S. Trademark Exchange.

11.     As a result of Lontex's conduct, any rights that Lontex may have had in the purported COOL COMPRESSION marks were abandoned, and the Asserted Registrations are invalid and unenforceable.

12.     Moreover, Lontex's U.S. Reg. Nos. 3,416,236 and 3,416,053 are also invalid and unenforceable because they were maintained through false statements made to the United States Patent & Trademark Office ("USPTO").  At a minimum, in connection with declarations made to the USPTO on April 20, 2018 for filings of "Renewal of Registration of Mark under Sections 8 &

9," Lontex falsely represented that the purported COOL COMPRESSION marks shown in each of the registrations were in bona fide use in connection with every single one of the goods listed in U.S. Reg. Nos. 3,416,236 and 3,416,053.

13.    Lontex recently renewed U.S. Reg. No. 3,611,406 under a similarly questionable submission to the USPTO.  After initiating the instant lawsuit against NIKE, Lontex filed with the USPTO a "Renewal of Registration of Registration of Mark under Sections 8 & 9" on April 5, 2019 for U.S. Reg. No. 3,611,406, which included a declaration representing that the purported COOL COMPRESSION mark was in bona fide use in connection with every single one of the goods listed in U.S. Reg. No. 3,611,406.  In connection with this filing, Lontex submitted to the USPTO a variety of specimens demonstrating its purported use.  The specimens, however, are of "Sweat It Out" branded product, on which Lontex appears to have placed hand-made stickers with the typed words "Cool Compression."  For example:



14.    Upon information and belief, Lontex was not making legitimate bona fide use of the purported COOL COMPRESSION marks in commerce for all of the goods covered in the Asserted Registrations, but Lontex caused the use declarations to be filed with the USTPO,

including the false claims, in order to obtain renewal of and maintenance of the Asserted Registrations.

15.     Lontex has asserted the Asserted Registrations against NIKE as a purported basis to interfere with NIKE's business and to seek monetary payment from NIKE.

### First Counterclaim

### (Request to Declare Mark Invalid and Cancel Trademark Registrations for Abandonment)

16.     NIKE reincorporates and re-alleges Paragraphs 1 through 15, as if fully set forth herein.

17.     Lontex has asserted that it is the owner of the purported COOL COMPRESSION marks and the Asserted Registrations, and that it continuously and consistently used the purported COOL COMPRESSION marks in connection with some or all of the goods identified in the Asserted Registrations in commerce in the United States since at least June 2007.

18.     Upon information and belief, Lontex has not continuously and consistently used the purported COOL COMPRESSION marks in connection with some or all of the goods identified in the Asserted Registrations in commerce in the United States.

19.     Upon information and belief, Lontex ceased making any bona fide use of the purported COOL COMPRESSION marks with an intent not to resume use, in favor of its "Sweat it Out" mark(s), in commerce in the United States in connection with some or all of the goods identified in the Asserted Registrations.

20.     Upon information and belief, on or around March 4, 2015, Lontex attempted to sell the purported COOL COMPRESSION marks through the U.S. Trademark Exchange.

21.     Accordingly, the COOL COMPRESSION Marks have been abandoned through non-use of more than three years with an intent not to resume use.

22.      NIKE is entitled to a declaration that the alleged COOL COMPRESSION marks have been abandoned.

23.      As a result of the abandonment of the mark, all of the Asserted Registrations should be cancelled by the Court under authority of 15 U.S.C. § 1119.

