

DLA Piper LLP (US)
555 Mission Street
Suite 2400
San Francisco, California 94105-2933
www.dlapiper.com

Gina Durham
gina.durham@dlapiper.com
T  415.836.2506
F  415.659.7333

September 27, 2019
VIA ECF

Hon. Michael M. Baylson, U.S. District Judge
3810 United States Courthouse
601 Market Street, Philadelphia, PA 19106

Re:     *Lontex Corporation v. NIKE, Inc.*, Case No. 18-cv-5623

Dear Judge Baylson:

We write on behalf of NIKE, Inc. ("NIKE"), to address the unsolicited "Status Report" filed by Lontex Corporation ("Lontex") on September 26, 2019.  ECF No. 61.  As the Court's September 20 Order recognized, further meet and confers are necessary to resolve the parties' discovery disputes, not immediate judicial intervention.  ECF No. 58 at ¶ 1.  Lontex now seeks relief on a "dispute" over "discovery on discovery" that it manufactured without having satisfied its meet and confer obligations or the heightened standard necessary to seek such discovery.

Lontex raised in its motion limited ESI issues without first raising such issues with NIKE and without satisfying its meet and confer obligations.  ECF No. 56-1, at 7 n.4.  Lontex thus violated the Court's July 18, 2019 ESI Order, which the parties' ESI Liaisons negotiated at length, requiring the parties to "meet and confer in good faith concerning" proposed search terms and to "cooperate in good faith to resolve" issues regarding ESI—with the right to seek judicial intervention *only* "[i]n the event that the Parties are unable to agree upon the proposed solution." ECF No. 43 at §§ II.2 & II.5.  Lontex also violated the Court's Pretrial Procedures requiring counsel to "make good faith attempts to resolve those problems before filing any discovery Motions."

Lontex is not entitled to the "discovery on discovery" it seeks because Lontex has not met the heightened standard necessary to compel NIKE to disclose its discovery process.  *See e.g.*, *Brand Energy & Inf. Servs., Inc. v. Irex Corp.*, 2018 WL 806341, at *2 (E.D. Pa. Feb. 9, 2018) ("Federal courts will not compel a party to disclose its discovery process as a result of the opponent's mere suspicion that the party's process has not produced adequate documents"); *accord* The Sedona Conference, *The Sedona Principles (Third Ed.): Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, Principle 6, cmt. b. ("there should be no discovery on discovery, absent an agreement between the parties, or specific, tangible, evidence-based indicia (versus general allegations of deficiencies or mere 'speculation') of a material failure by the responding party to meet its obligations.")

Even had Lontex made such a showing, its Rule 30(b)(6) deposition topics are overbroad, harassing, and invade NIKE's legal privileges.  *See* ECF No. 61-3.  Although Lontex's highly objectionable deposition notice may warrant a motion for a protective order if the parties cannot resolve their disputes through a meet and confer, NIKE respectfully submits that any judicial intervention, much less relief, should be reserved until after these procedures have been exhausted.  NIKE welcomes the opportunity to discuss these issues with the Court.



Hon. Michael M. Baylson, U.S. District Judge
September 27, 2019
Page Two


Very truly yours,

*/s/ Gina L. Durham*

Gina L. Durham
*Counsel for NIKE, Inc.*

cc: Counsel of Record (via ECF)