1                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF PENNSYLVANIA
2
                                   )
3    LONTEX CORPORATION,           )    2:18-cv-05623-MMB
                                   )
4              Plaintiff,          )    Philadelphia, PA
                                   )    January 6, 2020
5    vs.                           )    2:20 PM
                                   )
6    NIKE, INC.,                   )
                                   )
7              Defendant.          )


8
                         TRANSCRIPT OF HEARING
9            BEFORE THE HONORABLE MICHAEL M. BAYLSON
               SENIOR UNITED STATES DISTRICT JUDGE
10
     APPEARANCES (TELEPHONIC):
11
     For the Plaintiff:        BEN L. WAGNER, ESQ.
12                             TROUTMAN SANDERS LLP
                               11682 El Camino Real
13                             Suite 400
                               San Diego, CA 92130
14
                               CRAIG C. CROCKETT, ESQ.
15                             TROUTMAN SANDERS LLP
                               3 Embarcadero Center
16                             Suite 800
                               San Francisco, CA 94111
17
     For the Defendant:        GINA L. DURHAM, ESQ.
18                             DLA PIPER LLP (US)
                               555 Mission Street
19                             Suite 2400
                               San Francisco, CA 94105
20
                               ANDREW JAY PECK, ESQ.
21                             MARC E. MILLER, ESQ.
                               DLA PIPER LLP (US)
22                             1251 Avenue of the Americas
                               New York, NY 10020
23

24

25



1      ECR OPERATOR:              JANICE LUYZ

2      Proceedings recorded by electronic sound recording.

3                          Clara Rubin
                           eScribers
4                     7227 North 16th Street
                         Suite #207
5                      Phoenix, AZ 85020
                        (973) 406-2250

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



1                    I N D E X

2    RULINGS:                                PAGE  LINE
     Nike's motion to file, under seal,       16    17
3    portions of the record of Nike's
     opposition to the Lontex motion to
4    challenge confidentiality of a document
     labeled "Nike 44255", is granted.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



Colloquy

1        THE COURT:  Okay, let's start over again.  Okay, we're

2    now going on the record in Lontex v. Nike, Civil Action 18-

3    5623.  Present on the phone for the Plaintiff Lontex is Craig

4    Crocket and Ben Wagner, and for the Defendant Nike is Irina

5    (sic) Durham, Marc Miller, and Andrew Ecku (sic).  Did I

6    pronounce those names correctly or not?

7        Anybody?

8        Okay, I'll --

9        MR. WAGNER:  (Indiscernible).

10       THE COURT:  Okay.  All right, now, so I said that I

11   signed the stipulation for an extension of time to -- from

12   Lontex, motions for amended corrected complaint, for Nike to

13   file a response by January 17th, have Lontex reply from (sic)

14   January 24th.

15       All right, now, the next issue is the work that's

16   being done by the special master, Ms. Jeskie.  So I had an

17   exchange of emails with her and, because of the holidays and

18   some personal plans she had, she has not yet, as you know,

19   filed her report and recommendation.  But she expects to do so

20   this week.

21       Now, I asked her generally whether she was going to be

22   recommending that either party file additional documents,

23   because that has to do with the overall schedule.  Now, she

24   told me that -- as far as the Nike motion to compel, that the

25   parties told her that they had resolved that, and she wasn't



1  sure whether Nike was going to produce more documents or not.

2  Do you -- can either of you say what's going to happen with

3  regard to that?  It's the plaintiff's motion.

4          MS. DURHAM:  Yes, Your Honor.

5          THE COURT:  Yeah, go ahead.

6          MS. DURHAM:  This is Gina Durham.

7          THE COURT:  Yes.

8          MS. DURHAM:  On plaintiff's motion to compel against

9  Nike, that was resolved by an agreement between the parties,

10 where Nike compromised and did agree to produce some additional

11 documents in order to not burden the Court further with any

12 issues.

13         THE COURT:  All right, have you produced those

14 documents yet, or not yet?

15         MS. DURHAM:  We have not --

16         UNIDENTIFIED SPEAKER:  No.

17         MS. DURHAM:  Yeah, we anticipate finalizing that

18 production within the next seven to ten days, Your Honor.

19         THE COURT:  Okay.  All right, now, Ms. Jeskie told me

20 that her recommendation is going to -- she's going to recommend

21 that -- with regard to Nike's motion, that Lontex will have to

22 produce additional documents.  I did not go into any detail as

23 to the quantity or nature of those, but that'll be in her R&R.

