IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LONTEX CORPORATION,**<br><br>v.<br><br>**NIKE, INC.** | **CIVIL ACTION**<br><br>**NO. 18-5623** |

## MEMORANDUM AND ORDER

Lontex has challenged Nike's "Confidential Attorneys' Eyes Only" ("AEO") designation of a spreadsheet containing Nike's sales information (bates stamped "NIKE-00044255"). NIKE-00044255 contains information about specific product sales, as well as the cost of bringing those products to market. (ECF 110, Def.'s Resp. 3.) Specifically, the spreadsheet has intersecting columns that reflect information about Nike products on an individual and cumulative basis, such as: (1) the quantity of a specific product sold over a period of time, (2) gross sales for a specific product over a period of time, (3) the discounts Nike gave for a specific product over a period of time, and (4) costs (including factory costs) of bringing the specific product to market over a time period. (ECF 105, Pl.'s Mot. 6; Def.'s Resp. 3.)

Lontex challenges Nike's AEO designation by arguing that Nike has not shown that a non-AEO designation would result in a clearly defined, serious injury. Lontex contends that the spreadsheet should be designated non-confidential. Nike argues that NIKE-00044255 is properly designated AEO because it fits within the Court's protective order as confidential commercial financial information and competitive technical information.

### I.     Disagreement Over the Relevant Framework

The parties disagree about the relevant framework governing Lontex's challenge to Nike's AEO designation. Nike asserts that it only needs to show that NIKE-00044255 fits within the

relevant definition under the Court's protective order, (Def.'s Resp. 7–8), and that if Lontex wishes to modify that order, it must show good cause for doing so, (Def.'s Resp. 15–16.)

Lontex asserts that even if Nike can show that the challenged document fits within the protective order's definition, that is only the first step of upholding Nike's AEO designation. (ECF 118, Pl.'s Reply 3.) Lontex contends that Nike must also show that a non-AEO designation will result in a clearly defined, serious injury in order to overcome the public's general right to access court documents. (Pl.'s Mot. 5–6; Pl.'s Reply 3.) Nike resists this extra requirement, arguing that the public's right to access does not apply at this stage, and will not apply until NIKE-00044255 becomes relevant to a judicial proceeding beyond just a discovery dispute. (Def.'s Resp. 1, 16–17.)

This disagreement over the framework for addressing Lontex's challenge has prevented the parties from addressing each other's arguments head-on. While Nike contends that dissemination of NIKE-00044255 could allow competitors to gain a competitive advantage against Nike such that it qualifies as "competitive business information" under the protective order, (Def.'s Resp. 12–13), Lontex considers how competitors could use Nike's sales information in the context of arguing that Nike has not shown a clearly defined, serious injury, (Pl.'s Reply 5–7.)

## II.     Lontex's Challenge to Nike's AEO Designation

As previewed above, Lontex's Motion is based on "a presumptive right to public access to all material filed in connection with nondiscovery pretrial motions . . . ." (Pl.'s Mot. 6 (quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993).) According to Lontex, it is Nike's burden to show that designating NIKE-00044255 as anything other than AEO would cause a "clearly defined serious injury" to Nike. (Pl.'s Mot. 5 (quoting In re Avandia Mktg.,

Sales Practices & Prods. Liabl. Litig., 924 F.3d 662, 671 (3d Cir. 2019).)  Lontex argues that Nike has failed to meet its burden for six reasons:

1. The information in the spreadsheet is not specific enough (or are too "lumped-together") for competitors to identify trends that would give them a competitive advantage over Nike.  (Pl.'s Mot. 7.)

2. The information in the spreadsheet is too old for competitors to effectively use.  (Pl.'s Mot. 8.)

3. The amount of information in the spreadsheet is too small, and does not contain enough identifying information, to reveal Nike's strategy, strengths, or weaknesses.  (Pl.'s Mot. 8–9.)

4. Nike often makes the type of information in the spreadsheet readily available to its own competitors, and therefore it has not been confidentially maintained.  (Pl.'s Mot. 9.)

5. The document is important to this case such that Lontex will have to undertake unnecessary and cumbersome processes to hide and shield key facts from the docket if NIKE-00044255 is designated AEO.  (Pl.'s Mot. 9–10.)

6. Nike has over-designated documents as confidential in its productions (91% of Nike's total page count), which has kept meaningful sales information away from Lontex and prevented Lontex from participating in case strategy decisions.  (Pl.'s Mot. 10–11.)

