IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONTEX CORPORATION<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NIKE, INC.,<br><br>　　　　　Defendant. | Civil Action No. 2:18-cv-05623-MMB |

**PLAINTIFF LONTEX CORPORATION'S REPLY IN SUPPORT OF
ITS MOTION TO AMEND FIRST AMENDED COMPLAINT AND
PARTIALLY DISMISS NIKE'S AMENDED COUNTERCLAIMS AS
TO U.S. TRADEMARK REGISTRATION NO. 3,416,236**

## I.
## INTRODUCTION

A primary purpose of pre-trial litigation is to pare down facts and issues in dispute to their core, including the number of claims. Lontex Corporation ("Lontex") provided Nike, Inc. ("Nike") with an unequivocal Covenant, protecting Nike from any future enforcement of one of three registered trademarks asserted in the First Amended Complaint ("FAC"), specifically Lontex's design mark in U.S. Registration No. 3,416,236 (hereafter "Design Mark Registration").

Nike offers no reason why Lontex's amendment should not be granted and Nike's request to cancel the Design Mark Registration for alleged fraud should not be dismissed. Instead, it seeks four "conditions" as handouts for such dismissal, all of which are designed to undermine the very paring down obtained by Lontex's Covenant, and none of which have any case support.

First, Nike asks that it still be allowed to seek cancellation for abandonment as to the Design Mark Registration. Nike's feigned attempt at the public service of continuing to seek

cancellation of this allegedly-abandoned registration does not satisfy the requirements of 15 U.S.C. § 1119 or Article III of the Constitution, both of which were required for Nike to retain such claim in light of the Covenant. That common law claims might remain in-issue does not keep the Design Mark Registration dispute "live."

Second, Nike requests the dismissal of its claims be "without prejudice," which ignores this Court's practice in dismissing claims for lack of subject matter jurisdiction "with prejudice."

Third, Nike's request for pre-permission to still use all its evidence about the merits of the now-mooted Design Mark Registration claims at trial or on a fee motion is premature and unworkable, and an entirely unsupportable "condition" to dismissal. For a jury trial, letting Nike put on an entire case of alleged non-infringement and invalidity for a registration it now has a Covenant for is likely a complete distraction and waste of time, but that is appropriately dealt with through this Court's pretrial procedures rather than hamstringing the trial by a pre-ruling here. And use of evidence on a fee motion at the end of this case by either side – at which time the prevailing party of the entire case will be determined – will be governed by the relevant rules as applied at that time.

Fourth, the request to "strike" recitals from the legally-operative Covenant is misplaced. The Covenant is not a pleading to have "whereas" clauses stricken, nor is it relevant to whether the Covenant ends the controversy over the covenanted matter.

Thus, Nike's attempt to put out its hand and argue for 18 pages about novel conditions it wishfully would like attached to the granting of this Motion should be rejected.

Finally, Lontex will resist the almost overwhelming urge to jump into the mud bath that Nike has drawn by providing partial evidence, incorrect but presently irrelevant statements of law, posturing for down the road, and generally dumping pounds of content into its Opposition

that has no effect on the resolution of this simple Motion. Lontex could submit all of the evidence of Nike's widespread and very-public use of the infringing NIKE PRO COOL COMPRESSION product mark, the compelling evidence that Lontex had used COOL COMPRESSION for a decade on, and in connection with, the exact same goods Nike sold under its infringing product mark,[1] the evidence that supports the Design Mark Registration infringement notwithstanding Lontex's decision to focus its case on the other two registrations, and the dozen other distractions Nike raised. But the Motion and this Reply should and will remain focused on the essentials necessary to its resolution, not Nike's attempts to prevue its positions.

Ironically, these features of Nike's Opposition serve to confirm the very "whereas" clause to which it objects:[2]

> WHEREAS, ***Nike has engaged in a scorched-earth tactic of litigation*** including the issuance of approximately two dozen subpoenas, consistently exercised a lack of restraint in the conduct of discovery efforts into even the most peripheral issues, while resisting and delaying even basic discovery into the facts concerning its own wrongdoing despite a massive infringement spanning at least three years (including well after receiving a cease and desist letter based on incontestable federal trademark registrations and assuring Lontex of a prompt phase-out of its use of the marks).

---

[1] For example, Nike's Exhibit 4 is a private investigator report that is thoroughly jumbled and unhelpful to Nike's aggressive theory that Lontex somehow did not use the COOL COMPRESSION mark. The goods obtained by the investigator, for example, use an RN number from before Lontex obtained its current RN number in 2005 (years before Lontex put COOL COMPRESSION on its inside labels), traces product to supposed original buyers that Lontex never even sold to, shows old outside labels Lontex stopped using in the early 2000s, and relies on double or triple levels of hearsay, among other defects rendering the evidence irrelevant or immaterial to whether Lontex consistently used COOL COMPRESSION on inside labels in the decade before Nike began infringing.

