# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONTEX CORPORATION,<br>     Plaintiff,<br><br> v.<br><br>NIKE, INC.,<br>     Defendant. | Civil Action No.: 18-cv-5623<br><br>(Hon. Michael M. Baylson)<br><br>**NIKE, Inc.'s Status Report In Response To ECF No. 143.** |

**I. Currently Pending Motions/Objections**

(1) NIKE's objections to Special Master Jeskie's recommendation concerning contact with Lontex's customers[1] (ECF Nos. 117, 122); (2) Lontex's motion to amend/correct amended complaint and partially dismiss NIKE's amended counterclaims, which is fully briefed (ECF Nos. 109, 124, 129); (3) Lontex's motion to compel further responses to its first set of document requests, which is fully briefed (ECF Nos. 131, 134, 140); and (4) Lontex's motion to compel additional Fed. R. Civ. P. 30(b)(6) deposition testimony from NIKE[2] (ECF No. 145).

**II. Lontex's Twelfth-Hour Discovery Demands**

As shown in the chart below, NIKE has accommodated a flurry of twelfth-hour discovery demands from Lontex that Lontex could have made months earlier, including:

| Lontex's Demand and Time of First Demand: | Period of Time Issue Remained Latent Without a Demand from Lontex: | NIKE's Accommodation or Result of Demand |
|---|---|---|
| Lontex's request for production on 5/16/2019. | *115 days* (appx. 16.5 weeks) – The parties reached an impasse on NIKE's RFP responses on 10/16/2019. | Lontex moved to compel these responses on 2/8/2020 and the motion is fully briefed. (ECF Nos. 131, 134, 140.) |
| Deposition of NIKE's Parker Magnum – made 2/28/2020. | At least *42 days* (6 weeks) – NIKE produced Parker Magnum custodial documents on 1/17/2020. | Making Parker Magnum available for a deposition 3/18/20. |

---

[1] NIKE maintains its objections and reiterates that further briefing on its objections is not necessary unless the Court desires it, but is prepared to further discuss its objections at the conference. (ECF 136 at 3.)

[2] NIKE's opposition is not yet due. NIKE refers the Court to the Section II chart highlighting Lontex's delay in raising this dispute. The parties have discussed the possibility of narrowing this dispute after the Court's guidance on other discovery issues raised at the conference.

1

| Deposition demand of third party: Dick's Sporting Goods – made on 2/28/2020. | At least *196 days* (28 weeks) – Dick's Sporting Goods produced documents on August 16, 2019. | Dick's Sporting Goods deposition noticed by Lontex for 3/23/2020. |
|---|---|---|
| Deposition demand of third party: Academy, Ltd. – made on 2/28/2020. | At least *67 days* (appx. 9.5 weeks) – Academy produced documents on 12/23/2019. | Academy's deposition noticed by Lontex for 3/25/2020. |
| Lontex's demand for additional Rule 30(b)(6) testimony – made on 2/28/20 | At least *112 days* (16 weeks) – NIKE served its responses and objections to Lontex's 30(b)(6) notice on 11/8/2019. | Lontex moved to compel more Rule 30(b)(6) testimony on 3/6/2020 (ECF No. 145). |
| 4th Set of Discovery Requests – served on 2/28/2020 | N/A | NIKE will respond on or before 3/30/2020 |

This is in addition to other depositions long scheduled for the parties to complete in March, including expert depositions. Given Lontex's unexplained and lengthy periods of inaction shown above, NIKE presumes that Lontex has manufactured these untimely demands to distract NIKE from expert discovery or create a pretext for a third request to seek an extension of the discovery deadlines. *See* ECF Nos. 47, 113 (extending discovery.) Lontex should not be rewarded with, and NIKE will object to, a new extension of the discovery schedule due to Lontex's own delays. Enough is enough.

On a March 10 meet-and-confer, Lontex explained *for the first time* that it needed to take "clean-up discovery," including: (i) authentication of documents from NIKE retailers Lontex subpoenaed months ago and other non-party documents; and (ii) additional depositions for hand-picked Lontex customers that it recently contacted for products. Lontex's coined "clean-up" discovery is simply a disguised phrase for *new* discovery. Regarding authentication: Lontex should have been considering throughout the discovery period how to submit reliable evidence to the Court. Regarding depositions from hand-picked customers: Lontex had the ability to and in fact did identify such customers in Rule 26(a) disclosures (*See* § III). Just today, however, Lontex served its Fourth Amended Initial Rule 26(a)(1) Disclosures, **adding 8 additional witnesses** of which 7 are sports team customers. If Lontex's amendment is allowed, NIKE will need to subpoena and depose them, all over the country. If the Court does not hold Lontex to a firm discovery

2

deadline, it is clear that Lontex's discovery desires (and NIKE's attendant need for discovery in response to such discovery) will never end.[3]

**III. NIKE's Discovery from Lontex's Fed. R. Civ. P. 26(a) Customer Witnesses**

NIKE may need the Court's intervention if Lontex's customers, Brian Camarotta and Lance Yedersberger, identified in Lontex's Fed. R. Civ. P. 26(a)(1) initial disclosures, continue to obstruct NIKE's efforts to obtain photographs of *all* of their Lontex products.

Of the non-party Lontex customers subpoenaed pursuant to the court-approved protocol who possessed Lontex garments purchased between 2008-2016 with legible or present care labels, *all* produced garments with "Sweat-It-Out" care labels (as opposed to Cool Compression). (ECF No. 136.) Lontex did not dispute this. (ECF No. 137.) Instead, in an attempt to manufacture a dispute of fact around abandonment, Lontex points to its Rule 26(a) customer witnesses who produced "garments with COOL COMPRESSION care labels." (*Id*. at 2.) Lontex, however, omitted that these garments appear to have been manufactured with the "Cool Compression" care label sewn inside *after* this lawsuit was filed and long after Lontex's period of trademark abandonment (2008-2016).

Even though Lontex intends to rely on evidence from Mr. Camarotta and Mr. Yedersberger, the witnesses have ignored NIKE's attempts to obtain information about their complete set of Lontex garments. Left with no choice after Lontex's counsel refused to assist in obtaining complete discovery from these customer witnesses, NIKE subpoenaed these customers under Rule 45. The subpoena return dates are March 12. If these customers do not completely

---

[3] Lontex has offered no justification why these customer witnesses were not identified by it in 2018 when it decided to bring this dispute to court, or even in 2019 when it served its Third Amended Disclosures. Lontex identified other customer witnesses, it is too late to add more now. The Court should not sanction such gamesmanship. Lontex's Fourth Amended Initial Rule 26(a) Disclosures also refer to consideration of "retaining one or more additional experts in response" to NIKE's expert disclosures, despite the fact that the Court's Scheduling Orders do not contemplate any period for rebuttal expert reports.

3

and timely respond to the subpoenas, NIKE may move to preclude Lontex from relying on evidence from Messrs. Camarotta and Yedersberger.

Dated: March 11, 2020

DLA PIPER LLP (US)

By: */s/ Gina L. Durham*
Gina L. Durham (admitted *pro hac vice*)
555 Mission Street, Suite 2400
San Francisco, CA 94105

Frank W. Ryan (admitted *pro hac vice*)
Andrew J. Peck (admitted *pro hac vice*)
Marc E. Miller (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 100201

Darius C. Gambino
Ben C. Fabens-Lassen
1650 Mark Street, Suite 5000
Philadelphia, PA 19103

*Attorneys for Defendant NIKE, Inc.*