IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LONTEX CORPORATION | Civil Action No. 2:18-cv-05623-MMB |
| --- | --- |
| Plaintiff, | |
| v. | |
| NIKE, INC., | |
| Defendant. | |

**PLAINTIFF LONTEX CORPORATION'S STATUS REPORT**

41753636

Lontex Corporation ("Lontex") submits this Court-ordered status report in advance of the March 13 hearing, to address Plaintiff's Motion to Compel and "any other discovery matters." Dkt. 143. Lontex hopes many discovery issues can be resolved on Friday, including a need for either discrete adjustments to the scheduling order or a more straightforward and global solution of extending all discovery for 15 to 30 days (to avoid piecemeal extensions on distinct issues).

*Motions to compel*. Lontex has two pending motions to compel, first with respect to document requests (Dkt. 131) which is fully briefed and set for hearing on March 13, and second regarding Rule 30(b)(6) deposition topics (Dkt. 145) for which Nike's opposition (if fully briefed) is due March 20 and thus an extension of fact discovery would be necessary if additional deposition(s) are required. The scopes of the disputes are unchanged and require Court attention.

*Missing sales data from Nike*. In November 2019, Lontex notified Nike of eight additional products infringing the COOL COMPRESSION mark, specifically Nike product numbers 744279, 703090, 725443, 728192, 883179, 883178, 833180, and 724347.[1] Nike, however, has failed to produce sales data for these product numbers and refuses to produce any additional sales data. Accordingly, this dispute will require the Court's attention.

*Nike Contacting Lontex Customers*. As Lontex's last status update reported (Dkt. 137), Nike's conduct toward customers crossed into harassment. Its temporary protocol came about because the Court was not given investigative reports that would have undermined its claim that subpoenaing customers was necessary to obtain labels. *Id*. It also came after Nike *declined* Lontex's suggestion of a collaborative, truly random sampling last November, preferring instead to unilaterally select customers and serve them with a leading subpoena. *Id*. Its collection of

---

[1] The meet and confer provided: "We discovered at least Nike Product Nos. 744279, 811431, 703090 had third party retailers using 'cool compression' by analyzing the small Nike 41792 sampling of 'model names' that fit these parameters. We also identified through auditing third party online usage the following product numbers that similarly were not identified through the catalog method Nike forced upon Lontex: 725443 and 728192 (Nike Women's 3" Pro Cool Compression Shorts), 703088 (Cool Compression Long Sleeve Top), 883179 (Nike Cool Compression 6" Shorts - Men's), 883178 (Nile Cool Compression 3/4 Tights - Men's), 883180 (Nike Cool Compression 9" Shorts - Men's), 724347 (Nike Cool Compression Tights 1)."

labels has been marred by other defects such as prescreening to make sure to get "SWEAT IT OUT" labels, as further revealed at this Tuesday's deposition of Nike's private investigator who similarly prescreened to make sure garment labels said "SWEAT IT OUT" on the inside label. The case law's admonishment is on point: customer names "[i]n Lanham Act cases…are rarely – if ever – revealed," the prejudice from customer contact by a litigation opponent "is obvious and irreparable," and concerns of harm to customer relationships "are real, and customers may take their business elsewhere." Dkt. 98 p.2.[2] Nike has issued over 35 subpoenas seeking garment labels, and has obtained labels in order to assert its defense. A discovery dispute exists, and Lontex requests Nike's prohibition on contact of yet more Lontex customers be maintained. Further, in view of Nike's conduct, including prescreening customers to avoid those with COOL COMPRESSION labels and its rejection of a *neutral* protocol to randomly sample customers, Lontex requests the Court order Nike to disclose its criteria for selecting customers for subpoena.

***Lontex's images of care labels from customers***. In response to Nike's subpoena efforts under the temporary protocol, Lontex ultimately sought and obtained evidence from customers of Lontex's inside garment labels, which show use of COOL COMPRESSION during the timeframe Nike contends Lontex abandoned and did not use the mark.[3] This was a delicate and sensitive endeavor which took some time. Lontex is producing documents in due course, and intends to use declarations to authenticate the pictures and what they represent.[4] Lontex offered flexibility on dates if Nike intended to depose these individuals (Lontex is not deposing any customers Nike obtained labels from). Lontex intends to present their testimony at trial and proposed a number of alternatives to Nike, as many individuals are outside the subpoena power

---

[2] Quoting in order: *Globalaw Ltd. v. Carmon & Carmon Law Office & Globalaw, Inc.*, 452 F. Supp. 2d 1, 62 (D.C.C. 2006); *Aktienge-Sellschaft v. Westburg*, 260 F. Supp. 636, 637 (E.D. Pa. 1966); *Easy Life, LLC v. Godaddy Operating Co.*, LLC, 2015 U.S. Dist. LEXIS 103489, at *8-9 (C.D. Ill. Aug. 7, 2015).

