Troutman Sanders LLP
11682 El Camino Real, Suite 400
San Diego, CA 92130-2092

troutman.com



**Ben L. Wagner**
ben.wagner@troutman.com

March 30, 2020

**VIA ECF**

Hon. Michael M. Baylson
James A. Byrne U.S. Courthouse
Room 3810, Courtroom 3-A
601 Market Street
Philadelphia, PA 19106

Re:   Lontex Corporation v. NIKE, Inc., Case No. 18-cv-5623 (E.D. Pa.)

Dear Judge Baylson:

We write regarding a pending motion to quash filed in the Southern District of Texas.

As stated in Lontex Corporation's Status Report dated March 11, 2020 (Dkt. 148 at p. 3), Lontex has served third party subpoenas for oral testimony, including on Academy, Ltd., a company that amongst third party retailers sold the second-highest volume of the products accused of infringement in this action. Third party retailers, such as Academy, marketing and distributing the accused products are the basis for Nike's contributory infringement as alleged in the Third Count of Lontex's First Amended Complaint (Dkt. 20). On March 20, 2020, Academy, Ltd. filed a motion to quash in the Southern District of Texas, case number 4:20-mc-00861, a copy of which is enclosed.

At the most recent status conference with Your Honor on March 13, 2020, you asked about a motion to quash a document subpoena that has been in pending status in Alabama since December 2019, and expressed that the Court believed it had the authority to rule on that motion, but declined to do so since it was under consideration by another judge. Given your attempt to resolve all of the outstanding discovery issues at this time, Lontex respectfully requests that this Court resolve Academy's motion to quash and set the matter for telephonic oral argument before the matter is taken under consideration by another judge. We have asked counsel for Academy and counsel for Nike to proceed in this manner; Academy opposes and Nike has not yet responded.

To the extent the Court decides that it lacks jurisdiction over the motion to quash at this time, Lontex will timely oppose the motion in the Southern District of Texas by April 9, 2020, and request transfer to this Court. *See* Fed. R. Civ. P. 45(f) ("When the court where compliance is



required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.").

Respectfully,

/s/ *Ben L. Wagner*

Ben L. Wagner

Enclosures

cc: Counsel of Record (via ECF)
Janet E. Militello (jmilitello@lockelord.com), counsel for Academy, Ltd.
Danielle Charron (danielle.charron@lockelord.com), counsel for Academy, Ltd