

2800 JPMorgan Chase Tower, 600 Travis
Houston, TX 77002
Telephone: 713-226-1200
Fax: 713-223-3717
www.lockelord.com

Danielle Charron
Direct Telephone: 713-226-1409
Danielle.charron@lockelord.com

March 31, 2020

**Via ECF**
Hon. Michael M. Baylson
James A. Byrne U.S. Courthouse
Room 3810, Courtroom 3-A
601 Market Street
Philadelphia, Pennsylvania 19106

    Re:    Lontex Corp. v. NIKE, Inc., Case No. 18-cv-5623 (E.D. Pa.)

Dear Judge Baylson:

We represent Academy, Ltd. d/b/a Academy Sports + Outdoors ("Academy") and write in response to Lontex's letter filed as Dkt. 153 (the "Letter") in the above-referenced case. Academy moved to quash Lontex's Subpoena to Testify (the "Subpoena") in the Southern District of Texas, arguing that it is unduly burdensome. Importantly, the Subpoena commands Academy's compliance in Houston, Texas:[1]

> **SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**
>
> To: Academy, Ltd. d/b/a Academy Sports & Outdoors, Ltd.
> 1800 N Mason Rd, Katy, TX, 77449-2897
>
> *(Name of person to whom this subpoena is directed)*
>
> ☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
> See Attachment A
>
> | Place: 1225 North Loop West, Suite 327, Houston, TX 77008 | Date and Time: March 25, 2020 at 9:30 a.m. |
> |---|---|

Therefore, the Southern District of Texas is the compliance court, for purposes of Rule 45. *See* FED. R. CIV P. 45(d)(3) (authorizing "the court for the district where compliance is required" to quash subpoenas); *see also* 2013 Advisory Comm. Notes to Rule 45 ("To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations . . . that motions be made in the court in which compliance is required. . .").

---

[1] Subpoena, attached hereto as Exhibit A.

1

After Academy properly filed its motion to quash (the "Motion") in the Southern District of Texas, Lontex's counsel asked whether Academy would consent to having the motion heard before this Court. Academy declined.[2] Under Rule 45(f), Lontex could have filed a motion in the Southern District of Texas asking to transfer the motion to quash to this Court, if it were able to show "exceptional circumstances." *See* FED. R. CIV. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court ***if the person subject to the subpoena consents or if the court finds exceptional circumstances***") (emphasis added).[3]

Instead of making that motion and meeting its burden under Rule 45(f)—presumably because Lontex cannot do so—Lontex's counsel wrote a Letter to this Court. Lontex disingenuously urged this Court rule on Academy's Motion "before it is taken under consideration by another judge," even though Academy's Motion is currently pending before Judge Bennett in the Southern District of Texas, even though Rule 45 mandates resolution in the Southern District of Texas, ***and even though Judge Bennett has already undertaken the Motion by scheduling a phone conference***.[4] Lontex's Letter is nothing more than an attempt to make an end-run around the Rules.

Indeed, Rule 45 leaves no room for debate regarding the proper forum to resolve challenges to subpoenas that require compliance in another jurisdiction:

> **Rule 45(d)(3)—Quashing or Modifying a Subpoena.**
>
> (a) *When Required.* On timely motion, **the court for the district where compliance is required** must quash or modify a subpoena that:
> . . .
> (iv) Subjects a person to undue burden.[5]

That is why Judge Bennett in the Southern District of Texas—as the compliance court—has already initiated a phone conference regarding Academy's Motion.[6] Academy respectfully requests that this Court adhere to the clear mandates of Rule 45, which do not permit resolution of Academy's Motion by this Court.

---

[2] *See* correspondence attached as Exhibit C.
[3] Lontex's understanding of this procedure is evidenced by its recent request that Academy "consent" to having its Motion heard by this Court. *See* correspondence attached as Exhibit C.
[4] *See* E-mail from Lisa Edwards, Case Manager to The Honorable Alfred H. Bennett, United States District Court for the Southern District of Texas, attached hereto as Exhibit B.
[5] Other provisions of Rule 45 confirm the compliance court's exclusive authority to rule on motions challenging subpoenas that are issued in one court, but require compliance in another court. *See, e.g.,* FED. R. CIV. P. 45(d)(1) ("The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."); *id*. at 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances.").
[6] *See* Exhibit B ("The Court wishes to set this matter for phone conference after respondent has received notice and a response has been filed on the record. Please advise.").

Respectfully Submitted,

*/s/ Danielle Charron*
*/s/ Aileen E. McTiernan*
Counsel for Academy, Ltd.

Enclosures

cc:
**Janet Militello**
j.militello@lockelord.com
**Ben L. Wagner**
ben.wagner@troutman.com
**Craig Crockett**
craig.crockett@troutman.com