# EXHIBIT A

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF PENNSYLVANIA

Came To Hand: 3 / 6 / 2020
Delivered: 3 / 6 / 2020
By: EI

| | |
|---|---|
| LONTEX CORPORATION <br> *Plaintiff* <br> v. <br> NIKE, INC. <br> *Defendant* | Civil Action No. 2:18-CV-05623-MMB |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Academy, Ltd. d/b/a Academy Sports & Outdoors, Ltd.
1800 N Mason Rd, Katy, TX, 77449-2897

*(Name of person to whom this subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment A

| Place: 1225 North Loop West, Suite 327, Houston, TX 77008 | Date and Time: <br> March 25, 2020 at 9:30 a.m. |
|---|---|

The deposition will be recorded by this method: stenographically and by video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 5, 2020

*CLERK OF COURT*

OR

_____       *Craig Crockett* (signature)
Signature of Clerk or Deputy Clerk        *Attorney's signature*
                                                        Craig C. Crockett

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Lontex Corporation
_____, who issues or requests this subpoena, are:
Craig Crockett, 3 Embaracadero Center, Suite 800, San Francisco, CA 94111; craig.crockett@troutman.com; 415-477-5724

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:18-CV-05623-MMB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

    I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

    ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

    I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).


American LegalNet, Inc.
www.FormsWorkFlow.com

# ATTACHMENT A

## DEFINITIONS AND INSTRUCTIONS

The following terms and phrases are defined and used herein as follows:

1. The terms "YOU" or "YOUR" refer to Academy, Ltd. d/b/a Academy Sports & Outdoors, Ltd. and its subsidiaries, divisions, departments, affiliates, and any officers, directors, agents, employees, or consultants.

2. The term "NIKE" refers to Defendant Nike, Inc. and its predecessors, successors, subsidiaries, divisions, departments, affiliates, and any and all past or present officers, directors, agents, employees, consultants, experts, attorneys, parents, subsidiaries, and other persons appearing or purporting to act on its behalf.

3. The term "LONTEX" refers to Plaintiff Lontex Corporation.

4. The term "COOL COMPRESSION Mark" refers to LONTEX's marks:

    U.S. Reg. No. 3,416,053 (COOL COMPRESSION word mark); and

    U.S. Reg. No. 3,611,406 (COOL COMPRESSION word mark);

whether standard character, stylized, or design mark.

5. The term "ACCUSED TERM," refers to NIKE's use of "Cool Compression" and any similar variation thereof.

6. The term "ACCUSED PRODUCTS" refers to (1) NIKE's product numbers: 642350, 642351, 642352, 642354, 679444, 683134, 687837, 687839, 687840, 688614, 703084, 703086, 703088, 703090, 703092, 703094, 703096, 703098, 715907, 719903, 724347, 724354, 724782, 724785, 725443, 726460, 726461, 726462, 726464, 726465, 728044, 728047, 728048, 728049, 728192, 728343, 728357, 728358, 728359, 728361, 728363, 729269, 729273, 742959, 742961, 744279, 804337, 804655, 811431, 828642, 833544, 837174, 837181, 844306, 848199,

1

883178, 883179, 883180; (2) any other NIKE product that includes in the product name or description either "Cool Compression," "Cool Comp," "CL COMP," "COOLCOMPRESSION," "cool-comp," "coolcomp," "cool-compression," or any other variation of the term "cool" within three words of "compression") (e.g. "Cool 9" Compression," "Cool ½ Sleeve Compression," "Cool HBR Comp")) (or "comp").

7. The terms "PERSON" or "PERSONS" refer to any natural person, agent, licensee, firm, association, organization, partnership, business, trust, corporation, joint venture and all other forms of legal entities.

