**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LONTEX CORPORATION,** <br><br> v. <br><br> **NIKE, INC.** | **CIVIL ACTION** <br><br> **NO. 18-5623** |

**MEMORANDUM RE MOTION TO AMEND AND DISMISS COUNTERCLAIMS**

**Baylson, J.**                                                                                          **October 6, 2020**

### I.   INTRODUCTION

Plaintiff Lontex Corporation ("Lontex") is the owner of three federally registered trademarks for COOL COMPRESSION, consisting of two word marks, and the one design mark at issue in this Motion, U.S. Registration No. 3,416,236 ("the '236 Reg."). Lontex sued Defendant Nike, Inc. ("Nike") for trademark infringement in violation of the Lanham Act and state law by selling athletic apparel with Lontex's registered trademarks without authorization. In response, Nike counterclaimed for cancellation of all three trademarks.

Lontex has provided Nike an irrevocable covenant not to sue on the '236 Reg., and argues that this resolves all claims related to the '236 Reg. Before this Court is Lontex's Motion to Amend its First Amended Complaint and Partially Dismiss Nike's Amended Counterclaims to the extent that they relate to the '236 Reg. (ECF 109, "Lontex's Mot.") Nike filed a Response in Opposition (ECF 124, Nike's Opp'n), and Lontex filed a Reply (ECF 129, Lontex's Reply). For the reasons stated below, Lontex's Motion will be granted in part and denied in part.

### II.   FACTUAL BACKGROUND

Lontex is an athletic apparel manufacturer, and the owner of three trademarks related to the term COOL COMPRESSION. (ECF 20, "Am. Compl." ¶ 1.) Two of those trademarks cover

1

the words COOL COMPRESSION as they relate to certain lines of clothing, U.S. Registration Nos. 3,416,053 and 3,611,406 ("Word Mark Registrations"). (Am. Compl. ¶¶ 11, 13.) The '236 Reg. is a design trademark that contains the words COOL COMPRESSION accompanied by a logo of an abstract depiction of a person, and covers the same registered goods protected by the word mark for U.S. Reg. No. 3,416,053. (Am. Compl. ¶ 11, Ex. A.)

Lontex brought suit against Nike under federal and state law alleging that Nike products infringed on these trademarks. Lontex's First Amended Complaint defines all three registrations as the "COOL COMPRESSION Mark," and asserts all allegations and claims based on the "COOL COMPRESSION Mark." See Am. Comp. ¶ 11, 14. In Nike's answer to the Amended Complaint, Nike counterclaimed for cancellation of all three trademarks based on Lontex's alleged abandonment of the mark, and alleged fraud on the USPTO. (ECF 40 at 20–22.)

The parties have engaged in extensive discovery, which according to Lontex, indicates that a substantial majority of Nike's use of the COOL COMPRESSION marks has been as a word mark, without any accompanying design. As a result, in December 2019, Lontex executed a covenant not to sue, in which it irrevocably covenanted not to sue Nike under any cause of action under state or federal law arising from the '236 Reg. The document covenanted as follows:

> Lontex . . . hereby unconditionally and irrevocably covenants to refrain from making any claim(s) or demand(s), or from commencing, causing, or permitting to be prosecuted any action in law or equity, against Nike . . . on account of any possible cause of action based on or involving trademark infringement, unfair competition, or dilution, under state or federal law in the United States arising from U.S. Trademark Registration No. 3,416,236 based on any of Nike's current and/or previous products or colorable imitations, including without limit the trademarks, trade names, product names, or product descriptions of said products, regardless of whether those products are produced, distributed, offered for sale, advertised, sold, or otherwise used in commerce before or after the Effective Date of this Covenant. Notwithstanding and for the avoidance of doubt, this does not include U.S. Trademark Registration Nos. 3,416,053 and 3,611,406 or the word mark "COOL COMPRESSION," which rights exist separate and apart from U.S. Trademark Registration No. 3,416,236.

(Lontex's Mot. Ex. 1.)

**III.   PROCEDURAL HISTORY**

Previously this Court granted Nike's Partial Motion to Dismiss, dismissing with prejudice Lontex's claims of counterfeiting in Counts I and III of the Amended Complaint. Lontex Corp. v. Nike, Inc., 384 F. Supp. 3d 546, 551 (E.D. Pa. 2019). Since then, the parties have engaged in extensive discovery. This Court has ruled on Motions to Compel and held phone conferences and in person hearings on these issues.

