

DLA Piper LLP (US)
555 Mission Street
Suite 2400
San Francisco, California 94105-2933
www.dlapiper.com

Gina Durham
gina.durham@dlapiper.com
T   415.836.2506
F   415.659.7333

October 14, 2020
*Via ECF*

Hon. Michael M. Baylson, U.S. District Judge
3810 United States Courthouse
601 Market Street, Philadelphia, PA 19106

**Re:**   *Lontex Corporation v. NIKE, Inc.*, **Case No. 18-cv-5623**

Dear Judge Baylson:

Defendant NIKE, Inc. submits this letter in response to the Court's September 30, 2020 Order regarding NIKE's Motion for Sanctions at ECF 168.  (ECF 175 at ¶ 5.)

**Fed. R. Civ. P. 45**:  Plaintiff's issuance, without notice to NIKE, of 63 "trial subpoenas" to athletic trainers at NFL and MLB teams to appear in Your Honor's courtroom on November 2, 2020 violates Rule 45, and such conduct should be sanctioned according to *Coleman-Hill v. Governor Mifflin Sch. Dist.*, 271 F.R.D. 549, 552 (E.D. Pa. 2010) (awarding monetary and non-monetary sanctions for abuse of the subpoena power: excluding some evidence received because of violation of the subpoena rule, requiring complete production of documents and affidavit of counsel, admonishing counsel, and awarding costs); *Mid–Atlantic Constructors Inc. v. Stone & Webster Constr.*, Inc., 231 F.R.D. 465, 467 (E.D. Pa. 2005) (awarding monetary sanctions and concluding that counsel acted in bad faith by serving a subpoena on a non-party past the discovery deadline and without prior notice to opposing counsel)*; Mick Haig Prods., e.K. v. Does*, No. 3:10-CV-1900-N, 2011 WL 5104095, at *5 (N.D. Tex. Sept. 9, 2011) (awarding monetary and non-monetary sanctions under Rules 26 and 45 for "grossly abusing" the court's subpoena power); *In re Air Crash at Charlotte, N.C.*, 982 F.Supp. 1092, 1095 (D.S.C. 1997) (sanctioning counsel for knowingly issuing an invalid trial subpoena to a witness who was beyond the subpoena power of the court and representing to the witness, expressly or by inference, that the subpoena was valid). As was the situation in these cases where the court awarded monetary and/or non-monetary sanctions, Plaintiff abused the trial subpoena power of this Court. Plaintiff issued the trial subpoenas primarily to individuals, rather than team counsel, to create the impression that these non-parties were required to appear before this Court (or for a video-taped trial deposition), during the COVID crisis, in the middle of the upcoming NFL and MLB seasons absent signing a declaration that Plaintiff had drafted for them, without having



Hon. Michael M. Baylson, U.S. District Judge
October 14, 2020
Page Two

conducted an interview to obtain personal knowledge of the witness. As far as NIKE knows, Lontex has not withdrawn the trial subpoenas—or communicated to the non-parties that trial will not be commencing on November 2, 2020.

**Fed. R. Civ. P. 30**: Plaintiff's proposal to take trial depositions far in excess of Rule 30's presumptive limit (that applies to both discovery and trial depositions) without conferring with NIKE and without seeking leave of the Court violates Rule 30 and denies NIKE and this Court the ability to engage in case management necessary for an orderly trial. Courts routinely deny requests to conduct trial depositions after the close of fact discovery as untimely and improper—especially where, as here, the party seeking the trial deposition failed to engage in basic pretrial diligence and preparation. *See e.g.*, *In Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 557 (S.D. Cal. 1999).

**Fed. R. Civ. P. 26**: Under Rule 37(c)(1), the Court should exclude the 63 subpoenaed witnesses and the 5 other witnesses not timely disclosed to NIKE during discovery, as well as any declarations obtained from these individuals. *See e.g.*, *Muldrow v. Brooks*, 34 F. App'x 854, 855 (3d Cir. 2002) (excluding testimony from undisclosed witnesses); *Perez v. Great Wolf Lodge of the Poconos LLC*, No. 3:12-CV-01322, 2017 WL 34697, at *7–9 (M.D. Pa. Jan. 3, 2017) (awarding costs and excluding testimony for failure to disclose); *Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 224–29 (D.D.C. 2015) (same, and holding that Rule 26(e) is not a "a license to sandbag the opposing party with reams of pertinent information on the eve of summary judgment."). Like the discovery misconduct sanctioned in these cases, Plaintiff failed to timely disclose these individuals. These individuals who Plaintiff now seeks to use as trial witnesses to establish its case have been customers throughout the duration of this case (they are not new witnesses Plaintiff just learned of), and if they were critical to its case, Plaintiff should have disclosed them earlier so NIKE could have deposed them instead of the witnesses that Plaintiff did disclose.[1] Plaintiff's untimely disclosure further deprives NIKE of competent evidence and the ability to fairly cross-examine witnesses whose memories have not already been influenced by Plaintiff's pre-drafted declarations which offer "testimony" contrary to Plaintiff's sworn testimony.

---

[1] Plaintiff never explains its abrupt departure from its prior position before the Court that NIKE was "prohibited" from contacting and taking discovery from Plaintiff's customers because Plaintiff's customers should not be unduly burdened and used "to develop evidence relating to the likelihood of confusion." (ECF 98 at 1, 4-5.).



Hon. Michael M. Baylson, U.S. District Judge
October 14, 2020
Page Three

                                        Very truly yours,

                                        <u>/s/ Gina Durham</u>

                                        Gina Durham
                                        *Counsel for NIKE, Inc.*

cc:      Counsel of Record via ECF