```
                  UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF PENNSYLVANIA


LONTEX CORPORATION,         .    Case No. 2:18-cv-05623-MMB
                            .
         Plaintiff,         .
                            .
              v.            .
                            .    U.S. Courthouse
NIKE, INC.                  .    601 Market Street
                            .    Philadelphia, PA 19106
                            .
         Defendant.         .
                            .    September 29, 2020
. . . . . . . . . . . . . ..     2:51 p.m.


       TRANSCRIPT OF MOTIONS HEARING HELD VIA TELECONFERENCE
              BEFORE HONORABLE MICHAEL M. BAYLSON
                UNITED STATES DISTRICT COURT JUDGE


TELEPHONIC APPEARANCES:

For the Plaintiff:       Troutman Sanders LLP
                         By:  BEN L. WAGNER, ESQ.
                         11682 El Camino Real, Suite 400
                         San Diego, CA 92130

                         Pepper Hamilton LLP
                         By:  MICHAEL A. SCHWARTZ, ESQ.
                         3000 Two Logan Square
                         18th and Arch Streets
                         Philadelphia, PA 19103


Audio Operator:          Janice Lutz




Proceedings recorded by electronic sound recording, transcript
              produced by transcription service.
_____

                   J&J COURT TRANSCRIBERS, INC.
                       268 Evergreen Avenue
                    Hamilton, New Jersey 08619
                    E-mail:  jjcourt@jjcourt.com

          (609) 586-2311     Fax No. (609) 587-3599
```

1  process, that someone on the sales floor uttered the words
2  COOL COMPRESSION when a consumer was purchasing a Nike
3  accused product.
4             THE COURT:  Okay.
5             MR. MILLER:  The witness that we provided
6  explained in detail why that could never be the case.
7             THE COURT:  All right.  On the motion for --
8             MR. MILLER:  Because Nike sales associates are
9  not -- they don't have that information to read off and
10 say to a consumer at the point of sale.
11            THE COURT:  All right.  On the motion for
12 sanctions, Mr. Wagner, I do recall, we discussed this
13 concept that you were privileged to go about wherever you
14 could find people who are knowledgeable, but I have a
15 question about why you issued a trial subpoena for a trial
16 date that did not exist.  What's your answer to that?
17            MR. SCHWARTZ:  Your Honor, if I may, Mike
18 Schwartz.  Can I respond --
19            THE COURT:  Yes.
20            MR. SCHWARZ:  -- on behalf of Lontex here?
21            THE COURT:  Yes.
22            MR. SCHWARZ:  So, and I appreciate Your Honor,
23 you know, understanding that we were continuing to
24 investigate and trying to locate trial witnesses as we
25 discussed at the March hearing.  And what we did, Your

1 Honor, because of our interactions and at the suggestion
2 of the general counsel of the associations of athletic
3 trainers, we originally tried to talk with the general
4 counsel to come up with the least intrusive method to try
5 to see if there was additional fact witnesses.
6          And we had suggested to the general counsel that
7 if he was willing to do so he would be able to circulate a
8 draft declaration, subject to any changes to make it
9 complete and accurate, among the members of his
10 association, and his response back to us was that he's not
11 in a position to do that, many of the teams would like
12 their trainers to go through team counsel and then would
13 prefer to have a subpoena.
14          So what we did was we sent out a truthful non-
15 misleading, non-coercive letter, you probably have seen
16 it, it's Exhibit 18 to the motion for sanctions, where we
17 clearly identify who we are.  We tell them that the case
18 is currently scheduled to be in a trial pool on November
19 1st.  We acknowledge that they may be outside of the
20 jurisdiction of the court, and we were asking them if they
21 would be willing to agree to accept service of the
22 subpoena voluntarily.
23          And we also suggested to them there may be
24 further ways of minimizing the burden to them, including
25 if they were willing to execute a declaration based on a

1  draft that we provided to (indiscernible).
2          So why did we use November 2nd?  Because as of
3  the date that we heard from Mr. Daffner about requesting a
4  subpoena as the process, that was the trial date.  It was
5  four months out.  Obviously, you know, given the current
6  pandemic we recognize that the trial may not be proceeding
7  and won't be proceeding at that time, but this was a
8  process where we believe that we were acting in good
9  faith, minimizing the burden to anyone, and being clear
10 that what we were requesting was voluntary acceptance of
11 service and a potential alternative of a declaration in
12 lieu of testimony.
13         We also put out there the possibility of a trial
14 deposition for those who would be outside of the court's
15 subpoena jurisdiction for purposes of compelling a witness
16 to come to Philadelphia.
17         THE COURT:  Okay.  Thank you.  All right.  I'm
18 going to take that under advisement.  I know that Nike has
19 a different view of the matter.  Just one second.
20         MS. DURHAM:  Your Honor, may I speak on that for
21 a couple of minutes?
22         THE COURT:  Yes, Ms. Durham, briefly.
23         MS. DURHAM:  Yes.  Your Honor, the account that
24 Mr. Schwartz gave of the discussion with the general
25 counsel of PFATS does not comport with our understanding

1  limits.  Okay.  In those page limits you can refer to
2  exhibits that have already been filed.
3          But the idea that I have to go through -- these
4  briefs on these three motions are over a foot tall when
5  you put all the paper together.  It's just -- it's really
6  unnecessary.  We don't have a local rule to prevent it,
7  but I -- it's just something that is not necessary, and
8  I'm going to have to try to get you to give me the essence
9  of what you think you're entitled to.  All right.  Thank
10 you very much for calling in.
11         UNIDENTIFIED ATTORNEYS:  Thank you, Your Honor.
12                          * * * * *
13
14                      **C E R T I F I C A T I O N**
15         I, COLETTE MEHESKI, court approved transcriber,
16 certify that the foregoing is a correct transcript from
17 the official electronic sound recording of the proceedings
18 in the above-entitled matter, and to the best of my
19 ability.
20
21
22 /s/ Colette Meheski
23 COLETTE MEHESKI
24 J&J COURT TRANSCRIBERS, INC.     DATE:  October 5, 2020
25