**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **LONTEX CORPORATION,**<br><br>v.<br><br>**NIKE, INC.** | **CIVIL ACTION**<br><br>**NO. 18-5623** |

## ORDER RE QUESTIONS FOR ORAL ARGUMENT

**AND NOW** this 21st day of January, 2021, it is hereby **ORDERED** that counsel shall be prepared to address the following questions at the oral argument (via video hearing) on February 2, 2021 at 1:30 p.m.  No party shall file any response or submissions relating to these questions prior to the hearing:

**Lontex's Motion for Summary Judgment on Nike's Fourteenth Affirmative Defense: Statute of Limitations**

1. Are the parties in agreement that Pennsylvania law applies to Lontex's state law claims?

2. Is there any Supreme Court or Third Circuit case that would prevent this Court from determining the statute of limitations for Count V (claims under state law Deceptive and Unfair Business Practices Acts) based on <u>Santana Prods. v. Bobrick Washroom Equip., Inc.</u>, 401 F.3d 123 (3d Cir. 2005)?

    a. Is this issue separate from the Court's determination on Count IV (state common law trademark infringement)?

    b. Does Nike agree that the statute of limitations for Counts I, II, and III (Lanham Act) is six years?

**Lontex's Motion for Summary Judgment on Nike's Fifteenth Affirmative Defense: Laches, Waiver, Acquiescence, and Estoppel**

3. With respect to Nike's laches defense:

    a. Assuming the statute of limitations relevant to Lontex's Lanham Act claims is six years, is the law clear that Nike is not entitled to a presumption of delay?

    b. Assuming there is no presumption of delay, what disputed facts does Nike point to warranting denial of Lontex's Motion for Summary Judgment attacking Nike's affirmative defense?

    c. What disputed facts exist regarding laches as applied to Lontex's state law claims?

4. Does Lontex's July 19, 2016 response to Nike's May 12, 2016 letter create a dispute of material fact regarding Nike's acquiescence defense sufficient to deny Lontex's Motion for Summary Judgment on this issue?

**Nike's Motion for Summary Judgment**

5. Do the words "cool" and "compression" have different meanings in different contexts?

    a. What are the implications of these meanings for finding an absence of disputed facts with respect to likelihood of confusion and the fair use defense?

    b. Does Nike dispute that Lontex owns the trademark "cool compression"?

    c. Does the record support a conclusion that there are genuine disputes of material fact as to whether Lontex's trademark has been waived or has been abandoned?

6. How does Wagner Declaration Exhibit 48 (ECF 203-19) which shows t-shirts under the heading "Nike Pro Cool Compression Short-Sleeve Top" fit into the parties' arguments?

7. Notwithstanding that the Court has previously stated that the only relevant instances of alleged infringement are those in which the phrase "cool compression" is used, how do instances of Nike product names which include the words "cool" and "compression" separated by other words, or which include only one of those words, demonstrate the absence of disputed facts? (For example, please refer to Wagner Declaration Exhibit 48, ECF 203-19)

8. What is each party's position as to the relationship between "Sweat It Out" and "Cool Compression"? What if any legal conclusions follow?

9. Do instances of other companies, not sued by Lontex, using "cool compression" in product names demonstrate the absence of disputed facts with respect to likelihood of confusion and the fair use defense?

10. Are there examples in the record of Lontex using "cool compression" as a product name on its website or other promotional materials (not including care labels)?

11. How do the instances of Lontex's use of "True Compression," pointed to by Nike, demonstrate the absence of disputed facts with respect to likelihood of confusion?

12. What reasons do each party have as to whether and how the Court should consider the declarations made by Mike Kozak (ECF 203-54) and the other professional sports team trainers?

**General Questions**

13. The Court has decided to have oral argument on the Cross-Motions for Summary Judgment before considering the parties' Daubert Motions. This decision was made in part because expert opinions are generally not sufficient, at least in trademark cases, to create a genuine issue of material fact. Is there any Supreme Court or precedential Third Circuit decision which either party believes requires the Court to consider the Daubert Motions before ruling on Summary Judgment?

14. Lontex did not follow the Court's instructions in its December 9, 2020 Order (ECF 207) to provide only the five most significant exhibits supporting its position, instead providing five categories of exhibits. Should the Court penalize Lontex?

                                                           **BY THE COURT:**

                                                           s/ Michael M. Baylson
                                                           **MICHAEL M. BAYLSON, U.S.D.J.**

O:\CIVIL 18\18-5623 Lontex Corp v Nike\18cv5623 Order re questions for oral arg 01212021.docx