**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| LONTEX CORPORATION, | Civil Action No.:  18-cv-5623 |
| Plaintiff, | |
|  | (Hon. Michael M. Baylson) |
| v. | |
|  | |
| NIKE, INC., | |
| Defendant. | |

---

**NIKE, INC.'S MEMORANDUM OF LAW IN RESPONSE TO
LONTEX CORPORATION'S "BRIEF OUTLINING STATE LAW CLAIMS"**

---

## **TABLE OF CONTENTS**

I.      Introduction ................................................................................................................1

II.     The Parties' Proposals on Lontex's State Law Claims .............................................1

III.    Background ................................................................................................................2

IV.     Argument ...................................................................................................................4

        A.      Lontex Cannot Recover Under State Law .....................................................4

                1.      Lontex's State Law Claims Are Governed by a Single Body of
                        State Law ...........................................................................................5

                2.      Choice-of-Law: Lontex's State Law Claims Are Governed by
                        Pennsylvania Law ..............................................................................8

                3.      Lontex Cannot Recover Damages under Pennsylvania Law ...................10

                4.      Lontex Cannot Recover Under Any Other Body of State Law ................13

        B.      Lontex's Unprecedented Proposal to Pursue State Law Recovery Will
                Inevitably Complicate Trial, Confuse the Jury, and Prejudice NIKE....................14

V.      Conclusion ...............................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aliya Medcare Fin., LLC v. Nickell*,
  2015 WL 4163088 (C.D. Cal. July 9, 2015) ............................................................................6

*Am. Diabetes Ass'n v. Friskney Fam. Tr., LLC*,
  177 F. Supp. 3d 855 (E.D. Pa. 2016) ....................................................................................11

*American Rockwool, Inc. v. Owens-Corning Fiberglas Corp.*,
  640 F. Supp. 1411 (E.D.N.C. 1986)....................................................................................5, 6

*Caesars World, Inc. v. Venus Lounge, Inc.*,
  520 F.2d 269 (3d Cir. 1975)................................................................................................12

*Charles Jacquin Et Cie, Inc. v. Destileria Serralles, Inc.*,
  921 F.2d 467 (3d Cir. 1990)................................................................................................12

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983).............................................................................................................14

*CollegeNet, Inc. v. Xap Corp.*,
  2004 WL 2303506 (D. Or. Oct. 12, 2004)...............................................................................6

*Cottman Transmission Sys., Inc. v. Melody*,
  851 F. Supp. 660 (E.D. Pa. 1994).........................................................................................6

*Damon v. Groteboer*,
  937 F. Supp. 2d 1048 (D. Minn. 2013).............................................................................13, 14

*Feld v. Merriam*,
  485 A.2d 742 (Pa. 1984)................................................................................................12, 13

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
  528 U.S. 167 (2000)...........................................................................................................14

*Gay v. CreditInform*,
  511 F.3d 369 (3d Cir. 2007).................................................................................................8

*Gregoria v. Total Asset Recovery*,
  2015 WL 115501 (E.D. Pa. Jan. 7, 2015) ...............................................................................8

*Hammersmith v. TIG Ins.*,
  480 F.3d 220 (3d Cir. 2007).................................................................................................8

*House of Westmore v. Denney,*
    151 F.2d 261 (3d Cir. 1945)..........................................................................12

*Infinity Trans. III LLC v. XPO Intermodal, Inc.,*
    304 F. Supp. 3d 1320 (N.D. Ga. 2018) .......................................................13

*IPOX Schuster, LLC v. Nikko Asset Mgmt. Co.,*
    304 F. Supp. 3d 746 (N.D. Ill. 2018) ..........................................................13

*KDH Elec. Sys., v. Curtis Tech.,*
    826 F. Supp. 2d 782 (E.D. Pa. 2011) ............................................................6

*Kirkbride v. Lisbon Contractors, Inc.,*
    555 A.2d 800 (Pa. 1989) .............................................................................12

*Lontex Corp. v. Nike, Inc.,*
    384 F. Supp. 3d 546 (E.D. Pa. 2019) ......................................................3, 11

*Macfarlan v. Ivy Hill SNF, LLC,*
    675 F.3d 266 (3d Cir. 2012)........................................................................10

*Melmark, Inc. v. Schutt by & Through Schutt,*
    206 A.3d 1096 (Pa. 2019) .............................................................................9

*Miche Bag, LLC v. Be You, LLC,*
    No. 11-cv-720, 2011 WL 4449683 (N.D. Ill. Sept. 26, 2011) .......................7, 14, 15

*Operations, Inc. v. Scientific Games Dev. Corp.,*
    555 F.2d 1131 (3d Cir. 1977).......................................................................5

*Overstock.com, Inc. v. Visocky,*
    No. 117-cv-1331, 2018 WL 5075511 (E.D. Va. Aug. 23, 2018) .............................6

