IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LONTEX CORPORATION,** <br><br> v. <br><br> **NIKE, INC.** | **CIVIL ACTION** <br><br> **NO. 18-5623** |

**MEMORANDUM RE BIFURCATION**

**Baylson, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**May 25, 2021**

**I.　　Introduction**

In this trademark infringement case, the Court has previously recognized the importance of the jury's liability findings for determining damages, and the possibility that bifurcation would be appropriate in this case. See ECF 241. The Court ordered the parties to state their views on this issue in their pretrial memoranda, and subsequently, after discussion during a phone conference, Defendant Nike filed the present Motion to Bifurcate Trial as to Liability and Damages. ECF 255. For the following reasons, Nike's Motion will be granted.

**II.　　Legal Standard**

Fed. R. Civ. P. 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The decision to bifurcate "is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance." Lis v. Robert Packer Hospital, 579 F.2d 819, 824 (3d Cir. 1978). While "separation of issues for trial is not to be routinely ordered," bifurcation should "be encouraged where experience has demonstrated its worth." Id. (quoting Advisory Committee's Note to the 1966 Amendment of Rule 42(b)). In Barr Labs., Inc. v. Abbott Labs., the Third Circuit noted that the district court had "properly set out its reasons for bifurcating" when it had "determined that

1

bifurcation would prove beneficial by enhancing juror comprehension of the complex issues presented, and by excluding the presentation of lengthy evidence, some portion of which would inevitably become irrelevant upon definition of the relevant market" as well as noting "a lack of any unfair prejudice resulting from bifurcation." 978 F.2d 98, 115 (3d Cir. 1992).

**III.  Discussion**

The Court finds bifurcation is appropriate here for many of the same reasons described in Barr Labs. To begin, the most important reason for bifurcation is the point raised in the Court's opinion on the Daubert Motions in this case. See ECF 241 ("As there remain significant questions regarding the extent and type of damages which may be appropriate in this case, the testimony of Drews and the other experts opining on damages may also be limited depending on the jury's findings on liability."). In view of the many fact issues in this case, the Court intends to have the jury answer interrogatories on specific issues pertaining to liability. The Court believes that, assuming Lontex prevails on any issue of liability, but not all issues, that its damages claim may be affected. Therefore, it will be much more straightforward for the Court and the jury, to have the jury's answers to the liability interrogatories before any evidence is introduced as to damages. The possibility that Lontex may have to structure its damages testimony to conform to the jury's verdict as to liability is a very strong reason to have bifurcation in this particular case. For this reason, it is not unusual in intellectual property cases, for Judges to bifurcate liability from damages. See, e.g. Alfwear, Inc. v. Icon Health & Fitness, Inc., No. 17-00476, 2018 WL 6592728 (D. Utah Dec. 14, 2018); B. Braun Med. v. Abbott Lab., No. 93-3883, 1994 WL 466654 (E.D. Pa. Aug. 29, 1994) (Huyett, J.).

One example of an issue to be decided by the jury before damages testimony is appropriate, is the availability of punitive damages. As ordered by the Court, Lontex has filed a brief regarding

its state law claims and how they differ from the claims brought under the Lanham Act. ECF 256. Importantly, with regards to this Motion, Lontex seeks to demonstrate that it is entitled to punitive damages under state law, a remedy that is unavailable under the Lanham Act. "[P]unitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." Hutchison v. Luddy, 870 A.2d 766, 770 (Pa. 2005). If Lontex is able to demonstrate conduct by Nike that meets this standard, it may be entitled to an entirely separate category of damages. Therefore, it is a clear benefit to the Court to have the jury's answer regarding whether Defendant's conduct meets that standard, before allowing testimony on punitive damages. The Court notes that it is not deciding any of the issues raised by the parties in their briefing regarding the state law claims. It is merely stating that the fact that Lontex seeks punitive damages under state law is another factor supporting bifurcation.

Jury convenience is another major factor warranting bifurcation. Counsel for both parties have estimated that liability testimony will take several days for each. There is great benefit to the jury, if it decides liability in favor of Nike, as it will not have to spend an extra three to five days hearing damages testimony. This convenience is a factor of significant weight in the Court's decision. Lontex conveniently, but understandably, ignores the distinct possibility that the jury may find in favor of Nike on liability, making any testimony on damages irrelevant. There are important factual disputes which will determine the outcome of this case. As the Court stated in denying Nike's Motion for Summary Judgment, both parties have strong evidence and arguments in their favor. Nonetheless, the Court believes that it can fairly rule on the disputed evidence in a bifurcated trial so that evidence pertaining exclusively, or even mostly to damages, can be reserved until the damages phase of trial, if Lontex prevails on liability.

Lontex's argument that its proposed expert testimony, and possibly other evidence, overlaps on issues of liability and damages is easily cured by requiring the witnesses to limit their testimony on those issues. Subject to arguments by counsel pretrial or at trial, the Court will rule as necessary as to what any witness may testify to in each phase of the trial.

Lontex's argument that its experts would have to appear twice is also of no weight in this decision. Lontex is seeking very large damages, to which it may be entitled if it prevails on liability. If its experts, even coming from the west coast, have to appear a second time to testify about damages, their expenses and fees will be miniscule compared to the damages that Lontex has projected. In the event that public health warrants against travel, the experts can appear by video deposition.

This Court believes that, considering liability alone without having heard any damages testimony, the jury can still be fair to both sides and render a verdict based on the evidence. There is no prejudice to either side resulting from this decision. Having supervised the contentious proceedings in this case for several years, this Court is convinced that bifurcation is appropriate and fair.

**IV. Conclusion**

For the reasons stated above, Nike's Motion to Bifurcate will be granted. An appropriate Order follows.

O:\CIVIL 18\18-5623 Lontex Corp v Nike\18cv5623 Memorandum Re Bifurcation.docx