

**DLA Piper LLP (US)**
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103

Ilana H. Eisenstein
Ilana.Eisenstein@dlapiper.com
**T**   215.656.3351

June 9, 2021
*Via ECF*

Hon. Michael M. Baylson, U.S. District Judge
3810 United States Courthouse
601 Market Street, Philadelphia, PA 19106

**Re:**   *Lontex Corporation v. NIKE, Inc.*, Case No. 18-cv-5623

Dear Judge Baylson:

NIKE respectfully submits this letter because Lontex's June 8, 2021 brief concerning its state law claims misrepresents both the law and the facts.  (ECF 267.)  NIKE limits this letter to addressing the four most significant errors underlying Lontex's positions on the state law claims.

1. ***Lontex Abandoned Its Pennsylvania Common Law Claim.*** Lontex states that it "never intended to and did not indicate an intent to abandon its state law claims altogether."  (ECF 266 at 1.)  While Lontex stated its intent to pursue Count V at trial, Lontex's suggestion that it did not abandon Count IV, including under Pennsylvania law, is false.  Lontex withdrew its Pennsylvania common law trademark infringement claim when it filed its Amended Complaint.  (ECF 20 ¶¶ 73-88.)  Lontex also unequivocally and unconditionally stated in its pretrial memorandum that "it is not pursuing its Fourth Count (State Common Law Trademark Infringement) at trial."  (ECF 245 § VII(B).) Lontex blames its complete reversal of positions on NIKE's arguments, but Lontex has known NIKE's position on this choice-of-law issue since the initial pleading stage.

2. ***No Law Supports Lontex's Proposal.***  Lontex "posits" that the "applicable law" here are the laws of Georgia, Illinois, and Minnesota, but has cited no support for that novel assertion in more than twenty pages of briefing.  Lontex has not cited any authority permitting a single plaintiff to pursue punitive damages at trial under the unfair trade practices laws of multiple states.  Nor has Lontex cited any authority indicating that mere sales or competition in a state permits an out-of-state plaintiff to sue under Illinois, Georgia, or Minnesota law—much less all of them.  That is because no such authority exists.  Indeed, only *one* body of state law can apply in this lawsuit, and that body of law must be selected through a choice-of-law analysis.  (NIKE Br., ECF 260 at 5-9.)

3. ***Lontex Misrepresents the Facts.*** NIKE disputes that Lontex competed against NIKE as to the NIKE Pro products at issue in this case.  Instead, the evidence in the record shows that Lontex did not sell its products to any of the same wholesale retailers that NIKE did and

that Lontex did not sell its products direct to consumers through nike.com or any of the NIKE-owned brick and mortar retail stores.   In its reply, Lontex makes numerous misrepresentations to the Court about the parties' sales and alleged competition.   NIKE will refrain from addressing all misrepresentations here, but for one.   Lontex states as undisputed fact that NIKE "supplanted Lontex's sales with sales of its own Accused Products" to professional sports teams like the Atlanta Falcons, and it attaches as an exhibit a partial snippet of NIKE's wholesale sales data (ECF 267 at 4, Ex. 2).   This is false.   There is no evidence in the record that NIKE's business with the organization "supplanted" Lontex's sales to the medical staff of the Falcons or any other professional team, nor can such a conclusion even be reasonably drawn from the data Lontex provides.   Indeed, Lontex's exhibit misleadingly omits key information from NIKE's wholesale sales data, which shows that in 2016 NIKE sold **ONE** unit of Style No. 804337 (named "Hypercool ¾ Tight" or "Cool Comp Football Tight") to the Falcons.   The remaining eight entries in NIKE's wholesale sales data are adjustments to account for units that were "comps" or promotional items to the Falcons organization, not sales to the team's medical staff.

4. ***Any Claims under Georgia, Illinois, or Minnesota Law Fail in Any Event.***   Lontex's claim for punitive damages under these inapplicable bodies of state law are legally deficient, notwithstanding Lontex's misrepresentations of the law and the facts.   As explained in NIKE's brief, the claim fails because: (i) the underlying statutes afford plaintiffs with only an injunctive remedy, not a right to punitive damages; (ii) Lontex lacks standing to seek such an injunction; (iii) there is no nexus between the conduct giving rise to Lontex's claims and any of those states; and (iv) even if punitive damages were available—and they are not—the evidence, even viewed in Lontex's favor, is wholly insufficient to justify an award of punitive damages under state law.  (ECF 260 at 13-14.)

We remain available at the Court's convenience to address any further questions or issues.

Very truly yours,

Ilana H. Eisenstein
*Counsel for NIKE, Inc.*

cc:   Counsel of Record via ECF