IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONTEX CORPORATION<br><br>    Plaintiff,<br><br>v.<br><br>NIKE, INC.,<br><br>    Defendant. | Civil Action No. 2:18-cv-05623-MMB<br><br>Hon. Michael Baylson |

## LONTEX CORPORATION'S MOTION *IN LIMINE*

### I.    <u>GENERAL SUMMARY</u>

Sweat It Out moves *in limine* to exclude two types of evidence and argument that it anticipates Nike will present at trial. First, Nike agreed in discovery that it would not seek to introduce evidence and argument regarding multiple hearsay statements included in a report prepared by its third party private investigator Marksmen, and on that basis refused to produce for deposition Mr. Sandon Berg – the investigator who wrote the hearsay statements. Pursuant to Nike's agreement, Sweat It Out did not to pursue the deposition of Mr. Berg. Nike has now indicated that it may renege and, despite having denied Sweat It Out the opportunity to depose the witness who actually conducted the relevant investigation, will seek to introduce the inadmissible hearsay evidence at trial.

Second, Nike has indicated that it will seek to introduce evidence and argument of third party allegations that Sweat It Out infringed unrelated trademarks of third party Invista S.a.r.l. (previously DuPont Textiles and Interiors). Such character evidence of alleged prior "bad acts" is immaterial and irrelevant, and would be highly prejudicial and a waste of the jury's time in this matter.

116597967

## II. NIKE PREVIOUSLY AGREED THAT OUT OF COURT HEARSAY STATEMENTS BY SANDON BERG WOULD BE EXCLUDED

Evidence of out of court statements written by Mr. Berg should be excluded both because Nike previously agreed they would not be introduced at trial, and because the statements are inadmissible multiple hearsay.

In discovery, Nike produced a report by Marksmen, a third party private investigator company, that contained several hearsay statements in addition to documenting a "test purchase" of a Cool Compression product. This document is DX. 494 on the trial exhibit list. *See* Dkt. 249-1. The Marksmen report includes written statements by Mr. Berg purporting to represent statements by Efraim Nathan during a conversation in August 2016, and providing gratuitous opinions or characterizations of those statements. *See* Fed. R. Evid. ("FRE") 801, 805.

When Sweat It Out deposed Marksmen, the designated representative Ms. Schrader was unable to provide any foundation or authenticity for the hearsay statements in the Marksmen report, because the witness produced lacked the necessary first-hand knowledge. Ms. Schrader lacked any knowledge of the hearsay statements because they were not heard by her:

> Q. So you wouldn't have any knowledge as to how that conversation went?
>
> [Objection]
>
> A. I would not know.

Dep. of Kate Schrader at 50:6-9.

Instead, Mr. Berg wrote the entire Marksmen report, including the purported statements attributed to Mr. Nathan:

> Q. And is this the report that you wrote, Ms. Schrader?
>
> A. ***Sandon Berg wrote it***, and I reviewed it and checked all of the attachments to make sure that everything was there. And then my signature is on it as the supervising manager.

>Dep. of Kate Schrader at 60:7-12.
>
>Q.   Do you recall *how long it took you to review it*?
>
>A.   I have no idea. I just -- I'm guessing it would be anywhere from *15 to 30 minutes*.
>
>Dep. of Kate Schrader at 74:4-7.

Sweat It Out therefore requested Mr. Berg's deposition. Nike, however, represented that it would not use the Marksmen report to introduce any hearsay. Specifically, Sweat It Out requested that Nike confirm it intended "to only use [Marksmen witness] Katie Schrader to put forth the 2016 test purchase itself and will not use the 2016 personal investigator activity [of Mr. Berg] to attempt to establish any purported conversations that took place with Mr. Nathan." B. Wagner email to M. Miller, Mar. 3, 2020.[1] Nike confirmed the next day thar it would use the Marksmen report only "to introduce the product that Marksmen purchased from Lontex in August 2016." M. Miller email to B. Wagner, Mar. 4, 2020. Nike further agreed that it would not "rely on other aspects of Marksmen's investigation." *Id*. Based on this agreement, Lontex did not further pursue Mr. Berg's deposition.

