IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONTEX CORPORATION<br><br>        Plaintiff,<br><br>    v.<br><br>NIKE, INC.,<br><br>        Defendant. | Civil Action No.  2:18-cv-05623-MMB<br><br>Hon. Michael Baylson |

**PLAINTIFF LONTEX CORPORATION'S MOTION RE DEPOSITION
DESIGNATIONS AND COUNTER-DESIGNATIONS FOR USE AT TRIAL**

117401265v1

Lontex submits this Motion to exclude in part deposition designations and counter-designations by Nike. Lontex submits this Motion to specifically brief "non-standard" objections, and also requests that its remaining objections stated in its Objections served upon Nike be sustained as well.

As a procedural matter, Lontex has not submitted exhibits (including the deposition portions designated by either party or the designations served by either party) per the Court's Pretrial Order preventing submission of additional exhibits. But Lontex stands ready to present its designations or portions of the designations in whatever format the Court should so desire, and anticipates that Nike would do the same for its own designations. Lontex also stands ready to submit the exchanged Objections served by Lontex identifying more broadly its objections to Nike's designations and counter-designations, which objections are mostly of the "routine" kind.

Lontex's three propositions briefed in this Motion are:

**Proposition No. 1: Nike's attempt to introduce deposition testimony about allegations in the Complaint is improper**

Nike designated Efraim Nathan's pp. 199:17-200:5 and 208:14-210:7 which are questions directed at what Lontex said in its Complaint. As the Court instructed earlier in this case, the Complaint itself is not going to come in at trial. What an attorney put in an unverified Complaint is not what frames this case for the jury and is not relevant, and at best risks a waste of time and at worst invites a prejudicial side show about pleadings rather than facts. FRE 401, 403. Thus, such designation should be stricken and not permitted.

**Proposition No. 2:  Nike's attempt to introduce testimony about a trademark registration dropped from suit is not admissible and should be excluded under FRE 401 and 403**

Nike designated Efraim Nathan's pp. 790:19-793:18, 793:23-794:9, 795:13-796:13, 796:16-796:25, 802:20-805:3, 805:6-805:20, 806:11-807:5.  These designations violate FRE 401 and 403 in that they pertain to a third trademark registration dropped from this suit when the Court granted Lontex's December 2019 Motion to Amend and partial Motion to Dismiss Counterclaims.  The Court will recall this was the design mark for COOL COMPRESSION, which Lontex used for many promotional purposes.  Nike's attempt to inject its arguments about whether Lontex made commercial use in commerce of the design mark is a distraction, as it delves into Mr. Nathan's understanding about promotional uses of the design mark.  It also requires presentation of a prosecution file history that is in addition to the two full decade-plus prosecution histories that the jury will already hear about for the two actual registrations at-issue in this case.

The heart of Lontex's use on goods themselves is in its inside garment labels, which used the non-design basic word mark.  Lontex took the affirmative step to simplify the issues for trial by voluntarily moving to amend to remove the design mark registration from the pleadings.  The Court has already bifurcated at Nike's request, based on the premise that the issues in the case risk jury confusion and unnecessary issues avoided.  The briefing regarding "Cool" not adjacent from "Compression" was yet another example of the Court's insistence that the parties stay on track in their trial presentation to truly relevant evidence.  To allow Nike to introduce testimony about a design mark registration *not* in the pleadings anymore allows irrelevant testimony that has no direct bearing on this case to complicate and add side issues that beget yet more side

117401265v1

issues (E.g. Lontex will then need to provide testimony explaining the missing context behind Nike's presentation about this design-mark registration, and so on).

Thus, under both FRE 401 and 403, the testimony relating to Lontex's design mark registration should be stricken and not permitted.

**Proposition 3: Nike's over-expansive attempted use of FRCP 32(a)(6)'s rule of completeness for its counter-designations should be disallowed, and at the least its hearsay designations inadmissible even at trial are inadmissible as counter-designations**

Testimony of Nike's own witness is classic hearsay when offered by Nike, including as a counter designation. The witnesses are not unavailable to Nike – they are Nike's own employees, and are indeed designated as Nike witnesses for its own trial presentation. Nevertheless, Nike claims the vast majority of Lontex's designations – if allowed – require under FRCP 32(a)(6) a counter-designation under the rule of completeness. Given its power, FRCP 32(a)(6) was intended for a far narrower set of circumstances. It is cited approximately 100 times in the caselaw and Shepards records only 80 citations – just 2 in the Third Circuit.

