IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONTEX CORPORATION<br><br>    Plaintiff,<br><br>  v.<br><br>NIKE, INC.,<br><br>    Defendant. | Civil Action No.  2:18-cv-05623-MMB<br><br>Hon. Michael Baylson |

**PLAINTIFF LONTEX CORPORATION'S RESPONSE TO NIKE, INC.'S BRIEF ON USE OF "COOL COMPRESSION" AT TRIAL**

Plaintiff Lontex Corporation ("Sweat It Out") hereby submits the following response to Nike, Inc.'s ("Nike") Brief on Use of "Cool Compression" at Trial (Dkt. 271).

Nike's Brief demonstrates that the parties have no meaningful disagreement that evidence of usage of the words "cool" and "compression," even when not next to each other, are relevant and should be admitted at trial.  Specifically, Nike asserts that, "evidence regarding Lontex's or NIKE's clothing or advertisements, etc. should not be strictly limited to those items that use the words 'cool compression' unseparated by other words."[1]  Dkt. 271 at 1.  Sweat It Out has similarly requested that, "the Court allow the jury to consider evidence of Nike and its retailers using the mark in a confusingly similar manner with abbreviations or separation between the words Cool and Compression, such as 'Cool 6" Compression' or 'CL COMP.'"  (Dkt. 270 at 1.)

Highlighting the similarity in these positions, the parties rely on some of the same evidence to demonstrate why evidence of Cool separated from Compression is proper evidence

---

[1] Sweat It Out disagrees with many of the "facts" asserted in Nike's Brief, including that Sweat It Out abandoned or failed to use the COOL COMPRESSION mark.  *See* Dkt. 271 at 1–5.  However, Sweat It Out does not seek a wholesale preclusion for Nike seeking to present its asserted evidence to the jury.  Instead, as set forth below, Sweat It Out believes this will be subject to FRE 403 balancing, in addition any other specific objections to evidence that may apply, and can be raised in the context of the trial.

117601062

for the jury to consider. *Compare* Dkt. 271 at 9–10 *with* Dkt. 270 at 2 (both citing Nike catalog pages using (i) NIKE PRO COOL COMPRESSION SHORT-SLEEVE TOP, (ii) NIKE PRO COOL 6" COMPRESSION SHORT, and (iii) NIKE PRO COOL FITTED SHORT-SLEEVE TOP). The inferences to be drawn from such evidence are natural issues for the parties to disagree on in a trademark case. Nonetheless, the parties' uncharacteristically uniform positions in support of presentation of such evidence at trial confirms that such uses readily overcome the low bar of relevance for admission at trial.

Nike's emphasis that evidence of Cool separated from Compression is relevant to its fair use defense, Dkt. 271 at 5–10, further demonstrates one of the important reasons that Sweat It Out should be able to present to the jury the full context of Nike's use of "cool" in product titles followed – with or without a word break – by "compression." Nike has stated that it intends, with the Court's permission, to present to the jury that "NIKE's use of the words 'cool' and 'compression' was inconsistent" (Dkt. 271 at 6), and "NIKE used words like 'cool' to describe its NIKE Pro apparel with sweat-wicking fabric and ventilation that keeps the wearer cool and 'compression' to describe apparel that fits tightly to the skin" (*id.* at 10). So too Sweat It Out must be able to present important evidence providing the context of Nike's usage of "Cool" including separated by "Compression" to avoid an incomplete presentation and juror confusion. *See Marketquest v. BIC*, 862 F.3d 927, 936 (9th Cir. 2017). It seems clear that the parties will disagree with their respective views of the facts in this case and intend to use evidence of Cool separated from Compression for differing reasons, but the relevance of presenting such evidence to the jury should not be denied.

To the extent the Court has concerns with trial management, the parties obviously have an obligation to balance the presentation of evidence such that it will assist the jury in

117601062

adjudicating the issues in dispute in an efficient manner.  As has been its intention, Sweat It Out intends to carefully and proactively address this issue to ensure the jury receives a careful balance of information that will assist in making the key decisions in this case.  Further, if any party spends an excessive amount of time on presenting evidence of Cool separated from Compression, the Court can also address that issue in real-time during the presentation of evidence.  *See* Fed. R. Evid. 403.

In view of the parties' briefing on this issue, and the importance of providing the full context of the evidence to the jury, Sweat It Out requests that it be allowed to present evidence to the jury of Nike's various uses of "cool" and "compression," including abbreviations and separations of those words.

Dated:     July 23, 2021

TROUTMAN PEPPER HAMILTON
SANDERS LLP

By: */s/ Ben L. Wagner*
  Ben L. Wagner (CA SBN 243594)
  ben.wagner@troutman.com
  *Admitted Pro Hac Vice*
  11682 El Camino Real, Suite 400
  San Diego, CA  92130-2092
  Telephone:   858.509.6000
  Facsimile:   858.509.6040

  Michael A. Schwartz (PA 60234)
  TROUTMAN PEPPER HAMILTON
  SANDERS LLP
  3000 Two Logan Square
  Eighteenth & Arch Streets
  Philadelphia, PA 19103-2799

  *Attorneys for Plaintiff*
  LONTEX CORPORATION

117601062

## CERTIFICATE OF SERVICE

      I hereby certify that on July 23, 2021, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent via e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                            */s/ Ben L. Wagner*
                                            Ben L. Wagner

117601062