

**DLA Piper LLP (US)**
One Liberty Place
1650 Market Street
Suite 5000
Philadelphia, Pennsylvania 19103-7300
www.dlapiper.com

Ilana Hope Eisenstein
Ilana.Eisenstein@dlapiper.com
T  215.656.3351
F  215.606.3351

October 20, 2021
*VIA ECF AND EMAIL*

Hon. Michael M. Baylson, U.S. District Judge
3810 United States Courthouse
601 Market Street, Philadelphia, PA 19106

**Re:**  *Lontex Corporation v. NIKE, Inc.*, **Case No. 18-cv-5623:**
Request to Preclude or Limit Testimony of David Drews as Part of Liability Phase

Dear Judge Baylson:

While recognizing that this Court previously ruled that Plaintiff's expert David Drews may testify in the liability phase as to "sales volume," Defendant NIKE, Inc. ("NIKE") respectfully raises objections to Mr. Drews' testimony in light of the newly created exhibits proffered for use with Mr. Drews. Yesterday, Lontex presented NIKE with new, previously undisclosed charts and calculations, which Lontex states it will introduce with Mr. Drews on Thursday, October 21 as part of the liability phase of this trial. NIKE respectfully requests that the Court allow counsel to *voir dire* Mr. Drews outside the presence of the jury as NIKE does not believe Mr. Drews can reliably establish the sales volume he proffers in Plaintiff's summaries.[1] These new exhibits suffer from four problems that undermine the reliability of Mr. Drews' testimony[2]:

*First*, Mr. Drews' revised exhibit (PX0029, attached hereto as Ex. A) contains a "total units sales" figure of 6,706,909. This number includes sales that were barred by this Court's September 2, 2021 Order (ECF Nos. 303 & 304), which held that "Nike may not be held liable for uses of 'cool' and 'compression' separated by other words or numbers, or abbreviated." (ECF No. 303, at 5). Contravening this Order, PX0029 includes *all* the sales of the *original* products that Lontex alleged were infringing (which it calls the "NIKE accused products") without removing sales of

---

[1] NIKE notes that, in the event Mr. Drews is not permitted to testify as part of liability, Lontex's branding expert witness, Jeffrey Parkhurst, would lack a factual basis on which to submit his own testimony because his opinions merely adopted Mr. Drews' calculation of the total number of units sold. (ECF No. 190-6, Parkhurst Report ¶ 89 & n.84; *see* Parkhurst Dep. Tr. 96:11–16.)

[2] NIKE raised some of these concerns in its Trial Memorandum (ECF No. 329 at 11–16), but now possesses additional detail regarding the absence of relevant testimony Mr. Drews can offer related to liability.



Hon. Michael M. Baylson, U.S. District Judge
October 20, 2021
Page Two

style numbers where "cool" was separated from "compression" or variations of the same, *e.g.*, Style 724354: "Cool ½ Sleeve Comp Top."[3]

*Second*, the numbers provided on PX0029 are unsupported by any explanation as to how they tie to NIKE's produced data. Our efforts to verify these numbers with comparison to NIKE sales spreadsheets do not match the numbers on Mr. Drews's chart. The chart lacks any citation, and we have received no explanation in Mr. Drews's expert reports or otherwise for how these new numbers were calculated.

*Third*, this Court's Order conditionally permitted the testimony of Mr. Drews provided that "the experts, when testifying in the liability phase, ***cannot make any assumptions that Nike is liable***." (ECF No. 303 at 10). But in calculating the total sales for each product, Mr. Drews testified that his entire analysis ***assumed that liability would be established*** and ***assumed that every sale in a named style number*** was made in connection with an infringing use of "cool compression." Drews Depo. Tr. 84:4–16; 136:23–137:4. Mr. Drews, moreover, testified that he conducted "***no independent verification on any particular sale***" to confirm that the sale was made in connection with the alleged use of cool compression. Drews Depo. Tr. 79:4–12. He has made no distinction, moreover, among sales volumes by channel (*i.e.*, NIKE's own retail stores, NIKE's online sales, NIKE catalog sales, or NIKE sales to third-party retailers), and he has not adjusted his totals where the only evidence of the use of "cool compression" exists merely in a single channel. And Mr. Drews purports to quantify total "NIKE cool compression" sales over a four-year period from 2015 through 2018 — although the chart states no date limits on its face — even where the evidence of any use of "cool compression" for a particular product is date-limited.

