# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONTEX CORPORATION,<br><br>                    Plaintiff,<br><br>   v.<br><br>NIKE, INC.,<br><br>                    Defendant. | Civil Action No.:  18-cv-5623<br><br>(Hon. Michael M. Baylson) |

## NIKE, INC.'S AMENDED PROPOSED VERDICT FORM

DLA PIPER LLP (US)

Gina L. Durham (*pro hac vice*)
555 Mission Street, Suite 2400
San Francisco, CA 94105

Frank W. Ryan (*pro hac vice*)
Andrew J. Peck (*pro hac vice*)
Michael D. Hynes (*pro hac vice*)
Marc E. Miller (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 100201

Ilana H. Eisenstein
Ben C. Fabens-Lassen
1650 Market Street, Suite 5000
Philadelphia, PA  19103

*Attorneys for Defendant NIKE, Inc*

**VERDICT FORM**

I. **LONTEX'S CLAIM FOR DIRECT INFRINGEMENT – LIKELIHOOD OF CONFUSION**

1. Has Lontex proved by a preponderance of the evidence that NIKE infringed Lontex's COOL COMPRESSION trademark by using the challenged terms "cool" and "compression" in a way that was likely to cause confusion among consumers in the marketplace as to the source or affiliation of NIKE's or Lontex's products.

    Please check "yes" (for Lontex) or "No" (for NIKE)

    YES ____   NO ____

    **If you answered "No" to Questions 1, there are no further questions.**

    **If you answered "Yes" to Question 1, please proceed to answer Question 2.**

II. **WILLFULNESS**

2. Has Lontex proved by a preponderance of the evidence that NIKE willfully infringed Lontex's COOL COMPRESSION trademark.

    Please check "yes" (for Lontex) or "No" (for NIKE)

    YES ____   NO ____

    **Please proceed to answer Question 3.**

III. **LONTEX'S CLAIM FOR CONTRIBUTORY INFRINGEMENT**

3. Has Lontex proved by a preponderance of the evidence that a retailer, who is not currently a party to this suit, has infringed Lontex's COOL COMPRESSION trademark by using the challenged terms "cool" and "compression" in a way that was likely to cause confusion among consumers in the marketplace as to the source or affiliation of NIKE's or Lontex's products?

    Please check "yes" (for Lontex) or "No" (for Nike)

    YES ____   NO ____

    **If you answered "No" to Question 3, please proceed to answer Question 5.**

    **If you answered "Yes" to Question 3, list below the retailer or retailers for whom Lontex proved infringement by a preponderance of the evidence and then proceed to answer Question 4:**

2

_____

_____

_____

4. Has Lontex proved by a preponderance of the evidence that NIKE intentionally induced retailers of its products to infringe or that NIKE knew, or had reason to know, that retailers of its products would infringe by using the challenged terms "cool" and "compression" in a way that was likely to cause confusion among customers as to the source or affiliation of NIKE's or Lontex's products?

   Please check "yes" (for Lontex) or "No" (for Nike)

   YES ____   NO ____

   **Please proceed to answer Question 5.**

IV. **NIKE'S AFFIRMATIVE DEFENSES**

5. Has NIKE proved by a preponderance of the evidence that its use of the terms "cool" and "compression" constitutes fair use of ordinary terms for their ordinary meanings to describe NIKE's products, not to indicate the source of NIKE's products?

   Please check "yes" (for NIKE) or "No" (for Lontex)

   YES ____   NO ____

   **Please proceed to answer Question 6.**

6. Has NIKE proved by a preponderance of the evidence that, before 2016, Lontex had abandoned its COOL COMPRESSION trademark, including Trademark Registration Nos. 3611406 and 3416053?

   Please check "yes" (for NIKE) or "No" (for Lontex)

   YES ____   NO ____

   **There are no further questions**

**Dated:** _____        _____
                                 **Presiding Juror/Foreperson**

3