## Second Counterclaim

### (Request to Cancel Trademark Registrations for Fraud on the USPTO)

24.      NIKE reincorporates and re-alleges Paragraphs 1 through 23, as if fully set forth herein.

25.      In order to maintain the registered status of U.S. Reg. Nos. 3,416,236 and 3,416,053, Lontex filed with the USPTO on April 20, 2018 a "Renewal of Registration of Mark under Sections 8 & 9" for each of these registrations, including a declaration referred to as a "Combined Declaration of Use and/or Excusable Nonuse/Application for Renewal of Registration of a Mark under Sections 8 & 9," which stated that:

> [T]he mark is in use in commerce on or in connection with all goods/services, or to indicate membership in the collective membership organization, listed in the existing registration for this specific class: Men's, women's and children's clothing, namely, socks, underwear including boxer shorts, briefs, bikini underpants, and long johns, tshirts, polo shirts, swimwear, compression shirts, compression shorts, compression tights, sweatpants, sweatshirts, body armor carrier compression shirts for military and law enforcement personnel, sports bras, halter tops, singlets, caps, hats, headbands, bandanas, balaclavas, sneakers and shoes...

26.      In order to maintain the registered status of U.S. Reg. No. 3,611,406, and make it appear as if Lontex's "Sweat It Out" products are sold under the purported COOL COMPRESSION mark, Lontex manufactured specimens of use that it then submitted to the USPTO on April 5, 2019, and declared that the purported COOL COMPRESSION mark was in use with all of the goods in that registration.

27.     In connection with the foregoing declarations, NIKE is informed and therefore believes that Lontex intentionally made the false statements that the purported COOL COMPRESSION marks shown in the Asserted Registrations were in bona fide use in commerce in connection with all of the listed goods, when Lontex, in fact, knew that no such legitimate bona fide use of the purported COOL COMPRESSION marks existed.

28.     Upon information and belief, Lontex knew at the time Lontex made these statements to the USPTO that they were false, but made the misrepresentations in order to preserve the Asserted Registrations to assert them against NIKE in this action.

29.     Had the USPTO been aware that the purported COOL COMPRESSION marks were not in bona fide use in connection with the good identified in the Asserted Registrations, the USPTO would not have approved the renewal applications, and the Purported Registrations would have been cancelled.

30.     NIKE is being damaged by the Purported Registrations, which are asserted against NIKE in this action, and such Purported Registrations should be cancelled by the Court under authority of 15 U.S.C. § 1119.

## **PRAYER FOR RELIEF**

WHEREFORE, NIKE prays for relief as follows:

A.     That Lontex's FAC against NIKE be dismissed in its entirety with prejudice and that a judgment be entered in favor of NIKE and against Lontex;

B.     That Lontex takes nothing by reason of its FAC;

C.     For an entry of judgment declaring that NIKE has not infringed and does not infringe, directly, vicariously, contributorily or in any other way, any purported right of Lontex in the phrase "cool compression";

D.      For an entry of judgment declaring that Lontex abandoned the purported COOL COMPRESSION mark that is the subject of the Asserted Registrations;

E.      That the Court enter an order instructing the USPTO to cancel the Asserted Registrations;

F.      For an award of NIKE's attorney's fees and costs; and

G.      That NIKE be granted all such other and further relief as the Court deems just and proper.

**<u>JURY DEMAND</u>**

NIKE demands a trial by jury on any claim or issue triable of right by a jury.

Dated: July 30, 2019                      Respectfully submitted,

By:   _/s/ *Gina L. Durham*_

DLA PIPER LLP (US)

Gina L. Durham (admitted *pro hac vice*)
555 Mission Street, Suite 2400
San Francisco, CA 94105

Frank W. Ryan (admitted *pro hac vice*)
Marc E. Miller (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 100201

Darius C. Gambino
Ben C. Fabens-Lassen
1650 Mark Street, Suite 5000
Philadelphia, PA 19103

*Attorneys for Defendant NIKE, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of July, 2019, I caused Defendant NIKE, Inc.'s Answer, Affirmative Defenses, and Amended Counterclaims to Plaintiff Lontex Corporation's Amended Complaint be filed with the Clerk of Court of the United States District Court for the Eastern District of Pennsylvania using the ECF system, it is available for viewing and downloading from the ECF system, and a true and correct copy was served via ECF to all counsel of record registered with the ECF system.


*/s/ Ben C. Fabens-Lassen*