24         And so it appears to me that -- and I don't -- and of

25 course, you're welcome to file objections to the R&R, either



1    one of you or both of you.  I don't have any -- I don't purport

2    to have any control over that.  However, what I would like to

3    do, if this is agreeable, and assuming -- and I'm sure any --

4    an act of God -- so this is an act of God to the contrary.

5    She's going to file her R&R this week, and you'll get a copy of

6    it immediately.  What I would like to do is to require -- if

7    you don't want to do -- if this is too burdensome on you, say

8    so.  I would like to require objection to be filed within seven

9    days or no later than Friday, the 17th.  And then I would --

10   without necessarily legal briefs; just objections.  And I would

11   then be able to have a hearing on the 20th or the 21st.  I

12   could do it by phone if you -- unless you want to come to

13   court.  But I'd rather do it initially by phone and to see

14   whether -- to what extent I can ask any questions and --

15   because I know you're -- neither one of you are in

16   Philadelphia.

17          Now, if that is too pressed, you don't have to agree

18   to that and we can -- you can wait for the R&R and then I can

19   give you more time to file objections and we can delay this

20   until, like, mid-February.  And it would be sometime the week

21   of February the 9th would be the hearing.  And it may be that

22   there're not going to be objections or it may be that you can,

23   between the two of you, work through the R&R and resolve it.

24   But I'm not asking you to make any commitments till you see

25   what she comes up with.  I have not reviewed the merits of this

1 with her at all. I just wanted to get an idea where she was

2 headed for scheduling purposes.

3        Okay, what's the plaintiff's viewpoint on this issue?

4 Or you want to wait -- if you want to wait for the R&R before

5 you make any commitments, that's okay too.

6        All right, Mr. Crockett or Mr. Wagner?

7        MR. WAGNER: This is Ben Wagner. I just want to make

8 sure I understand -- I'll tell you what I understand

9 (indiscernible). The R&R is supposed to be -- going to be

10 filed this week, within the next five days.

11        THE COURT: Yes.

12        MR. WAGNER: And then can we --

13        THE COURT: Hopefully Thursday --

14        MR. WAGNER: (Indiscernible) --

15        THE COURT: Hopefully Wednesday or Thursday. Yeah, go

16 ahead. Yeah.

17        MR. WAGNER: And assuming that it is filed this week,

18 can we brief -- can we put in any of -- filing objections by

19 the 17th?

20        THE COURT: Yeah, without legal brief --

21        MR. WAGNER: That's what --

22        THE COURT: Without legal briefs. Just objections.

23 Yes.

24        MR. WAGNER: And you'll have -- obviously we can --

25 we'll have a chance to argue it, and you'll have the filing



Colloquy

1   from the previous (indiscernible).  That's --

2              THE COURT:  Yeah, that's what I'm saying --

3              MR. WAGNER:  That's just my understanding.

4              THE COURT:  -- that we'll have a -- we'll have either

5   a telephone call -- it could be lengthy if you want -- the 20th

6   or the 21st -- well, the 20th is a federal holiday, so it would

7   be the 21st or the 22nd.  I forgot that.  Right.  So it'd be

8   21st and 22nd.  And if either side wanted to file a brief or I

9   thought some issues should be briefed, we can allow a time for

10  that.  And then -- and what this is all leading to is that I

11  want to have discovery completed and these additional --

12  whatever additional documents she has recommended, or if

13  there're objections that I changed, that they'll be produced.

14  And I think you all want that to happen before we -- you have

15  to serve expert reports.  Is that correct for the plaintiff?

16             MR. WAGNER:  That is correct.

17             THE COURT:  Okay.  All right, now, where -- Ms.

18  Durham, where does Nike stand on the -- we're only talking

19  about scheduling, by the way.  What's your preference?

20             MS. DURHAM:  So in terms of scheduling, Your Honor, we

21  would be fine with the schedule that you laid out in terms of

22  an objection -- objections, and then a hearing for that week of

23  January the 20th.

24             THE COURT:  All right.

25             MS. DURHAM:  From our perspective, the sooner we have



1  these issues resolved, the better.  But I do think that these

2  are fact-discovery issues only, that don't necessarily impact

3  expert-discovery deadlines.  And we can discuss that more as

4  you wish, Your Honor.