**III.   Nike's Response**

Nike argues that NIKE-00044255 fits within two categories of AEO information under the Court's protective order:  (1) commercial financial information that it has maintained as confidential (ECF 44, Protective Order ¶ 3(c)), and (2) competitive technical information (Protective Order ¶ 3(e)).  (Def.'s Resp. 2–3.)

As to whether NIKE-00044255 is confidential financial information under the protective order, Nike maintains that the financial information in the spreadsheet is not the type that Nike puts in its public filings or disseminates to competitors, and therefore it has maintained the information as confidential as required by the protective order. (Def.'s Resp. 9–11.)

As to whether NIKE-00044255 is competitive technical information under the protective order, Nike argues that if a competitor gained access to the spreadsheet, it could use the data to determine average wholesale pricing for specific Nike products from 2015–2018. (Def.'s Resp. 12.) A competitor could also analyze the discount and factory cost information on directly competitive product lines. (Def.'s Resp. 12.) None of this is information that Nike provides to its competitors, and dissemination would put Nike at a competitive disadvantage. (Def.'s Resp. 12–13.)

Because Lontex did not appear to wrestle with whether the spreadsheet fits within the definitions in the protective order, Nike interprets Lontex's challenge as an attempt to modify the protective order and exclude documents such as NIKE-00044255 from being designated AEO. (Def.'s Resp. 15–16.) Nike argues that Lontex has not shown the necessary good cause for a modification. In this respect, Nike trails into its merits position that the products in this spreadsheet did not infringe on Lontex's mark, (Def.'s Resp. 18–20), but also emphasizes that Lontex's argument based on cumbersome sealing procedures is exaggerated because NIKE-00044255 is unlikely to be presented to the Court again until trial, (Def.'s Resp 21.)

Nike also proposes potential compromises to this dispute, including a "quick peek" or limited disclosure of specific segments of NIKE-00044255. (Def.'s Resp. 22.)

In response, Lontex argues that the protective order only identifies when a party "may designate" documents AEO, not whether that designation will be upheld. (Pl.'s Reply 3–4.) Lontex then dismissed Nike's argument that it will suffer harm if NIKE-00044255 is marked non-confidential as speculative. According to Lontex, Nike failed to put forth facts to support its contention that marking the spreadsheet non-confidential would harm its competitive advantage, and instead relies on broad, conclusory allegations of harm. (Pl.'s Reply 6–7.) Nevertheless, Lontex provides a point-by-point explanation for its view that dissemination of the data in NIKE-00044255 would not provide Nike's competitors with any useful advantage. (Pl.'s Reply 7–9.)

While there was some discussion during the meet and confer about downgrading NIKE-00044255 to a confidential designation (as opposed to AEO), Lontex confirms that it is not willing to compromise in that way—it wants NIKE-00044255 to be designated non-confidential. (Pl.'s Reply 10.)[1] Nevertheless, Lontex maintains that Nike must show that both a non-confidential and confidential (as opposed to AEO) designation would cause a clearly defined, serious injury. (Pl.'s Reply 10.)

## IV.    Court *In Camera* Inspection

The Court determined that *in camera* review of the challenged document would be appropriate before deciding this issue. The document contains what the Court finds is highly confidential information that states, for a number of products, the quantity sold, cost of goods sold, and discounts. The Court finds that this information is not at all relevant on any issues of liability in this case. It is possible that some of the data on this document might be relevant on

---

[1] Lontex has, however, offered to allow Nike to redact two columns in NIKE-00044255 to obscure which products the sales data relate to. (Pl.'s Reply 8.)

the issue of damages, but not in this format, and not at this time.  The attorney eyes only confidentiality provisions of the protective order are appropriate in this case.

It is therefore on this 17th day of January, 2020 **ORDERED** that Plaintiff Lontex Corporation's Motion to Challenge the Confidentiality Designation of Bates Numbered Document Nike-00044255 (Doc. 105) is **DENIED.**

**BY THIS COURT:**

Dated:  1/21/2020                                                        /s/ Michael M. Baylson
**MICHAEL M. BAYLSON**
**United States District Court Judge**

O:\CIVIL 18\18-5623 Lontex Corp v Nike\18cv5623 memorandum and order denying motion to challenge confid of nike doc.docx