[2] Nike's Exhibit 5 also confirms the WHEREAS clause (Nike took to "delaying even basic discovery") because it is a declaration by a witness attaching evidence of a sample garment that Nike obtained in 2016 that it clearly intended to use since the outset of this case yet kept hidden for over a year. Nike failed to disclose the evidence or witness in initial disclosures, withheld the pictures from agreed RFP production, omitted it from its Court-ordered contention interrogatories, and even represented it had no such evidence to the special master. ECF No. 96, p. 2 ("Given Lontex's refusal to provide such evidence…*[o]nly* the customers can corroborate [] whether Lontex's 'Sweat it Out' products contained sewn-in 'Cool Compression' content/care labels." (Emphasis added.)). Nike similarly pre-screened at least one witness and kept information about his "Cool Compression" inside labels from being produced in discovery. Thus, Nike's conduct not only confirms the WHEREAS clause, but may warrant a separate sanction motion.

(Wagner Dec., Ex. 1 (emphasis added).)

As discussed further below, the Motion should be granted without condition.

## II.
## SECTION 1119 JURISDICTION NO LONGER EXISTS TO SUPPORT NIKE SEEKING CANCELLATION FOR THE DESIGN MARK REGISTRATION FOR ALLEGED ABANDONMENT

Nike incorrectly asserts that the Court should allow Nike to proceed with its first counterclaim for cancellation by abandonment of the Design Mark Registration because Lontex could assert a common law claim for infringement of the design mark and a showing of abandonment of the design mark would make the Design Mark Registration invalid. (Opposition at 11.)

But it is the registration that must remain at issue to give rise to Section 1119 jurisdiction, not the common law design mark that exists with or without the registration. *See also Volkswagenwerk Aktiengesellschaft v. Wheeler*, 814 F.2d 812, 819 (1st Cir. 1987) ("the cancellation of a trademark registration does not extinguish common law rights that registration did not create"). As reiterated below, there is no question here that Nike no longer has an interest in the Design Mark Registration to support pursuing a counterclaim for its cancellation, whether for alleged abandonment or any other reason.

More precisely, Nike's first counterclaim alleges that, "[a]s a result of the abandonment of the mark, all of the Asserted Registrations should be cancelled by the Court under authority of 15 U.S.C. § 1119." (Dkt. 45, Counterclaim ¶ 23.) The statutory basis for cancellation cited in Nike's first counterclaim, Section 1119, applies to "a registered mark," not a common law mark or a registered mark that is no longer at-issue between the parties:

> In any action involving ***a registered mark*** the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action.

41162814

15 U.S.C. § 1119. Section 1119 requires that "a controversy as to the validity of or interference with a registered mark must exist before a district court has jurisdiction to grant the cancellation remedy." *Ditri v. Coldwell Banker Residential Affiliates, Inc.*, 954 F.2d 869, 873 (3d Cir. 1992) (emphasis added). And subject matter jurisdiction is claim-specific. (Mtn. at 6 *citing inter alia Recupero v. New Eng. Tel. & Tel. Co.*, 118 F.3d 820, 829 (1st Cir. 1997).)

As a result of Lontex's Covenant, this is no longer an "action involving a registered mark" or justiciable "controversy" with respect to the Design Mark Registration and Section 1119's jurisdiction to cancel the mark is gone. Nike has improperly conflated the design mark itself with the design mark's registration, and a claim of interference with the latter is what creates cancellation jurisdiction under Section 1119.

Nike's attempt to distinguish *Nike v. Already* in this regard is inapt. (*See* Opposition at 12.) According to Nike, a covenant not to sue must render an entire action moot, otherwise the parties must continue to litigate all claims. Nike cites no authority to support this nonsensical position that would waste party and judicial resources. Contrary to Nike's unsupported suggestion, courts regularly dismiss portions of cases involving less than the entire action, even for related IP. *See, e.g., C. Van Der Lely N.V. v. F.lli Maschio S.n.c.*, 561 F. Supp. 16, 20-21 (S.D. Oh. 1982) (courts "welcome[] the simplification of some issues, and the elimination of others, made possible by plaintiff's decision not to pursue" claims on one of the registrations in-suit). Notably, Nike did not cite or address the *Van Der Lely* case, despite its prominence in the Motion and its finding that a counterclaim seeking to invalidate a registered patent should be dismissed once the plaintiff no longer asserts claims of infringement of that registration.