[3] Realistically, Nike will not come close to its heavy burden of clear and convincing evidence of *both* discontinued use and no intent to resume use of the mark. *See EH Yacht, LLC v. Egg Harbor, LLC*, 84 F. Supp. 2d 556, 564 (D.N.J. 2000) (abandonment must be "strictly proved," i.e., "by clear and convincing evidence").

[4] Lontex already amended initial disclosures to include these individuals and will do so for any further individuals.

of the court. For such persons outside 100 miles of the Court, and to the extent some other mechanism (i.e. declarations) is not agreed upon, Lontex intends once a trial date is reasonably certain to issue trial depositions to obtain trial testimony of the cooperative witnesses for trial.

***Expert reports and depositions***. Lontex requests extending expert discovery about two weeks to April 15, 2020. The parties already agreed to depose Nike's five experts in April ending April 14, but Nike oddly disagrees with an extension that will allow it to depose any rebuttal expert for which Lontex timely discloses an expert report by March 30. While the Court's scheduling order does not address rebuttal expert reports by Lontex, in such instance, such reports are governed and still permitted by Rule 26(a)(2)(D)(ii). *Fulton Fin. Advisors v. Natcity Investments, Inc*., No. CV 09-4855, 2016 WL 5461897 *2 (E.D. Pa. Sep. 28, 2016) ("Courts have held that where a CMO is silent as to rebuttal expert reports, the terms of Rule 26(a)(2)(D)(ii) permits them if they are timely disclosed."). Lontex plans to designate any rebuttal experts and produce reports within 20 days rather than the Rule's 30 days, acting within the current cutoff, but more time is needed if Nike is to take any deposition. Nike compounded the situation by waiting until March 5 to advise it had five experts (Lontex has two), and refusing any request to disclose their identity before late Tuesday night when producing their reports.

***Pending third party subpoenas***. Lontex served a subpoena on Hibbett Sports, Inc. in December 2019. Hibbett filed a motion to quash in the Northern District of Alabama, Case 2:19-mc-02036-AKK, which remains pending. On March 6, 2020, Lontex also served subpoenas for oral testimony on Dick's Sporting Goods, Inc. and Academy, Ltd., who have preliminarily indicated they object to an oral deposition. Lontex requests more time as necessary to resolve these issues beyond the current discovery deadline, as Nike's products were largely sold through third party retailers and thus retailer testimony will be important to a full picture of the material facts for the trier of facts. Lontex reasonably limited itself to just two of hundreds of retailers.

***Coronavirus (SARS-Cov-2) and related disease (Covid-19)***. Over the next several weeks, the parties will conduct depositions in various locations in the United States, requiring travel through crowded public spaces. In the event counsel or witnesses suspect exposure to coronavirus SARS-Cov-2 or acquire symptoms consistent with Covid-19, witnesses and/or counsel might request postponement of depositions. Lontex requests an order from the Court that any deposition postponed for issues related to coronavirus be allowed to proceed after the discovery cutoff date subject to the least amount of delay reasonably necessary.

Dated: March 11, 2020

TROUTMAN SANDERS LLP

By: /s/ *Ben L. Wagner*
    Ben L. Wagner (CA SBN 243594)
    ben.wagner@troutman.com
    *Admitted Pro Hac Vice*
    11682 El Camino Real, Suite 400
    San Diego, CA 92130-2092
    Telephone: 858-509-6000
    Facsimile: 858 509 6040

    Michael B. Dubin, Esq.
    (PA SBN 70681)
    SEMANOFF ORMSBY GREENBERG &
    TORCHIA, LLC
    2617 Huntingdon Pike
    Huntingdon Valley, PA 19006

    Attorneys for Plaintiff
    LONTEX CORPORATION

# CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March, 2020, a true and correct copy of the foregoing was submitted electronically to Chambers_of_Judge_Michael_Baylson@paed.uscourts.gov and served on all counsel of record for Defendant NIKE, Inc., via email, as agreed to by the parties as the preferred method of service:

Francis W. Ryan via frank.ryan@dlapiper.com

Gina L. Durham via gina.durham@dlapiper.com

Marc E. Miller via marc.miller@dlapiper.com

Andrew Peck via andrew.peck@dlapiper.com

Ben. C. Fabens-Lassen via ben.fabens-lassen@dlapiper.com

Darius C. Gambino via darius.gambino@dlapiper.com

/s/ Craig C. Crockett
Craig C. Crockett