8. The terms "DOCUMENT" or "DOCUMENTS" refer to the full scope of documents and things discoverable under the Federal Rules of Civil Procedure and is used herein in its broadest sense to include, anything in which there is portrayed or contained, or from which can be retrieved, any facts, information, or data, including, without limitation: (i) all writings of every kind, including, but not limited to, letters, telegrams, memoranda, reports, studies, calendar and diary entries, pamphlets, notes, charts, drawings, graphs, tabulations, analyses, statistical or other informational accumulations, advertisements, portfolios, file folders or jackets, folder covers, and any kind of records of meetings and conversations (also including, without limitation, audio recordings), (ii) photographs and film impressions, digital images captured in any media, moving pictures, (iii) all ESI as defined below, (iv) data accessible via the Internet (including, but not limited to, http, html, xml, java, or Adobe Flash web pages and/or web data), or stored on magnetic tapes or on any other data storage media, (v) sound or mechanical reproductions or recordings, and (vi) copies of documents that are not identical to the duplicates of the originals (e.g., because handwritten or "blind" notes appear thereon or are attached thereto), whether or not the originals are in YOUR possession, custody, or control. A draft,

alternate version, or non-identical copy, including any copy on which any mark, alteration, writing, attachment, or any other change from the original appears, is a separate document within the meaning of these terms.

9. The term "ESI" refers to data recorded or stored on or in main frame computers, network file systems, servers (including web servers), workstations, computer databases, personal computers (whether or not connected to a network), laptop computers, telephones (including, but not limited to, cell phones and smart phones), zip™ drives, flash memory media, including, but not limited to, thumb drives, memory sticks, and flash memory cards, external drives, removable drives, diskettes, optical media, including, but not limited to, CDs, DVDs, and magneto-optical discs, personal digital assistants ("PDAs," e.g., Palm™, Blackberry™, and iPhone™ devices, and the like), digital photographs, digital movies, videotapes, audio tapes, and similar media. This includes, by way of example and not limitation, CAD, CAM, and similar drawings, digital photographs and movies, electronic mail (also referred to herein as "e-mail") (and attachments thereto), short message service ("SMS") messages, multimedia messaging service ("MMS") messages (and attachments thereto), metadata, object code, presentations, software, source code, spreadsheets, voice mail, word processor files, Internet webpages, and other electronically stored data compilations. All versions and drafts are to be produced as separate items.

10. The terms "COMMUNICATION" or "COMMUNICATIONS" refer to any oral, written or electronically recorded utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, without limitation, electronic mail, instant messages, correspondence, conversations, telephone calls, dialogues, discussions, interviews, consultations,

agreements and any other understandings between or among two or more persons or any document that recorded or reflected any such communication.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. The use of the singular form of any word includes the plural and vice versa.

13. Any pronoun shall be construed to refer to the masculine, feminine, or neutral gender as in each case is most appropriate.

## DOCUMENT REQUESTS

### TOPIC NO. 1:

Reference materials, sales guides or sales materials provided to YOUR stores or store personnel concerning any of the ACCUSED PRODUCTS, including tech sheets, modules, technical information, and all other Nike reference materials such as were available on sku.nike.net or Nike's Sports Knowledge Underground portal, as well as any training materials for personnel regarding how to discuss the ACCUSED PRODUCTS with customers.

### TOPIC NO. 2:

Hangtag (including any tagging, sticker or marking placed on hangtags), label, package, advertisement, online listing, invoice, point of purchase display, order confirmation, and promotional material for the ACCUSED PRODUCT, including from online purchases.

### TOPIC NO. 3:

Advertisement and promotional material (e.g., print, radio, television, brochures, catalogs, flyers, press releases, website pages, website banners, social media, in-store displays, point-of-sale promotional items) displaying any ACCUSED TERM or ACCUSED PRODUCTS.

**TOPIC NO. 4:**

COMMUNICATIONS with YOU and NIKE that discussed ceasing, altering or modifying usage of the term "Cool Compression."

**TOPIC NO. 5:**

Materials that YOU referenced when YOU ordered any of the ACCUSED PRODUCTS, for example, NIKE product catalogs.

**TOPIC NO. 6:**

The sales reflected in the document attached as Exhibit 1 and produced by YOU.