Pursuant to its covenant not to sue, on December 23, 2019, Lontex moved to amend the First Amended Complaint to remove its trademark infringement claims based on the '236 Reg., and simultaneously moved to dismiss Nike's counterclaim that seeks cancellation of the '236 Reg. as moot. (Lontex's Mot.) On January 17, 2020, Nike filed a Response in Opposition (ECF 124, Nike's Opp'n), and on January 24, 2020, Lontex filed a Reply (ECF 129, Lontex's Reply). The Court held a phone conference to discuss this and all other open motions on September 29, 2020.[1]

**IV.   LEGAL STANDARD**

"Article III of the Constitution limits the judicial power of the United States to the resolution of 'Cases' and 'Controversies,' . . . . and [n]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." Hein v. Freedom from Religion Found., Inc., 551 U.S. 587, 597-98 (2007) (internal quotation marks and citations omitted). Therefore, "[w]hen the issues presented in a case are no longer 'live' or the parties lack a legally cognizable interest

---

[1] Nike's Motion for Sanctions (ECF 168) and Lontex's Motion to Compel (ECF 171) are still pending before the Court.

in the outcome, the case becomes moot and the [district] court no longer has subject matter jurisdiction." Weiss v. Regal Collections, 385 F.3d 337, 340 (3d Cir. 2004).

However, "[m]ere voluntary cessation of allegedly illegal conduct does not moot a case." United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199, 203 (1968). Rather, "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 190 (2000) (citing Concentrated Phosphate, 393 U.S. at 203).

V.     PARTIES' CONTENTIONS

Lontex contends that Nike's counterclaims, as they relate to the '236 Reg., are moot under Already, LLC v. Nike, Inc., 568 U.S. 85 (2013). (Lontex's Mot. 7-8.) In Already, the Supreme Court held that when Nike covenanted not to sue Already for the mark at issue, and moved to dismiss its trademark infringement claims for the mark, Already's counterclaim seeking to cancel Nike's trademark registration became moot. Already, 568 U.S. at 100.

Nike argues[2] that Already does not apply because in that case, the covenant not to sue covered all the claims in the case, while Lontex's covenant not to sue only covers one of the three trademarks at issue. (ECF 124, Nike's Opp'n 12–13.) Further, because Lontex's three marks are related to each other in that they all contain the words COOL COMPRESSION, Nike contends that there is still a live dispute about the validity of the '236 Reg. (Nike's Opp'n 11–12.)

Nike also asserts that Lontex's covenant does not moot its counterclaim as to the '236 Reg.

---

[2] Nike also argues that the Court should allow it to present evidence to the jury relating to the invalidity and lack of use of the '236 Reg, and that the Court should strike certain recitals in Lontex's covenant not to sue. The Court finds that an argument regarding evidence would more appropriately be presented as a Motion in Limine, and that Nike has provided no legal basis for striking recitals from the covenant not to sue.

4

because the covenant only covers state and federal trademark claims, and not any claims based on Lontex's common law rights. (Nike's Opp'n 11.)

Lastly, Nike argues that there is no basis for dismissing its counterclaim with prejudice, and points to Already, where the Supreme Court affirmed the dismissal of Already's counterclaim without prejudice. (Nike Opp'n 14–15.)

In the response, Lontex argues that mootness must be evaluated as to each mark being challenged, and, as to the '236 Reg., its covenant not to sue removes Nike's stake in the outcome of the counterclaim, regardless of its similarity to the other marks. (Lontex's Reply 6-7.) In addition, Lontex further asserts that its covenant covers all claims arising out of the '236 Reg., because even if Nike succeeded in cancelling the '236 Reg., that would not extinguish any of the common law rights Nike asserts keep its counterclaim alive, as those rights exist independent of the mark's registration. (Lontex's Reply 4.)

Lontex also argues that the Court should dismiss Nike's counterclaim with prejudice because the Court no longer has jurisdiction over the counterclaim. (Lontex's Reply 7–8.) Lontex asserts that the only reason Already's counterclaim was dismissed without prejudice was because Nike did not request that it be dismissed with prejudice. (Lontex's Reply 15.)

## VI. DISCUSSION

When Nike asserted its counterclaim seeking to cancel Lontex's '236 Reg., a live dispute existed as to the validity of the mark's registration because Lontex was pursuing federal trademark claims based, in part, on the '236 Reg. See Already, 568 U.S. at 91-92 (holding that Already had standing to counterclaim for cancellation of Nike's trademark because "Nike was allegedly pressing an invalid trademark to halt Already's legitimate business activity" (citing MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126–37 (2007)).