*Penn. State Univ. v. Univ. Orthopedics, Ltd.,*
    706 A.2d 863 (Pa. Super. 1998).............................................................10, 11

*Reed v. Chambersburg Area Sch. Dist.,*
    951 F. Supp. 2d 706 (M.D. Pa. 2013) ...........................................................8

*Sandoz Inc. v. Lannett Co.,*
    2020 WL 7695960 (E.D. Pa. Dec. 28, 2020) ................................................12

*Scanvec Amiable Ltd. v. Chang,*
    80 F. App'x 171 (3d Cir. 2003) ..................................................................10

*Stroehmann Bros. Co. v. Manbeck Baking Co.,*
    200 A. 97 (Pa. 1938) ..................................................................................11

*Tylka v. Gerger Prods. Co.*,
178 F.R.D. 493 (N.D. Ill. 1998)..................................................................15

*Weinberg v. Sun Co.*,
777 A.2d 442 (Pa. 2001) ..............................................................................8

*World Wrestling Fed'n Entm't Inc. v. Big Dog Holdings, Inc.*,
280 F. Supp. 2d 413 (W.D. Pa. 2003)...........................................................8

**Statutes**

815 ILCS 510/2..................................................................................................1

Lanham Act............................................................................................... *passim*

Minnesota Statute § 325D.44............................................................................1

Minnesota Statute § 325D.45............................................................................1

O.C.G.A. §§ 10-1-370 to 10-1-375...................................................................1

**Other Authorities**

47 A.L.R.2d 1117.............................................................................................11

*The Choice-of-Law in Multistate Unfair Competition: A Legal-Industrial Enigma*,
60 HARV. L. REV. 1315, 1319-1320 (1947) ..............................................6

MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 30:96 (5th ed.) ..............................13

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145(2) ..............................9

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 150 cmt. c .................6, 7

RESTATEMENT (SECOND) OF TORTS § 908(2) ..............................................13

NIKE, Inc. ("NIKE") respectfully submits this memorandum of law in response to: (i) Lontex Corporation's "Brief Outlining State Law Claims" (ECF 256), and (ii) the issues identified in paragraph 2 of this Court's April 22, 2021 Pretrial Order (ECF 254).

## I.     INTRODUCTION

Lontex's proposal to pursue punitive damages under Georgia, Illinois, and Minnesota law finds no support in law or fact.  It makes no sense for a Pennsylvania jury to consider awarding a Pennsylvania plaintiff punitive damages under these states' laws.  Such an approach would serve only to confuse the jury, burden the Court, and complicate trial in an unprecedented manner.  The Court should decline the invitation and instead conclude that Lontex's state claims are governed by Pennsylvania law.  The Court should further conclude that there is no basis for the jury to consider whether Lontex can recover under Pennsylvania law, however, because Lontex long abandoned its Pennsylvania claims and, even if it had not, such claims lack any factual support. NIKE thus requests that this Court: (i) reject Lontex's scheme to obtain punitive damages under state law, and (ii) limit the scope of trial to Lontex's claims for violations of the Lanham Act.

## II.    THE PARTIES' PROPOSALS ON LONTEX'S STATE LAW CLAIMS

Lontex does not propose a single, straightforward path to pursuing its state law claims at trial.  It instead invites the Court to choose between two alternative proposals; both are nonsensical.

***Lontex's First Proposal.***  First, Lontex urges the Court to forgo a choice-of-law analysis, ignore Pennsylvania law, and allow it to pursue claims for violations of three separate state statutes at trial: (i) Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370 to 10-1-375; (ii) Illinois's Deceptive Trade Practices Act, 815 ILCS 510/2; and (iii) Minnesota Statute §§ 325D.44, .45.  (Lontex Am. Compl. ¶ 83; ECF 20, Lontex Br. at 7-8.)  Lontex does not cite a single case in which a court has permitted a trademark plaintiff to pursue recovery under three separate state unfair-trade-practices statutes at trial.  Lontex suggests it can recover under these

statutes simply because NIKE allegedly sold products in those states.  Based on that flawed premise, Lontex wants the jury instructed on each of these statutes and asked whether confusion was likely in each state and whether punitive damages should be awarded under each law.  (*Id.* at 10-12.)  Yet Lontex wants the jury simultaneously instructed that *Pennsylvania*'s statute of limitations applies.  This is equal parts confusing and complex.  Even Lontex concedes that its proposal requires the parties to put on additional evidence and the jury instructed on standards for liability and punitive damages awards under the Georgia, Illinois, and Minnesota statutes.