Accordingly, there are two independent reasons that the Court should grant Sweat It Out's motion *in limine*. First, a discovery stipulation is binding absent a showing of good cause such as fraud, collusion, mistake or duress. *See Katel Liab. Co. v. AT & T Corp.*, 607 F.3d 60, 65–66 (2d Cir. 2010). There is no good cause for Nike not honoring its agreement, and therefore the stipulation is binding and Nike is now precluded from introducing DX. 494 or any related testimony regarding purported conversations between Mr. Berg and Mr. Efraim.

---

[1] Pursuant to the Court's order governing *motions in limine*, Lontex has quoted but not attached any evidence. Lontex stands prepared to do so, should the Court so desire and allow it.

Second, the out-of-court statements that Mr. Berg inserted into the Marksmen report are inadmissible multiple hearsay. *See U.S. v. Wilson*, 281 Fed. App'x 96, 99 (3d Cir. 2008); *Goode v. U.S.*, 730 F. Supp. 2d 469, 477 (D. Md. 2010); *W. Min. Corp. v. Standard Terminals, Inc.*, 577 F. Supp. 847, 848 (W.D. Pa. 1984). The statements contained in the written Marksmen report are from five years ago in 2016, wherein Mr. Berg purported to recount an out-of-court conversation with Mr. Nathan. *See* FRE 801, 805. Nike would be offering the statements to prove the truth of the matter asserted, which is precisely why Sweat It Out sought Mr. Berg's testimony. Nike cannot now get Mr. Berg's out-of-court statements in the Marksmen report in through the backdoor using a different representative of Marksmen, whether Ms. Schrader or any other witness. It would be extremely prejudicial to Sweat It Out to allow such testimony, particularly where Nike put another Marksmen employee on its initial disclosures, failed to produce the witness, and induced Sweat It Out not to pursue the matter based on representations that the hearsay statements in the Marksmen report would not be introduced into evidence. *See* FRE 403. The one reasonable consequence of Nike's refusal to produce Mr. Berg for testimony during discovery is to exclude the evidence at trial.

**III.    EVIDENCE OF ALLEGED PRIOR BAD ACTS IS UNDULY PREJUDICIAL AND IMMATERIAL, AND SHOULD BE EXCLUDED**

Nike's trial exhibit list includes nearly sixty third party communications alleging trademark infringement of certain Invista marks by Sweat It Out (*e.g.*, DX. 391, DX.435–493), and it therefore appears that Nike intends to introduce testimony or other evidence at trial in an effort to paint Sweat It Out as having poor character. These alleged prior bad acts, however, have nothing to do with Nike's alleged infringement or any prior conduct between the parties. Nike's proposed evidence is a complete sideshow, seeking to waste the jury's time with distractions from this irrelevant and unduly prejudicial evidence. *See* FRE 403, 404.

Exhibits DX. 391 and DX.435–493 refer to allegations by third party Invista that Sweat It Out infringed on trademarks. Specifically, Sweat It Out used Invista fabrics in Sweat It Out products, and therefore was using Invista's related marks for those fabrics, CoolMax and Lycra. Invista requested that Sweat It Out cease certain uses of these marks, to which Sweat It Out promptly agreed.

Such evidence is designed simply to cast Sweat It Out in the eyes of the jury as a company that violates or trespasses on other's intellectual property rights. It is of no consequence, however, in determining whether Nike is liable for trademark infringement and unfair competition. *See* FRE 401.

Notably, even where the infringer's asserted mark infringes another mark it is *not relevant* to an infringement claim, such "jus tertii" defense "should not be allowed as a defense in any trademark case" as a "speculative dispute with a third party does not concern the defendant," would "be an unwise judicial policy because it would expand many trademark disputes far beyond a mere two party conflict," and let the defendant "become a vicarious avenger of another's purported rights against plaintiff (and assumably not against itself." *Eagle Snacks, Inc. v. Nabisco Brands, Inc.*, 625 F. Supp. 571, 578-579 (D.N.J. 1985); *New Reflections Plastic Surgery, LLC v. Reflections Ctr. for Skin & Body, PC*, 2018 U.S. Dist. LEXIS 214687, *12, 2018 WL 6716105 quoting *Capetola v. Orlando*, 426 F. Supp. 616, 617-18 (E.D. Pa. 1977) in turn citing *Gilmore v. Utah*, 429 U.S. 1012, 97 S. Ct. 436, 50 L. Ed. 2d 632 (1976) (Burger, C. J. concurring)) (noting "the general prohibition against the assertion of jus tertii as a defense" in trademark cases). Thus, the evidence is irrelevant and should be excluded.