Rule 32(a)(6)'s rule of completeness has two limitations. First, the portions to be admitted must be relevant to the issues. Secondly, only those parts that qualify or explain the subject matter of the portion offered by the opponent must be admitted. *United States v. Walker*, 652 F.2d 708, 710 (7th Cir. 1981). "The burden of establishing the applicability of the rule of completeness falls on the party seeking to have a counter-designation played in the other party's case." *In re Pac. Fertility Ctr. Litig.*, 2021 U.S. Dist. LEXIS 98928, *4-5, 2021 WL 2075560 (N.D .Cal. May 24, 2021) citing *Phoenix Techs. Ltd. v. VMware, Inc.*, No. 15-CV-01414-HSG, 2017 U.S. Dist. LEXIS 72355, 2017 WL 2001981, at *10 (N.D. Cal. May 11, 2017). These

witnesses are not unavailable witnesses to Nike, as they are Nike's own employees, and Nike is free to present their testimony live during its case in chief.

Nike cannot meet its burden. The tell-tail sign of misuse of this narrow procedure (and failure to meet Nike's burden) under FRCP 32(a)(6) is: (1) Nike counter-designated for a substantial portion if not majority of Lontex's designations, (2) the counter-designations are often from ten, twenty or even one hundred pages earlier or later in the deposition transcript, and (3) the counter-designations often bury Lontex's own designation in pages of counter-designations for "completeness." For example, Nike claims that in order for any testimony to be read from one of it's employees depositions, more often then not some extensive preface of the witnesses' background should be read into the record. And the counter-designations routinely go far beyond the scope of Lontex's designated testimony, offering nothing by way of context without which prejudice would inure to Nike.

As an overarching matter, the Court should not permit Nike to include a counter-designation under FRCP 32(a)(6) unless it makes a prima facie showing of why the rule of completeness requires it. *In re Pac. Fertility Ctr. Litig.*, 2021 U.S. Dist. LEXIS 98928, *4-5, 2021 WL 2075560. Given Nike appears to misapprehend FRCP 32(a)(6) and its narrow purpose (e.g. allowing a natural beginning and end to a line of questions), Nike's overuse should be addressed by simply disallowing Nike's counter-designations premised on FRCP 32(a)(6). Nike is free to allow its employees to testify during its case in chief. But it should not under the auspice of the rule of completeness be allowed to take over the case in chief in order to delve into what amount to a deluge of testimony on top of Lontex's more circumscribed designations.

But regardless, Nike cannot use FRCP 32(a)(6)'s rule of completeness as a way of introducing testimony which – even if presented live at trial – would be inadmissible hearsay.

117401265v1

Rule 32(a)(6) still excludes hearsay to the extent the testimony offered "would be inadmissible even if delivered in court." *Ueland v. United States*, 291 F.3d 993, 996 (7th Cir. 2002). Nike has done exactly this, attempting to introduce through the Nike deponent statements of other Nike employees and information relayed to the deponent by other Nike employees, who Lontex was not given the opportunity cross-examine. It also includes instances where Nike has introduced background conversations the Nike deponent had, for the transparent purpose of suggesting to the jury that the person's testimony carries certain weight because it is based on his or her own knowledge plus information received in conversations the Nike deponent had with other Nike employees.

This inadmissible hearsay that would be excluded if offered at trial includes Mangum pp. 89:19-23, 103:20-21, 139:24-140:9; Hall pp. 7:19-21; 21:13–22:1; 22:6-9; 22:16–23:5; 41:21-22; 189:15-190:12; 190:16-191:14; 194:15-20; 194:22-196:9; 196:11-196:14; 197:23-199:3; 76:4-15; 186:4-187:1; 196:22-197:10; 148:3-12; White pp. 179:13-25, 180:24-181:3; Munro pp. 39:17-40:5.

Thus, Nike's FRCP 32(a)(6) designations should be stricken and not allowed based on Nike's present showing, and in any event, the hearsay portions inadmissible even at trial (identified in the preceding paragraph) should be stricken and not allowed.

For the foregoing reasons, in addition to the exchanged Objections, Lontex requests that its Objections be granted and Nike's designations and counter-designations be stricken and disallowed for the reasons stated.

Dated: July 15, 2021

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: s/*Ben L. Wagner*
Ben L. Wagner (CA SBN 243594)
ben.wagner@troutman.com
*Admitted Pro Hac Vice*
11682 El Camino Real, Suite 400
San Diego, CA 92130-2092
Telephone: 858.509.6000
Facsimile: 858.509.6040

Michael A. Schwartz (PA 60234)
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799

*Attorneys for Plaintiff*
LONTEX CORPORATION

117401265v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2021, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                s/*Ben L. Wagner*
                Ben L. Wagner