*Finally*, Mr. Drews's sales volume calculations purport to total NIKE's sales of its products for a particular style number. That is fact testimony, not expert testimony (and given the uncertainties about the calculations, may not even constitute accurate fact testimony). As explained in NIKE's October 14 Trial Brief (ECF No. 329 at 11–16), Mr. Drews has no personal knowledge of NIKE's or any third-party retailers' sales figures and has no basis to explain their internal sales data collection and compilation processes.

---

[3] Inexplicably, Mr. Drews' total sales volume number has also increased between Lontex's production of PX0020 (which Lontex provided to NIKE on September 28, 2021, attached hereto as Ex. B), which stated that there were 6,705,529 total Nike Accused Products sold, while PX0029 (which Lontex provided to NIKE on October 19, 2021) stated that there were 6,706,909 "Nike Accused Products" sold. Plaintiff has offered no explanation for this discrepancy.



Hon. Michael M. Baylson, U.S. District Judge
October 20, 2021
Page Three

      In light of these concerns, NIKE renews its objection to Mr. Drews's testimony on the sales volumes, objects to presentation of sales volumes that includes data for products excluded by this Court's prior ruling, and respectfully requests that Mr. Drews be subject to voir dire to ascertain the reliability of the remainder of his sales volume report.

                                        Respectfully Submitted,

                                        Ilana H. Eisenstein
                                        *Counsel for NIKE, Inc.*

cc:      Counsel of Record via ECF & E-Mail

# EXHIBIT A – PX0029

# Lontex Corporation v. Nike, Inc.
## By Style Summary - Parts One & Two
### Unit Sales for Select SKUs

| By Style Summary - Part One | Unit Sales | Percent of Total |
|---|---:|---:|
| 703084 | 1,472,570 | 22.0% |
| 703086 | 627,460 | 9.4% |
| 703088 | 282,560 | 4.2% |
| 703094 | 410,644 | 6.1% |
| 703098 | 1,167,938 | 17.4% |
| **Total for Select SKUs - Part One** | **3,961,172** | **59.1%** |
| **By Style Summary - Part Two** | **Unit Sales** | **Percent of Total** |
| 703096 | 51,498 | 0.8% |
| 719903 | 86,123 | 1.3% |
| 726460 | 44,659 | 0.7% |
| 726462 | 60,497 | 0.9% |
| 726464 | 185,858 | 2.8% |
| 728047 | 60,890 | 0.9% |
| 729269 | 5,128 | 0.1% |
| 828642 | 24,638 | 0.4% |
| **Total for Select SKUs - Part Two** | **494,653** | **7.4%** |
| **Total Units Sales - Nike Accused Products** | **6,706,909** | **100%** |

# EXHIBIT B – PX0020

## Lontex Corporation v. Nike, Inc.
### Cool Compression Product Sales by State - Units
#### Lontex, Nike and Nike Retailer Customers

| State | Lontex 2006 - 2014 Units | Lontex 2015 - 2019 Units | Nike Wholesale Units | Nike Retail Units | Non-Nike Retail Units |
|---|---|---|---|---|---|
| "Not Assigned" | 310 | 264 | 1,117,560 | 0 | 1,117,560 |
| Alabama | 16 | 15 | 19,008 | 12,449 | 6,559 |
| Alaska | 15 | 0 | 901 | 0 | 901 |
| American Samoa | 0 | 0 | 155 | 0 | 155 |
| Arizona | 434 | 198 | 259,253 | 42,993 | 216,260 |
| Arkansas | 483 | 143 | 12,762 | 8,019 | 4,743 |
| California | 1,086 | 189 | 790,442 | 248,960 | 541,482 |
| Colorado | 182 | 35 | 43,511 | 26,131 | 17,380 |
| Connecticut | 68 | 7 | 34,358 | 8,780 | 25,578 |
| Delaware | 494 | 179 | 5,068 | 8,119 | (3,051) |
| District of Columbia | 111 | 3 | 7,323 | 5,142 | 2,181 |
| Florida | 1,567 | 522 | 272,241 | 194,299 | 77,942 |
| Georgia | 185 | 103 | 345,649 | 38,468 | 307,181 |
| Guam | 0 | 0 | 849 | 0 | 849 |
| Hawaii | 6 | 2 | 5,578 | 0 | 5,578 |
| Idaho | 9 | 1 | 14,188 | 9,917 | 4,271 |
| Illinois | 2,718 | 474 | 77,445 | 34,077 | 43,368 |
| Indiana | 45 | 132 | 438,042 | 9,833 | 428,209 |
| Iowa | 24 | 20 | 47,277 | 12,704 | 34,573 |
| Kansas | 34 | 6 | 32,275 | 7,139 | 25,136 |
| Kentucky | 14 | 11 | 62,828 | 10,217 | 52,611 |
| Louisiana | 139 | 15 | 24,453 | 11,797 | 12,656 |
| Maine | 15 | 0 | 12,051 | 9,399 | 2,652 |
| Maryland | 873 | 146 | 48,625 | 24,867 | 23,758 |