5          THE COURT:  Well -- okay, well, my -- what I think

6  makes the most sense is that I set out the schedule in a

7  written order very briefly that any objections to the R&R will

8  be filed no later than Friday, the 17th.  And then I would set

9  a time for a hearing, and I would call it a preliminary

10  hearing, on objections, for the 21st to the 22nd.  And we would

11  not set a deadline for -- and I would put in there that any

12  deadlines for the service of expert reports will be set after

13  there's a determination of what additional documents have been,

14  or will be, produced by either party.  Is that --

15          Now, if there's a dispute --

16          MS. DURHAM:  Your --

17          THE COURT:  -- here whether -- if that's not

18  acceptable because one party or the other wants to file

19  their -- have to serve expert reports sooner than the

20  production of all documents, say so.  But I'm not in a -- I'm

21  not in a hurry.  I don't want to rush anybody.  It's an

22  important case for the parties, and I want to give you time to

23  deal with the merits.

24          Okay, what's the plaintiff's --

25          MS. DURHAM:  Yeah, if I --



Colloquy

1    THE COURT:  Yeah, Ms. Durham, go ahead.

2    MS. DURHAM:  I'm sorry, Your Honor, I didn't mean to

3  speak over you; it's just a little hard to tell with the

4  telephonic -- but what I wanted to say is that the pending

5  motion to compel is on behalf of Nike.  We're seeking

6  additional documents for fact discovery.  We don't need any

7  additional time for expert disclosures.  It is plaintiff who is

8  seeking additional time for expert disclosures but has not

9  clearly articulated why they need expert disclosures and why

10  the schedule that has already been extended once from the

11  original scheduling order must now be extended again.  We don't

12  see the good cause for a further scheduling extension, when

13  this case has been pending for over a year at this point.

14    THE COURT:  Okay, Mr. Wagner, what's your response to

15  that?

16    MR. WAGNER:  So the production that Nike has indicated

17  to the Court (indiscernible) on this phone call would be seven

18  to ten days from now.  With nine custodians that would

19  stipulate to research and produce, that go to both -- that go

20  to both liability and damages, they have yet to produce their

21  retail sale figures that go to damages.  They have yet to

22  produce tech (ph.) sheets, which are what most of their

23  retailer associates use, and probably will --

24    THE COURT:  Well, wait --

25    MR. WAGNER:  -- respond on behalf of --



1          THE COURT:  Mr. Wagner, please wait.  Let me just

2     interrupt you.  I thought that the Lontex motion to compel Nike

3     had been resolved, and whatever documents you're going to get

4     within seven to ten days has been agreed upon.  Is that

5     correct?

6          MR. WAGNER:  That is correct, but we have not had a

7     chance for our expert to look at, obviously --

8          THE COURT:  Oh, so -- okay.

9          MR. WAGNER:  -- the documents --

10         THE COURT:  So your position --

11         MR. WAGNER:  -- or --

12         THE COURT:  Well, wait just a minute.  So your

13    position is that you want your expert to look at these

14    documents that are about to be produced, before you have to

15    serve an expert report; right?

16         MR. WAGNER:  Yes.

17         THE COURT:  Okay.  So, assuming you get them in ten

18    days, and today being January 6, let's assume -- so you get

19    them by January 17th; let's just assume that.  Okay?  If you

20    don't get them, that raises another issue.  How much time after

21    that do you need to serve your expert report?

22         MR. WAGNER:  Well, if they come in by January 17th,

23    then I would need -- my proposal is we have until -- what we'll

24    do -- February 10th to serve our expert report.

25         THE COURT:  Till when?  No, no, I --



Colloquy

1          MR. WAGNER:  We want --

2          THE COURT:  Yeah, when do you have -- until when?  I

3    didn't catch the date.

4          MR. WAGNER:  What was that (indiscernible), Your

5    Honor?

6          THE COURT:  What date are you proposing to serve your

7    expert report?

8          MR. WAGNER:  February 10th.

9          THE COURT:  February 10.  All right, Ms. Durham, is

10   that acceptable?  Well, I mean, you don't -- any reason I

11   shouldn't accept that as a date for their report?

12         Ms. Durham?  Can you hear me?

13         Hello?

14         Mr. Wagner, are you there?

15         Looks like I've lost everybody.

16         Hello?

17         I didn't press mute or anything for it to --

18         Hello?

19         Hello?

20         Lori?

21         THE SECRETARY:  Yeah?

22         THE COURT:  I lost them.

23         THE SECRETARY:  Okay.

24         THE COURT:  All right, we'll have to wait for them to

25   call back.