- 5 -

41162814

# III.
# NIKE CANNOT USE ITS INFRINGEMENT OF LONTEX'S WORD MARKS OR THE DESIGN MARK REGISTRATION'S UNDERLYING MARK TO BOOTSTRAP STANDING FOR CHALLENGING A SEPARATE DESIGN MARK REGISTRATION

That Lontex originally sued for infringement of the Design Mark Registration and has now covenanted not to sue Nike on that mark puts it in no worse posture than if Lontex had never asserted infringement of the Design Mark Registration to begin with. Nike claims that perhaps its first counterclaim concerning the Design Mark Registration may live on because it incorporates the word mark that remains at issue. Nike's rationale is flawed. Under Nike's logic, if a party is sued under a word mark registration and common law, it may always counterclaim for declaratory relief and cancellation of any design mark registration that incorporates that mark. As shown above, Section 1119 expressly precludes such blurring.

It is no wonder Nike located no authority to support its assertion that a defendant has standing to pursue counterclaims attacking the validity of a registration that has not and now cannot be asserted by the plaintiff, simply because the registration is related to the marks that are being asserted. (*See* Opposition at 13.)

Nike complains that the controversy over the Design Mark Registration cannot be over because Nike did not get everything it wants, *i.e.*, cancellation of the mark. But Nike dodges the constitutional question, specifically whether Nike's injury-in-fact persists after the Covenant. Nike cannot unilaterally "create" Article III jurisdiction where there is no threat of harm.

Article III of the Constitution grants the federal courts the power "to decide legal questions only in the context of actual 'Cases' or 'Controversies.'" *Alvarez v. Smith*, 130 S. Ct. 576, 580 (2009). The "case or controversy" requirement is central to the Constitution's division of authority among the branches of government, reflecting the "common understanding of what activities are appropriate to legislatures, to executives, and to courts." *Steel Co. v. Citizens for a*

41162814

*Better Env't*, 523 U.S. 83, 102 (1998) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992)).

With no threat of suit regarding the Design Mark Registration, Nike has no standing to import that mark back into this action, "[n]o matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit." *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). This is hardly a "perverse" outcome as Nike suggests, Opposition at 13, and instead it is the result of foundational principles of Article III courts under the United States Constitution.

Even in the very unlikely event that Nike would have ended up showing that "there is no basis upon which Lontex should be entitled to maintain the equally invalid '236 Reg," Opposition at 13, the crucial "Article III question is not whether the requested relief would be nugatory as to the world at large, but whether [the plaintiff] has a stake in that relief." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 479 (1990). Although Nike might "derive great comfort and joy from the fact that . . . a wrongdoer gets his just deserts, or that the nation's laws are faithfully enforced, that psychic satisfaction is not an acceptable Article III remedy because it does not redress a cognizable Article III injury." *See Steel Co.*, 523 U.S. at 107.

As a result of Lontex's Covenant, Nike lacks a cognizable Article III injury and therefore Nike's counterclaim for cancellation by abandonment of the Design Mark Registration must be dismissed.

### IV.
### DISMISSAL OF NIKE'S DESIGN MARK REGISTRATION COUNTERCLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION SHOULD BE WITH PREJUDICE

Nike asserts that dismissal of its counterclaims concerning the Design Mark Registration should be without prejudice. (Opposition at 14.) But Nike ignores that this Court and the Third Circuit have entered dismissals with prejudice for lack of subject matter jurisdiction. *See*

- 7 -
41162814

*Williams v. CVS Caremark Corp.*, No. 15-5773, 2016 U.S. Dist. LEXIS 93555, at *7 (E.D. Pa. July 19, 2016) (dismissing claim with prejudice for lack of subject matter jurisdiction); *Bradley v. W. Chester Univ. of the Pa. State Sys. Higher Educ.*, No. 15-2681, 2015 U.S. Dist. LEXIS 164769, at *13 (E.D. Pa. Dec. 9, 2015) (same); *Amtrak v. URS Corp.*, No. 05-4175, 2007 U.S. Dist. LEXIS 43510, at *14 (E.D. Pa. June 14, 2007) (same); *see also Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 450 (3d Cir. 2016) (affirming dismissal with prejudice for lack of subject matter jurisdiction). And Nike's reliance on *Already* is misplaced since in that action, the court dismissed the counterclaims without prejudice pursuant to Nike's request as the moving party and trademark owner. *See Already*, 568 U.S. at 89 ("Nike moved to dismiss its claims with prejudice, and to dismiss Already's invalidity counterclaim without prejudice.").