However, Lontex is no longer pursuing its trademark claims against Nike, and has irrevocably covenanted not to pursue such claims under state or federal law in the future. This is the same action that the Supreme Court in <u>Already</u> held sufficient to moot a counterclaim seeking to cancel a registered trademark. 549 U.S. at 100. According to the Supreme Court, Already's counterclaim became moot because "Already's only legally cognizable injury—the fact that Nike took steps to enforce its trademark—is now gone and, given the breadth of the covenant, [enforcement] cannot reasonably be expected to recur." <u>Id.</u>

Nike argues that the Court's holding in <u>Already</u> is distinct because Lontex's '236 Reg. is inextricably intertwined with the other two registrations at issue in this case, all of which use the term "COOL COMPRESSION." (Nike's Opp'n 11–13.) This distinction is not significant. Article III's controversy requirement cannot be assessed "in gross;" it must be met for each claim pressed, and each form of relief sought. <u>Davis v. Federal Election Comm'n</u>, 554 U.S. 724, 734 (2008) (quoting <u>DaimlerChrysler Corp. v. Cuno</u>, 547 U.S. 332, 352 (2006)); <u>see also</u> <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 109 (1983). There must be a live controversy between Lontex and Nike for each trademark registration that Nike seeks to cancel. As Lontex's covenant not to sue allows Nike to sell products that would otherwise infringe on Lontex's '236 Reg. without fear of a trademark claim, the controversy that once supported Nike's counterclaim no longer exists. <u>See Already</u>, 568 U.S. at 95-96. That Lontex may still pursue its claims with respect to other trademarks that use the term COOL COMPRESSION does not put Nike in fear of a trademark infringement claim based on the '236 Reg.

Nike also asserts that Lontex's covenant falls short of mooting Nike's counterclaim because the covenant does not cover Lontex's common law rights. (Nike's Opp'n 11.) However, "the cancellation of a trademark registration does not extinguish common law rights the

6

registration did not create." Santana Prods., Inc. v. Compression Polymers, Inc., 8 F.3d 152, 155 (3d Cir. 1993) (quoting Volkswagenwerk Aktiengesellschaft v. Wheeler, 814 F.2d 812, 819 (1st Cir. 1987)).  In other words, even the cancellation of Lontex's '236 Reg. would not prevent a subsequent trademark infringement claim based on Lontex's common law rights.  Because Lontex has covenanted not to pursue any federal or state law claims against Nike that arise out of its '236 Reg., Nike no longer has "any prospect of infringement liability" based on the '236 Reg.  Already, 568 U.S. at 95.  Nike's counterclaim with respect to the '236 Reg. is therefore moot, and will be dismissed.

However, Nike's counterclaim will be dismissed without prejudice.  While Lontex cites to cases which dismiss claims that failed to confer subject matter jurisdiction with prejudice, none of them did so because the claim was moot.  See Williams v. CVS Caremark Corp., No 15-5773, 2016 WL 3912839 (E.D. Pa. July 19, 2016) (Baylson, J.) (failure to comply with administrative requirements); Bradley v. West Chester Univ., No. 15-2681, 2015 WL 8468563 (E.D. Pa. Dec. 9, 2015) (Baylson, J.) (sovereign immunity); Nat'l R.R. Passenger Corp. v. URS Corp., No 05-4175, 2007 WL 1740276 (E.D. Pa. Jun. 14, 2007) (Baylson, J.) (sovereign immunity); Castro v. United States Dept. of Homeland Sec., 835 F.3d 422 (3d Cir. 2016) (jurisdiction-stripping statute).

The Third Circuit, however, has held that when a district court lacks jurisdiction, "the case should be dismissed without prejudice." Kamal v. J. Crew Grp. Inc., 918 F.3d 102, 119 (3d Cir. 2019) (citing Cottrell v. Alcon Labs, 874 F.3d 154, 164 n.7 (3d Cir. 2017)).  A dismissal without prejudice makes sense when, as here, a case is mooted by voluntary cessation.  If the relevant behavior ever restarts, the cause of action will cease to be moot, and the opposing party should be allowed to refile his or her claims.  Here, as long as there is no prospect of an infringement claim based on the '236 Reg., Nike's counterclaim will remain moot.

## VII.  CONCLUSION

For the reasons stated above, Lontex's Motion to Amend the First Amended Complaint and Partially Dismiss Nike's Amended Counterclaims as to the '236 Reg. will be granted in part and denied in part.  Lontex's Motion to Amend the Amended Complaint to remove any reference to U.S. Trademark Registration No. 3,416,236 will be granted, and Nike's counterclaim seeking cancellation of the '236 Reg. will be dismissed without prejudice.  An appropriate Order follows.

O:\CIVIL 18\18-5623 Lontex Corp v Nike\18cv5623 Memo re Counterclaims 10062020.docx