***Lontex's Alternative Proposal.***  Alternatively, Lontex seeks to pursue punitive damages for violations of Pennsylvania *common law* but *only* if the Court concludes that Pennsylvania law governs Lontex's state claims.  (*Id.* at 6.)  Lontex contends without supporting authority that punitive damages are available under Pennsylvania common law in these circumstances.  Lontex overlooks that it abandoned its Pennsylvania claims years ago in its Amended Complaint.  (*See*, *infra*, Section III.)  And Lontex ignores that, only six weeks ago, it represented to the Court it was not pursuing its common law claim (Count IV) under any law.  Lontex concedes the Court found that such a claim would be subject to a two-year statute of limitations and that any relief is "limited to infringement occurring from December 31, 2016" onward.  (Lontex Br. at 2; Dkt. 235 at 1.)

***NIKE's Proposal.***  NIKE submits that the legally appropriate (and far simpler) approach would be for the Court to: (i) conduct a choice-of-law analysis, which establishes that Pennsylvania law governs Lontex's state law claims; (ii) assess whether Lontex can recover punitive damages under Pennsylvania law; (iii) conclude that Lontex cannot recover punitive damages under Pennsylvania law; and (iv) therefore limit trial to Lontex's federal claims under the Lanham Act.

## III.   BACKGROUND

A brief overview of Lontex's state claims, selective embrace of Pennsylvania law, and inconsistent positions on these issues confirms that the Court should reject Lontex's unprecedented

proposal to seek punitive damages at trial under the laws of Illinois, Minnesota, and Georgia.

**Lontex.**  Lontex is a Pennsylvania-based company.  Its two employees are Pennsylvania residents.  It operates its business and manufactures its products in Pennsylvania.  Lontex filed this action in federal court sitting in Pennsylvania.

**Lontex's Complaint.**  Lontex asserted a single count for "statutory and common law unfair competition/passing off," asserting violations of the unspecified laws of seventeen different states, *including Pennsylvania.*  (ECF 1 ¶¶ 70-75 (Count IV).)  Lontex did not identify the statutes that it was asserting, plead the elements, or explain why any law other than Pennsylvania law is applicable.  NIKE notified Lontex that its omnibus claim was deficient, unclear, and required amendment to comply with the Federal Rules.  Lontex's response undermines its current position that the Court need not conduct a choice-of-law analysis.  Lontex responded that it was "premature" to "demand" a choice-of-law analysis at the pleading state because it requires a fact-intensive analysis.  (ECF 18-1 at 18 n.6.)  Put differently, Lontex invited a choice-of-law analysis on a full record—*i.e.*, the same approach NIKE proposes here and that Lontex now resists.

**NIKE's Motion to Dismiss and Lontex's Amended Complaint.**  NIKE moved to dismiss the state claim "in its entirety because it [was] substantively deficient and procedurally improper." (ECF 18-1 at 11-19.)  NIKE argued that Lontex failed to state a claim under Pennsylvania law. (*Id.* at 11-15.)  Lontex's response undermines its alternative proposal to pursue punitive damages under Pennsylvania common law.  In February 2020, Lontex amended its Complaint and *withdrew any claims under Pennsylvania law*.  (ECF 20 ¶¶ 73-88.)  Lontex's Amended Complaint contains two state counts.  Count IV for "state common law trademark infringement" under fourteen states' laws (not Pennsylvania); and Count V for "state statutory trademark infringement and unfair competition" under eleven state statutes (not Pennsylvania).  (*Id.*)

***Lontex's Invocation of Pennsylvania Law on Summary Judgment.*** Despite abandoning its Pennsylvania claims, Lontex agreed that "*Pennsylvania law applies to [its] state law claims for purposes of determining the statute of limitations*." (ECF 234 at 6-7.)

***Lontex's Abandonment of Its Common Law Claims.*** In its April 2, 2021 Pretrial Memorandum, Lontex abandoned Count IV—*i.e.*, its common law claim—stating that it is not pursuing this claim at trial. (ECF No. 245 at 18.) For its statutory claim (Count V), Lontex stated that it "intends at trial to pursue this claim as to infringing sales made into Colorado, Georgia, Illinois, Minnesota, New Jersey, New York, and Washington." (*Id.*) Lontex now narrows this to Georgia, Illinois, and Minnesota. (Lontex Br. at 1.) Lontex does not explain how these laws are relevant here other than to seek punitive damages, which are not available under the Lanham Act.

## IV.   ARGUMENT

Lontex does not cite any authority supporting its confusing scheme to seek punitive damages under Georgia, Illinois, and Minnesota law. By urging such claims be put before the jury, Lontex invites reversable legal error before trial even begins. There is no basis in law or fact for a jury sitting in Pennsylvania to consider punitive damages under Illinois, Minnesota, and Georgia law. Such an outcome would be particularly anamolous since this Court has already concluded (and Lontex conceded) that *Pennsylvania law* supplies the statute of limitations for those claims. The Court should reject Lontex's proposal and instead conduct a choice-of-law analysis and conclude that Lontex's state claims are governed by Pennsylvania law. Because Lontex has abandoned any Pennsylvania claims—and lacks sufficient evidence to recover punitive damages under Pennsylvania law—trial should be limited to Lontex's federal Lanham Act claims.