But here, the abstraction is even one more level removed – Nike is not even asserting Lontex's COOL COMPRESSION infringes a third party mark, but that *different* trademarks are

somehow relevant, perhaps for its unclean hands defense. McCarthy on Trademarks and courts have already rejected such attempt as even more irrelevant, holding an infringer "improperly refers to conduct relating to trademarks other than the one that it allegedly infringed" for defenses such as inequitable conduct and unclean hands:

> "The plaintiff's alleged infringement of a different trademark does not furnish grounds for an unclean hands defense. For example, if A sues B for infringement of A's trademark ALPHA, can B deflect the lawsuit by claiming that A has unclean hands, alleging that A is infringing B's trademark BETA? The answer is that this is not unclean hands because <u>A's alleged infringement of the trademark BETA is not relevant to the subject matter of the litigation concerning B's alleged infringement of the trademark ALPHA</u>."

*1-800 Contacts, Inc. v. Lens.Com, Inc.*, 722 F.3d 1229, 1255 (10th Dir. 2013) (dismissing unclean hands defense) quoting and adopting 6 McCarthy on Trademarks § 31:48 at 31-131 to 132 (emphasis added).

Further, the evidence regarding Invista's communications with Sweat It Out concerning marks that are not at issue in this action would be misleading and waste the jury's time, and be unduly prejudicial to Sweat It Out, particularly because it contains much of the typical outside counsel's strongly worded and gratuitous characterization of the conduct involved there. *See* FRE 401, 403. Accordingly, the exhibits and any related testimony should be excluded.

Separately, the evidence should be excluded as inadmissible evidence of prior bad acts. FRE 404(b) excludes "[evidence] of other crimes, wrongs or acts [offered] . . . to prove the character of a person in order to show action and conformity therewith." *See also* FRE 404(a). "When prior bad act evidence is both relevant and admissible for a proper purpose, 'the proponent must clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity" to commit the bad act. *U.S. v. Morley*, 199 F.3d 129, 133 (3d Cir. 1999). Nike has not established that the evidence is

relevant, is admissible for a proper purpose, or has any logical chain. To allow Nike's proposed evidence to be introduced would unfairly taint the jury's impression of Sweat It Out on issues unrelated to those at issue in this case. *See Coursen v. A.H. Robins Co., Inc.*, 764 F.2d 1329, 1335 opinion corrected, 773 F.2d 1049 (9th Cir. 1985) (holding "prejudice and confusion would be generated by innuendos of collateral misconduct."); *ICU Med., Inc. v. RyMed Techs., Inc.*, 752 F. Supp. 2d 486, 493 (D. Del. 2010) (rejecting admissibility under FRE 404(b) and holding that "introduction of such contentions would cause substantial delay, wasted time, and confusion because it would require mini-trials"). So too here, Nike's attempt to inject collateral allegations of infringement by a third party regarding marks not at issue here should be excluded.

## IV.    CONCLUSION

For all the foregoing reasons, Sweat It Out respectfully requests the Court grant its motion *in limine*, barring Nike from offering evidence and argument related to: (1) multiple hearsay statements from the Marksmen report, and (2) collateral allegations of trademark infringement by Invista.

Dated:      June 15, 2021                         TROUTMAN PEPPER HAMILTON
                                                  SANDERS LLP


                                                  By:  /s/ Ben L. Wagner
                                                       Ben L. Wagner (CA SBN 243594)
                                                       ben.wagner@troutman.com
                                                       *Admitted Pro Hac Vice*
                                                       11682 El Camino Real, Suite 400
                                                       San Diego, CA  92130-2092
                                                       Telephone:  858.509.6000
                                                       Facsimile:   858.509.6040

116597967

Michael A. Schwartz (PA 60234)
TROUTMAN PEPPER HAMILTON
SANDERS LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799

*Attorneys for Plaintiff*
LONTEX CORPORATION

## CERTIFICATE OF SERVICE

    I hereby certify that on June 15, 2021, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Ben L. Wagner
Ben L. Wagner

116597967