PX. 0020.0001

# Lontex Corporation v. Nike, Inc.
## Cool Compression Product Sales by State - Units
### Lontex, Nike and Nike Retailer Customers

| State | Lontex 2006 - 2014 Units | Lontex 2015 - 2019 Units | Nike Wholesale Units | Nike Retail Units | Non-Nike Retail Units |
|---|---|---|---|---|---|
| Massachusetts | 215 | 96 | 63,012 | 25,183 | 37,829 |
| Michigan | 160 | 104 | 115,126 | 25,587 | 89,539 |
| Military America | 0 | 0 | 78 | 0 | 78 |
| Military Europe | 3 | 1 | 13,636 | 0 | 13,636 |
| Military Pacific | 2 | 0 | 13,279 | 0 | 13,279 |
| Minnesota | 102 | 39 | 60,539 | 27,569 | 32,970 |
| Mississippi | 11 | 0 | 18,873 | 13,223 | 5,650 |
| Missouri | 510 | 137 | 42,314 | 17,700 | 24,614 |
| Montana | 25 | 7 | 10,584 | 0 | 10,584 |
| N Mariana Islands | 0 | 0 | 251 | 0 | 251 |
| Nebraska | 3 | 0 | 30,966 | 7,363 | 23,603 |
| Nevada | 108 | 25 | 64,943 | 52,680 | 12,263 |
| New Hampshire | 27 | 4 | 21,586 | 13,959 | 7,627 |
| New Jersey | 2,061 | 224 | 164,453 | 44,711 | 119,742 |
| New Mexico | 49 | 7 | 5,700 | 1,055 | 4,645 |
| New York | 536 | 142 | 271,763 | 63,628 | 208,135 |
| North Carolina | 136 | 69 | 65,591 | 23,612 | 41,979 |
| North Dakota | 4 | 1 | 17,428 | 0 | 17,428 |
| Ohio | 1,056 | 110 | 93,922 | 30,894 | 63,028 |
| Oklahoma | 33 | 5 | 24,006 | 6,533 | 17,473 |
| Oregon | 36 | 1 | 324,413 | 311,628 | 12,785 |
| Pennsylvania | 2,304 | 880 | 634,148 | 35,183 | 598,965 |
| Puerto Rico | 1 | 0 | 11,719 | 9,673 | 2,046 |
| Rhode Island | 4 | 0 | 3,319 | 0 | 3,319 |

PX. 0020.0002

## Lontex Corporation v. Nike, Inc.
### Cool Compression Product Sales by State - Units
#### Lontex, Nike and Nike Retailer Customers

| State | Lontex 2006 - 2014 Units | Lontex 2015 - 2019 Units | Nike Wholesale Units | Nike Retail Units | Non-Nike Retail Units |
|---|---|---|---|---|---|
| South Carolina | 42 | 29 | 31,463 | 19,518 | 11,945 |
| South Dakota | 2 | 0 | 12,745 | 0 | 12,745 |
| Tennessee | 1,236 | 47 | 223,371 | 191,658 | 31,713 |
| Texas | 1,719 | 1,003 | 338,147 | 110,232 | 227,915 |
| Utah | 32 | 4 | 46,901 | 27,878 | 19,023 |
| Vermont | 5 | 1 | 1,760 | 0 | 1,760 |
| Virginia | 475 | 62 | 68,588 | 24,355 | 44,233 |
| Washington | 151 | 22 | 61,142 | 36,211 | 24,931 |
| West Virginia | 33 | 5 | 20,661 | 0 | 20,661 |
| Wisconsin | 212 | 52 | 156,097 | 23,966 | 132,131 |
| Wyoming | 11 | 11 | 1,163 | 0 | 1,163 |
| **Totals:** | **20,132** | **5,553** | **6,705,529** | **1,867,309** | **4,838,220** |

*Sources:  NIKE-00044256, 45845; LTX_EDPA_00000867, 905, 24506, 24507.*