Colloquy

1    (Recess at 2:33 p.m., until 2:34 p.m.)

2         THE COURT:  Hello?  Judge Baylson again.  All right.

3  I don't know what happened.  I don't think I did anything here.

4  Well, are we back on the phone?  Mr. Crockett and Mr. Wagner,

5  are you on the phone?

6         MR. WAGNER:  Yes, Your Honor.

7         THE COURT:  Okay.

8         MR. CROCKETT:  Yes.

9         THE COURT:  Okay, Ms. Durham, Mr. Miller, Mr. Pecku

10 (sic), all on the phone?

11        MS. DURHAM:  Yeah.

12        UNIDENTIFIED SPEAKER:  Yes.

13        THE COURT:  Okay.  All right.

14        MS. DURHAM:  Correct.  Yes.

15        THE COURT:  All right, here's where we were; let me

16 just summarize:  Nike has indicated that it is about to produce

17 documents that were agreed upon, within seven to ten days.  And

18 Mr. Wagner said, assuming that happens, that plaintiff can

19 serve its expert report by February 10th.  All right, I don't

20 see any reason why I shouldn't accept that offer and put that

21 in a scheduling order.  All right?  Ms. Durham, is that

22 correct?

23        MS. DURHAM:  That's fine.  I mean, we have serious

24 concerns about that extension, but --

25        THE COURT:  All right, well that's --



1          MS. DURHAM:  -- if you're inclined to give that --

2          THE COURT:  Yeah, I am.

3          MS. DURHAM:  -- then we're not going to dispute it.

4          THE COURT:  I am.  Okay, now, the issue is how much

5     time does Nike need to serve its expert reports?  And you've

6     indicated that whatever additional documents you're going to

7     get as a result of the master's report or my ruling on any

8     objections don't interfere with your serving an expert report.

9     So, normally I allow thirty days for a responsive expert

10    report, which would be March 10th.  Okay, is that okay with

11    everybody?

12         MS. DURHAM:  That is, Your Honor.

13         THE COURT:  Okay.  Then I would allow a period of time

14    for expert depositions.  How much time is required for that?

15    Two --

16         MR. WAGNER:  Could you repeat that question?

17         THE COURT:  How much time for expert depositions to be

18    taken, assuming you want to take them?  If I allow --

19         MR. WAGNER:  I'm --

20         THE COURT:  -- two weeks -- well, allow till March

21    30th; how's that sound?  That's almost three weeks.  Okay?

22         MR. WAGNER:  That works for the plaintiff.

23         THE COURT:  Okay.  Then --

24         MS. DURHAM:  That would be fine -- yeah.  I would just

25    say we don't really know how many experts yet, but we would, of



1  course, be in favor of trying to get them done as soon as

2  possible.

3         THE COURT: Right. Okay, well, you have -- this would

4  give you three weeks to do it. And by the way, Nike can take

5  the plaintiff's expert deposition any time after they file the

6  report. You don't have to wait for your own report to be

7  filed -- to be served.

8         MS. DURHAM: Yes.

9         THE COURT: Okay, then I would propose that I would

10 have April 30th for -- well, and I would also -- strike that.

11 I would also have March 30th for any close of fact discovery.

12 Okay? And that would include whatever has to be done in terms

13 of the expert report. And then we would have dispositive

14 motions filed by April 30th.

15        Okay, so that's what I propose to enter as a

16 scheduling order. Now, any -- and I'll put in here in the

17 order that if either party has -- needs more time for the

18 resolution of objections to the master's report, that we can

19 discuss that.

20        All right, now, the only other motion that's alive

21 that I'm aware of here is Nike's motion to file, under seal,

22 portions of the record of Nike's opposition to the Lontex

23 motion to challenge confidentiality of a document labeled "Nike

24 44255".

25        All right, Mr. Wagner, we seem -- we have an extensive



1  confidentiality order in this case. I don't understand why

2  you're objecting to this all of a sudden, to be honest with

3  you.