## V.
## NIKE'S REQUEST TO PRESENT EVIDENCE ABOUT THE DESIGN MARK REGISTRATION AT SOME LATER TIME IS PREMATURE

Nike's "condition" to retain the ability to use evidence is a strawman, proposed as an excuse for Nike to preview its strategies for trial and end-of-case fee motions that are not relevant to this Motion. This requested handout also comes with no case law from Nike even remotely on-point.

Whether Nike can find a reason to use evidence about this Design Mark Registration at trial will be determined by what claims are at issue at trial, the length of trial, the extent of evidence on various issues, and many other evidentiary and trial management issues. *See, e.g.*, Dkt. 26-2, Judge Baylson's Pretrial and Trial Procedures - Civil Cases § G(2) ("Counsel shall also be prepared to discuss significant or unusual legal issues concerning the case and evidentiary issues that may arise during the trial."). An attempt to present evidence on defenses to a claim that is no longer at-issue seems a blatant FRE 403 violation, but is appropriately addressed only at that point.

Whether Nike can find a reason to use such evidence in the parties' end-of-case fee motions is premature and will depend on the parties' presentation and procedural posture at that time. Nike's declaration that it is a "prevailing party" simply because Lontex exercised restraint is legally incorrect. "Rare, indeed, is the litigant who doesn't lose some skirmishes on the way to winning the war." *Sivak v. Versen*, 2008 U.S. Dist. LEXIS 128747, *6 (S.D. Cal. Jul. 31, 2008) (denying fees under Copyright Act because plaintiff's contract victories made it the "prevailing party" for the entire action, and separate "prevailing party" status for Copyright claims was inconsistent with the law on prevailing parties). Thus, "[a] plaintiff is a 'prevailing party' for the purposes of an attorney's fee award if she succeeds 'on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Leaman v. Wolfe*, 2017 U.S. Dist. LEXIS 18333, *16-17, 2017 WL 528280 (E.D. Penn. Feb. 9, 2017) quoting *Mancini v. Northampton Cty.*, 836 F.3d 308, 321 (3d Cir. 2016). The rule is even so strong that "courts should not reduce fees simply because some of a prevailing party's *related* claims are unsuccessful." *McKenna v. City of Phila.*, 582 F.3d 447, 457 (3d. Cir. 2009) (italics in original).

It is premature to make evidentiary rulings about what evidence may or may not be appropriate for resolution of any fee-shifting issues at the end of the case, or condition granting of the Motion on pre-authorizing Nike to submit whatever evidence it wishes concerning the winnowed claims.

## VI.
## THERE IS NO BASIS TO STRIKE "WHEREAS" CLAUSES FROM THE COVENANT

Nike further requests that the Court strike "whereas" clauses from Lontex's Covenant. (Opposition at 17.) Once again, Nike cites no authority to support such an unheard-of request. The proper analysis focuses on the terms of the Covenant, not the "whereas" clauses. *See Already*, 568 U.S. at 93 ("we begin our analysis with the terms of the covenant"). And once it is

- 9 -

41162814

determined that the Covenant encompasses claims regarding the Design Mark Registration, Nike ceases to have standing and those claims are rendered moot. *See id*. The covenant is not a pleading to have terms "stricken," but a legally-operative document that changed the legal status of Nike and Lontex by its execution. Nike cannot rewrite the "whereas" clauses, and provides no basis for its request simply because it disagrees with those "whereas" statements.

# VII.
# CONCLUSION

Based on the foregoing, Lontex respectfully requests that the Court grant Lontex's motion to amend the first amended complaint to remove the Design Mark Registration and partially dismiss Nike's Counterclaims as to the Design Mark Registration, and do so without the conditions requested by Nike.

Dated: January 24, 2020          TROUTMAN SANDERS LLP


By: /s/ *Ben L. Wagner*
    Ben L. Wagner (CA SBN 243594)
    ben.wagner@troutman.com
    *Admitted Pro Hac Vice*
    11682 El Camino Real, Suite 400
    San Diego, CA 92130-2092
    Telephone: 858-509-6000
    Facsimile: 858 509 6040

    Michael B. Dubin, Esq.
    (PA SBN 70681)
    SEMANOFF ORMSBY GREENBERG &
    TORCHIA, LLC
    2617 Huntingdon Pike
    Huntingdon Valley, PA 19006

    Attorneys for Plaintiff
    LONTEX CORPORATION

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2020, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ *Ben L. Wagner*
Ben L. Wagner