### A.   Lontex Cannot Recover Under State Law

The Court should apply choice-of-law principles to determine which *singular* body of law governs Lontex's state law claims, and whether Lontex can recover under that body of law.

Pennsylvania law applies and does not permit Lontex to recover punitive damages.

### 1. Lontex's State Law Claims Are Governed by a Single Body of State Law

Lontex urges this Court to forego a choice-of-law analysis and conclude that Lontex may seek to recover punitive damages under various states' laws. Lontex is incorrect; a choice-of-law analysis is necessary because only one body of state law may govern Lontex's state claims.

Lontex acknowledged that choice-of-law is necessary to determine which law governs its state claims. (ECF 18-1 at 18 n.6.) Now that the record is developed, Lontex wants to avoid choice-of-law principles altogether. Lontex suggests it may pursue relief under the Lanham Act and 50 separate bodies of state law, so long as NIKE and Lontex each sold products in those states. That is not the law—which is why Lontex cannot identify any authority allowing a sole trademark plaintiff to pursue trademark infringement claims under numerous different bodies of state law.

For decades, courts have recognized the need for a choice-of-law analysis where multi-state torts are asserted. For instance, in *Operations, Inc. v. Scientific Games Development Corp.*, plaintiffs were manufacturers of lottery tickets who sued a competitor for unfair competition based on disparaging remarks made to lottery officials in six different states about the quality of the plaintiffs' lottery tickets. 555 F.2d 1131, 1135 (3d Cir. 1977). The court awarded plaintiffs a preliminary injunction based on purported violations of six separate bodies of state law, but the Third Circuit reversed and concluded that the court should have applied *only* New Jersey law to the claim. *Id.* at 1138-39. As the Circuit explained, "compelling considerations of convenience may indicate that New Jersey law, *or the law of some other single state,* should control." *Id.* at n.7 (emph. added). In other words, even though the allegedly tortious acts of disparagement occurred in various states, only a *single* body of state law may govern plaintiffs' claim. Indeed, as the court in *American Rockwool, Inc. v. Owens-Corning Fiberglas Corp.* explained:

> In the frequent cases where there have been substantial concurrent impacts in many, and sometimes all, states, *it seems a counsel of perfection to ask a harried judge to examine minutely the law of each state and to instruct the jury to assess separate damages for the loss that occurred in each state where a cause of action would exist*.... Therefore, **where a substantial number of impacts have occurred within the forum, and where it is also the main place of business of either the plaintiff or the defendant, its law should govern**.

640 F. Supp. 1411, 1432-33 (E.D.N.C. 1986) (citing *The Choice-of-Law in Multistate Unfair Competition: A Legal-Industrial Enigma*, 60 HARV. L. REV. 1315, 1319-1320 (1947)).   The *Restatement (Second) of Conflicts* confirms this conclusion.  "When there has been publication [of tortious materials] in two or more states, . . . *the plaintiff has but one cause of action for choice-of-law purposes*."  RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 150 cmt. c (1969).

Courts frequently apply these longstanding choice-of-law principles to limit a trademark plaintiff's recovery to a single body of state law.  *See, e.g.*, *Cottman Transmission Sys., Inc. v. Melody*, 851 F. Supp. 660, 670 (E.D. Pa. 1994) (applying Pennsylvania law to all non-Lanham Act causes of action).[1]  Courts do not permit plaintiffs to pursue punitive damages by selecting random state laws that have no relation to the forum or the dispute.  "Merely pointing out that a host of other states may have some marginal connection to the facts of the case does not automatically raise a choice of law issue" that warrants applying other law to a Pennsylvania action filed by a Pennsylvania plaintiff.  *KDH Elec. Sys., v. Curtis Tech.*, 826 F. Supp. 2d 782, 801 (E.D. Pa. 2011).

Lontex's rationale for having the jury apply Georgia, Illinois, and Minnesota law at trial is hard to follow in its papers and will be even harder for the jury to understand.  Lontex suggests that extraterritorial limits on state unfair competition laws *require* it to seek punitive damages

---

[1] *See, e.g.*, *Overstock.com, Inc. v. Visocky*, 2018 WL 5075511, at *9 (E.D. Va. Aug. 23, 2018) (applying the forum state law to common law trademark infringement and unfair competition claims where plaintiff failed to plead facts necessary to conduct a choice-of-law analysis); *Aliya Medcare Fin., LLC v. Nickell*, 2015 WL 4163088, at *19 (C.D. Cal. July 9, 2015) ("Because Nevada law—rather than California law—applies, CTB's California state law unfair competition and trademark infringement claims must be dismissed. *If CTB wishes to replead these claims, it must do so under Nevada law*."); *CollegeNet, Inc. v. Xap Corp.*, 2004 WL 2303506, at *18–19 (D. Or. Oct. 12, 2004) (requiring plaintiff to proceed under Oregon law after choice-of-law analysis).