4           MR. WAGNER: The sales figures that Nike has produced

5  are current (indiscernible). First of all, I can share with my

6  client -- I can show my client how these sales (indiscernible)

7  are at issue here. But beyond that, I don't see any reason

8  why -- I have no problem with the extensiveness of the

9  confidentiality order that's in place. What I have a problem

10 with is when it's being used to shield information that doesn't

11 qualify as confidential, that is, the sales information on

12 (indiscernible) products --

13          THE COURT: Well, I think --

14          MR. WAGNER: -- from --

15          THE COURT: Well, I disagree. I think, in a case like

16 this, sales information very well may be confidential. So I'll

17 tell you what; I'm going to -- I'm going to sign the order and

18 that'll allow it to file it under seal. And if you can show

19 specific prejudice of some kind, you can file something

20 subsequently. But I don't think --

21          MR. WAGNER: I (indiscernible).

22          THE COURT: What?

23          MR. WAGNER: Your Honor, not these issues. I don't

24 have any objection to the motion to seal. What I -- I thought

25 you were asking for argument on the motion to re-designate that



Colloquy

1  that motion to seal was filed in connection with.

2         THE COURT:  You want to -- it's a motion to seal

3  Exhibits 1 to 4.  It's the declaration of Marc Miller.

4         MR. WAGNER:  I have no objection to that.  That's just

5  a perfunctory type of motion that -- no objection to that.

6         THE COURT:  All right, well, that's what I granted.

7  Okay?  The motion to challenge the confidentiality designation

8  is not being decided; it's just the motion to seal this

9  exhibit.

10        MR. WAGNER:  Understood.

11        THE COURT:  Okay?

12        MR. PECK:  And, Judge Baylson, this is Andrew Peck.

13 As I understand it, the substantive motion with respect to that

14 single document and its attorneys'-eyes-only designation, as a

15 discovery matter, will be decided by the special master, unless

16 you decide --

17        THE COURT:  I think --

18        MR. PECK:  -- you're going to --

19        THE COURT:  I think so, but I have not specifically

20 discussed that with her.  But we'll all find out this week what

21 she has decided, and we can go from there.

22        MR. PECK:  All right.  I do know that both parties

23 have sent courtesy copies to Ms. Jeskie, of that motion and the

24 response to the motion.  But she's only had that --

25        THE COURT:  Yeah.  Well --



1        MR. PECK:  -- since January --

2        THE COURT:  All right, I don't know for a fact that

3   she's going to include that in her R&R to be filed this week.

4   If she has not, I will inquire of her next week what her

5   intention is.  And you can let me know if you have any

6   objection to her deciding that.  Okay?

7        All right, I'm going to enter a scheduling order along

8   the lines that I discussed.  Thanks, everybody, for calling in.

9   Happy New Year.

10        MR. PECK:  Your Honor?  I did --

11        THE COURT:  Yeah.  Yes?

12        MR. PECK:  Your Honor, with respect to what I

13   understand the report and recommendation -- you had indicated

14   there may be a hearing set for January --

15        THE COURT:  Yeah, the 21st or 22nd.

16        MR. PECK:  (Indiscernible) until January --

17        THE COURT:  I'm going to set it by telephone unless

18   somebody insists on coming into court.  We'll have a recorded

19   phone conference.

20        MR. PECK:  Okay.

21        THE COURT:  But if --

22        MR. WAGNER:  Judge, (indiscernible) wanted to --

23        THE COURT:  But if --

24        MR. WAGNER:  I believe I will be on the call.

25        THE COURT:  Yeah.  But if --



Colloquy

1    MR. WAGNER: So --

2    THE COURT: -- as a result of what happens between now

3 and then, anybody wants to have a formal argument in open

4 court, I will probably agree to that, but it would be delayed

5 until the week of February 10th.

6    MR. WAGNER: All I was going to say was I am on a

7 plane until 2:30 on the 22nd.

8    THE COURT: Well, we can talk about the time. I'm

9 going to -- I'm going to try and do it on the 21st, to tell you

10 the truth. That would be my preference. Anybody have any

11 problems on the 21st?

12    Okay. All right, thanks for calling in, everybody.

13 Happy New Year. Bye-bye.

14    MS. DURHAM: Thank you.

15    (Proceedings concluded at 2:43 o'clock, p.m.)

16

17

18

19

20

21

22

23

24

25



1                    C E R T I F I C A T I O N

2

3          I, Clara Rubin, court-approved transcriber, do hereby

4    certify the foregoing is a true and correct transcript from the

5    official electronic sound recording of the proceedings in the

6    above-entitled matter.

7

8

9

10

11

12                                        January 10, 2020

13   _____      _____
     Clara Rubin                          DATE

14

15

16

17

18

19

20

21

22

23

24

25



(973) 406-2250 | operations@escribers.net | www.escribers.net