*separately* under the laws of any state in which NIKE sold product.  (Lontex Br. at 2-3.)  Lontex contends, without any supporting authority, that the jury *must* consider punitive damages under *three separate* bodies of state law because applying a single body of state law would somehow deny "the jury . . . the opportunity to award such relief."  (*Id.* at 1.)  But, as the *Restatement* recognizes, a single body of state law is adequate to provide complete, monetary relief to a plaintiff in these circumstances.  *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 150 cmt. c (1969) ("*A plaintiff. . . will recover for the entire injury the communication has caused . . . in all states in which the communication is published*."  (emph. added).).

Lontex also cannot invoke these state laws because there is no meaningful nexus between Lontex's claims and Georgia, Illinois, and Minnesota.  Lontex cites *Miche Bag, LLC v. Be You, LLC*, 2011 WL 4449683 (N.D. Ill. Sept. 26, 2011) for the proposition that "[e]ach state's laws govern the sales into its own borders" (Lontex Br. at 2), but that case confirms that Lontex cannot recover under these laws.  There, plaintiff, a Utah company, brought a claim under the Illinois Deceptive Trade Practices Act based on misrepresentations made by defendant, a Michigan company, concerning plaintiff's products.  *Id.* at *6.  The court held that although plaintiff pleaded a violation of the statute, *plaintiff could not pursue a claim under Illinois Deceptive Trade Practice Act because it "fail[ed] to plead a nexus of events connecting the deceptive trade practices to Illinois*."  *Id.* (emph. added).  There, as here, neither party was an Illinois resident, and there were no facts indicating that "any damages were incurred in Illinois in connection with the deceptive practices."  *Id.*  "Although the misrepresentations in question were made on a website accessible to residents of Illinois, [the plaintiff] does not allege that any residents of Illinois actually viewed the website or that it was damaged in the state."  *Id.*  So too is the case here.

2.      **Choice-of-Law: Lontex's State Law Claims Are Governed by Pennsylvania Law**

Pennsylvania law governs Lontex's claims and Lontex is estopped from arguing otherwise.

***Choice-of-Law Standard.***   It is black-letter law that the choice-of-law rules of the forum state determine which state's law applies.  *See Gay v. CreditInform,* 511 F.3d 369, 389 (3d Cir. 2007); *Gregoria v. Total Asset Recovery*, 2015 WL 115501, at *3 (E.D. Pa. Jan. 7, 2015).  Under Pennsylvania's choice-of-law rules, courts must conduct a two-step analysis: the court must first determine whether a true conflict of law exists; if so, it must identify the state with the greatest interest in applying its law.  *Hammersmith v. TIG Ins.*, 480 F.3d 220, 231 (3d Cir. 2007).

***Step One: True Conflict.***   Lontex contends that Georgia, Illinois, and Minnesota law govern its claim (Count V) for "state statutory trademark infringement and unfair competition," whereas NIKE contends that Pennsylvania law governs the claim.  A true conflict exists in these circumstances: Pennsylvania's unfair competition statute conflicts with those laws on competitor standing.  And this conflict is dispositive: if Pennsylvania law governs Count V, Lontex lacks standing to pursue the claim.  Lontex contends that Georgia, Illinois, and Minnesota, unlike Pennsylvania, have each "acted to provide *competitors* standing to pursue statutory claims against competitors who cause likely confusion."  (Lontex Br. at 3 (emph. added).)  By contrast, Pennsylvania's statute creates a private right of action "*available only to consumers* who have purchased or leased goods or services for personal, family, or household purposes."  *World Wrestling Fed'n Entm't Inc. v. Big Dog Holdings, Inc*., 280 F. Supp. 2d 413, 446 (W.D. Pa. 2003) (citing *Weinberg v. Sun Co.*, 777 A.2d 442, 445-446 (Pa. 2001)); *Reed v. Chambersburg Area Sch. Dist.*, 951 F. Supp. 2d 706, 724–25 (M.D. Pa. 2013).  Lontex does not assert its claim as a *consumer*, and thus it lacks standing under Pennsylvania law and there is no basis for Count V to

be presented to the jury.  *Id.*[2]

   ***Step Two: Most Significant Interest.***   Since a conflict exists, the Court assesses "which state has the most significant relationship to the occurrence and the parties."  *Melmark v. Schutt by & Through Schutt*, 206 A.3d 1096, 1107 (Pa. 2019).  That is Pennsylvania.  Courts balance: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.  *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145(2).  These considerations favor applying Pennsylvania law.

   Lontex is a Pennsylvania corporation.  Both its employees live and work in Pennsylvania.  Lontex's documents and inventory, its manufacturing equipment and facilities, and its business operations are conducted from Pennsylvania.  Lontex alleges competitive harm in Pennsylvania, including lost Pennsylvania business opportunities.  Lontex filed this lawsuit in Pennsylvania.  And Lontex's expert opined that Lontex had more sales in *Pennsylvania* than in any other state from 2006 to 2019.  (ECF 190-9, Drews Rep. Sch. 1 & 2.)

   No other state (except Oregon, where NIKE resides) has *any* relationship to the parties or this dispute that could be properly characterized in any way as "significant."  There is no evidence of harm to consumers in Georgia, Illinois, and Minnesota.  And there can be no state interest in protecting consumers who are likely unaware of Lontex or NIKE's alleged conduct.  Lontex cannot invoke Illinois, Georgia, or Minnesota law at trial to recover punitive damages because those states lack any nexus to this dispute or an interest in applying their laws.  Because Pennsylvania has the most significant interests, Lontex's state-law claims are governed by Pennsylvania law.

   ***Lontex Is Estopped from Disclaiming Pennsylvania Law.***   On summary judgment, *Lontex*

---

[2] In response to NIKE's motion to dismiss making this same argument, Lontex abandoned its claim for violations of Pennsylvania's unfair trade practices statute.

*agreed that Pennsylvania law governs its state law claims for statute of limitations purposes.* (ECF 234 at 6-7.) As such, Pennsylvania substantive law must govern these claims too. Lontex cannot pick and choose when Pennsylvania law applies to its state-law claim. To permit otherwise would mean that claims for violations of Georgia, Illinois, and Minnesota law would be governed by *Pennsylvania*'s limitations periods. That absurd outcome makes no sense.

Lontex cannot reverse course now. Lontex took advantage of Pennsylvania law to combat NIKE's delay-based defenses, and it is estopped from disclaiming that Pennsylvania governs its claims. *Macfarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266 (3d Cir. 2012) (explaining that judicial estoppel "seeks to prevent a litigant from asserting a position inconsistent with one that [he or she] has previously asserted in the same or in a previous proceeding").

### 3.    Lontex Cannot Recover Damages under Pennsylvania Law

Since Pennsylvania law governs, and Lontex lacks standing to pursue its statutory claim, the final issue is whether Lontex can recover punitive damage under Pennsylvania common law.

*First*, Lontex abandoned its Pennsylvania claim more than two years ago when it amended its pleading and *withdrew Pennsylvania law* from the state law counts. (*See, supra*, Sec. III.) It cannot now ressurect these long-abandoned claims. NIKE reasonably relied on Lontex's operative pleading, which indicates that it is not pursuing any claim or relief under Pennsylvania law. Lontex confirmed in its Pretrial Memorandum that "it is *not pursuing its Fourth Count (State Common Law Trademark Infringement) at trial*." (ECF No. 245 at 18.) The Court should reject these tactics and conclude Lontex has abandoned any claims to relief under Pennsylvania law.

*Second*, even if Lontex were permitted to resurrect its common law claim, the claim still fails as a matter of law. As the Third Circuit held, in the trademark-infringement context, a "claim of unfair competition under Pennsylvania law requires proof that the defendant has 'passed off' the goods of one manufacturer or vendor as those of another, thus creating confusion between his

10

own goods, and those of the rival." *Scanvec Amiable Ltd. v. Chang*, 80 F. App'x 171, 180 (3d Cir.

2003) (citing *Penn. State Univ. v. Univ. Orthopedics, Ltd.,* 706 A.2d 863, 870-71 (Pa. Super. 1998)

("The gist of the action lies in the deception practiced in 'passing off' the goods of one for that of

another.").)  The Court is familiar with the record, and there is no evidence that NIKE "passed off"

its NIKE Pro garments as Lontex garments.  Indeed, when dismissing Lontex's counterfeiting

"claim" at the pleading stage, this Court concluded that "[t]he reasonable inference is that

customers distinguished between Nike and Lontex's uses of the COOL COMPRESSION mark on

compression products" and that "Lontex has failed to allege that an observer seeing Nike's COOL

COMPRESSION mark would believe it to be Lontex's mark."  *Lontex Corp. v. Nike, Inc.*, 384 F.

Supp. 3d 546, 559 (E.D. Pa. 2019).  The evidence developed in discovery has only buttressed the

Court's astute and correct conclusions.

*Third*, Lontex grossly mischaracterizes Pennsylvania common law, which does not permit

recovery of punitive damages for mere trademark infringement.  "The common law of trademarks

is a portion of the broader law of unfair competition."  *Univ. Orthopedics*, 706 A.2d at 870; *Am.*

*Diabetes Ass'n v. Friskney Fam. Tr., LLC*, 177 F. Supp. 3d 855, 883 (E.D. Pa. 2016) (noting that

common law unfair competition encompasses common law trademark infringement).  "[A]lthough

trademark infringement necessarily constitutes unfair competition, unfair competition does not

necessarily involve a trademark infringement." 47 A.L.R.2d 1117.  Unfair competition is a broader

construct that encompasses all sorts of deceptive, fraudulent, and unfair business and sales

practices. *Stroehmann Bros. Co. v. Manbeck Baking Co*., 200 A. 97, 98 (Pa. 1938) (listing various

types of conduct falling without the scope of unfair competition law).  It "is based on equitable

principles and may be distinguished from infringement of a trade-mark in that it does not involve

the violation of the exclusive right to use a word, mark or symbol, but rather involves any violation

of a right arising from the operation of an established business." *House of Westmore v. Denney*, 151 F.2d 261, 265 (3d Cir. 1945).

Lontex incorrectly contends that "punitive damages may be awarded for a Pennsylvania common law unfair compeittion claim." (Lontex Br. at 11.)  But ***none*** of Lontex's cases support that proposition or involve an award of punitive damages for common law trademark infringement—as opposed to other forms of unfair competition involving fraud and deceit.  And several of Lontex's cases ***rejected*** the premise that punitives were recoverable at all.  *See, e.g.*, *Caesars World, Inc. v. Venus Lounge, Inc.*, 520 F.2d 269, 272 (3d Cir. 1975) (rejecting as unpersuasive cases "upholding the award of punitive damages under a state law of unfair competition"); *Sandoz Inc. v. Lannett Co.*, 2020 WL 7695960 (E.D. Pa. Dec. 28, 2020) (unfair competition case involving "inducement of a third-party (Cediprof) to breach its agreement with Sandoz and turn over confidential information"; opinion did not even discuss whether punitive damages were recoverable).  Lontex has not identified a single case in which a plaintiff pursuing trademark infringement under Pennsylvania common law was permitted to seek punitive damages.  This makes sense given that the Lanham Act is coextensive with common law and does not permit recovery of punitive damages.  *Caesars World, Inc*, 520 F.2d at 274.

*Finally*, even if punitive damages were available in these circumstances (and they are not) Lontex lacks sufficient evidence as a matter of law to satisfy the exacting standards for seeking punitive damages under Pennsylvania law.   Pennsylvania follows Section 908(2) of the *Restatement (Second) of Torts* and allows punitive damages only for "conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Charles Jacquin Et Cie, Inc. v. Destileria Serralles, Inc.*, 921 F.2d 467, 471 (3d Cir. 1990) (quoting *Kirkbride v. Lisbon Contractors, Inc.,* 555 A.2d 800, 803 (Pa. 1989); RESTATEMENT (SECOND) OF

TORTS § 908(2)); *Feld v. Merriam,* 485 A.2d 742, 748 (Pa. 1984).  There is no outrageous or "evil" conduct present here.  As the Court recognized on summary judgment, NIKE's intent is one of the *Lapp* factors and fair use factors, and Lontex put forth its best "evidence" of intent to oppose summary judgment.  ECF 234, at 22-24.  This Court did not find that NIKE acted in bad faith, evil motive, or reckless indifference; in fact, the Court did not even find that the intent factors *favored* Lontex at all.  *Id.*  Lontex marshals NIKE's post-demand letter conduct as evidence of bad faith, but Pennsylvania courts hold that "*continued use after receiving a cease and desist letter from plaintiff did not constitute conduct sufficient for punitive damages.*"  MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 30:96 (5th ed.) (citing cases).  There is no factual or legal basis for the jury to consider awarding Lontex punitive damages under Pennsylvania common law.

### 4.     Lontex Cannot Recover Under Any Other Body of State Law

In light of the forgoing, there is no need for this Court to address Lontex's claims for punitive damages under Georgia, Illinois, and Minnesota law.  NIKE briefly explains why those claims cannot go to the jury and would fail as a matter of law.

*First*, Lontex is wrong that it can recover punitive damages under the deceptive trade practices acts of Georgia, Illinois, and Minnesota.  To the contrary, the only remedy available under each state is prospective injunctive relief.  *Infinity Trans. III LLC v. XPO Intermodal, Inc.*, 304 F. Supp. 3d 1320 (N.D. Ga. 2018) ("The only remedy available under the GUDTPA is injunctive relief."); *Damon v. Groteboer,* 937 F. Supp. 2d 1048, 1069-70 (D. Minn. 2013) (holding that "under Minnesota law, the sole statutory remedy for deceptive trade practices is injunctive relief"); *IPOX Schuster, LLC v. Nikko Asset Mgmt. Co.*, 304 F. Supp. 3d 746, 763 (N.D. Ill. 2018) ("The Deceptive Trade Practices Act provides only for injunctive relief, 815 ILCS 510/3, and the party seeking relief must be able to identify future harm to be enjoined.").

*Second*, Lontex lacks Article III standing to recover under any of these state statutes

because it cannot show a likelihood of future injury that would entitle it to seek injunctive relief under state law. *Id.* It well settled that a party cannot seek prospective injunctive relief absent "evidence that they face any risk of future harm to themselves" if an injunction is not issued. *Damon*, 937 F. Supp. 2d at 1069; *see Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000); *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983). Lontex cannot make such a showing here because it is undisputed that NIKE stopped using the words "cool" and "compression" in the NIKE Pro product names years ago. (ECF No. 192 at ¶¶ 169, 175-177

*Third*, Lontex cannot recover under these laws because no nexus exists between the claim and Georgia, Illinois, and Minnesota. This is not just a choice-of-law problem, it is a substantive barrier to relief under each state's law. As the *Miche Bag*, court held, a plaintiff cannot recover *under Illinois Deceptive Trade Practice Act* because it "fail[ed] to plead a nexus of events connecting the deceptive trade practices to Illinois" and there is no evidence of any hard or confusion to any Illinois residents. 2011 WL 4449683, at *6. So too is the case here.

*Finally*, even if Lontex could overcome these hurdles, there is not sufficient evidence to obtain an award of punitive damages at trial under these three state laws. As explained above when discussing Pennsylvania law, there is *zero* evidence of wanton, willful, or evil conduct that could permit the recovery of punitive damages here.

&ast; &ast; &ast; &ast; &ast;

For these reasons, Lontex cannot recover punitive damages under any body of state law, and its right to recovery at trial should be limited to its claims under federal law.

### B. Lontex's Unprecedented Proposal to Pursue State Law Recovery Will Inevitably Complicate Trial, Confuse the Jury, and Prejudice NIKE

Lontex's proposal is confusing and inefficient. Having the jury consider a state law claim under three separate bodies of law would inherently extend the length of trial.

Lontex underestimates the time it will take to present state-specific evidence to the jury, to

instruct the jury on the proper standards under those bodies of law, and to ask the jury to add various questions of state law to the deliberation process.  It is axiomatic that Lontex cannot just skip to a punitive damages award under state law without proving liability under each law.  Rather, Lontex would need to establish that it has valid rights in each state and that NIKE's alleged conduct caused harm to consumers in each state.  *See, e.g.*, *Miche Bag*, 2011 WL 4449683, at *6.   Even if Lontex could establish these elements, to recover punitive damages, it would also need to establish by clear and convincing that NIKE acted in bad faith, with evil motive, deliberate indifference, or wanton disregard for the rights of other.  *See, e.g.*, Ga. Code Ann. § 51-12-5.1(b); *Ainsworth v. Century Supply Co.,* 693 N.E.2d 510, 515 (Ill. App. Ct. 1998). Thus, the mere existence of these claims at trial will impose needless burdens of proof and rebuttal on the parties, needless burdens on the jury when deliberating, and needless burdens on the court in crafting instructions that accurately convey standards of liability and punitive damages under three different bodies of state law.  *See Tylka v. Gerger Prods. Co.*, 178 F.R.D. 493, 498 (N.D. Ill. 1998) ("Plaintiffs fail to . . . demonstrate that the nuances of 50 consumer fraud statutes and 50 common laws are [sufficiently similar]. . . . [A] brief review of the applicable statutes reveals not only nuances, but differing standards of proof, procedure, substance, and remedies.")

## V.    CONCLUSION

For these reasons, NIKE requests that this Court: (i) conclude that Pennsylvania law governs Lontex's state law claims, (ii) conclude that Lontex cannot recover under Pennsylvania law, and (iii) limit trial to Lontex's claims under the Lanham Act.

May 18, 2021                         Respectfully submitted,

                                     By:  */s/ Gina L. Durham*

                                     DLA PIPER LLP (US)

                                     Ilana H. Eisenstein
                                     Ben C. Fabens-Lassen
                                     1650 Market Street, Suite 5000
                                     Philadelphia, PA  19103

                                     Gina L. Durham (*pro hac vice*)
                                     555 Mission Street, Suite 2400
                                     San Francisco, CA 94105

                                     Frank W. Ryan (*pro hac vice*)
                                     Andrew J. Peck (*pro hac vice*)
                                     Michael D. Hynes (*pro hac vice*)
                                     Marc E. Miller (*pro hac vice*)
                                     1251 Avenue of the Americas
                                     New York, NY 100201

                                     *Attorneys for Defendant NIKE, Inc.*

16