IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONTEX CORPORATION,<br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NIKE, INC.,<br>　　　　　　　　　Defendant. | Civil Action No.: 18-cv-5623<br><br>(Hon. Michael M. Baylson) |

### DEFENDANT NIKE, INC.'S TRIAL POSITION ON PLAINTIFF LONTEX CORPORATION'S LACK OF ENTITLEMENT TO A JURY TRIAL ON ITS REQUEST FOR DISGORGEMENT

Defendant NIKE, Inc. submits this Trial Position requesting that this Court, in the event a damages phase is held in this trial, consider Lontex's disgorgement claim as a matter of equity and not submit that claim to the jury.

The Supreme Court has made clear that disgorgement of profits under the Lanham Act is an "equity practice." *Romag Fasteners, Inc v. Fossil, Inc.,* 140 S. Ct. 1492, 1497 (2020). While the Lanham Act authorizes a trademark owner to recover an infringer's profits resulting from its violation, the Third Circuit holds that such an award is subject to the principles of equity and is never automatic and never a matter of right. *Covertech Fabricating, Inc. v. TVM Bldg. Prods., Inc.,* 855 F.3d 163, 177 (3d Cir. 2017) (vacating a $4,054,319 award of profits in light of insufficient trial record to approximate actual damages). Disgorgement of profits "is a form of equitable relief, and it does not follow as a matter of course upon the mere showing of an infringement. It will be denied where an injunction satisfies the equities of a case, as for example, where there is a clear showing that no profit was made." *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.,* 166 F.3d 197, 208 (3d Cir. 1999) (en banc). "Because disgorgement is an equitable remedy," courts in the Third Circuit hear "disgorgement evidence at a bench trial, if

necessary, following the jury's verdict on liability." *Kars 4 Kids Inc. v. Am. Can!*, 8 F.4th 209, 217 (3d Cir. Aug. 10, 2021). A remedy of disgorgement of profits under the Lanham Act does not invoke a party's Seventh Amendment right to a jury trial. *See*, *e.g., JL Beverage Co., LLC v. Jim Beam Brands Co.,* 815 F. App'x. 110, 112 (9th Cir. 2020) (citation omitted); *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.,* 921 F.3d 1343, 1359 (11th Cir. 2019).

In addition, courts often hold that profits disgorgement is "inconsistent with a claim of reverse confusion," which is what Lontex asserts here. *See Koninkijke Philips Electronics N.V. v. Hunt Control Systems, Inc.*, Civ. Act. No. 11-3684, 2016 WL 3545529, at *27 (D.N.J. June 29, 2016); *A & H Sportswear,* 2002 WL 27735, at *5; *Fabick, Inc. v. JFTCO,* Inc., 944 F.3d 649 (7th Cir. 2019) (affirming denial of profits in a reverse confusion case and stating that profits are unlikely to be suitable for reverse confusion); *Visible Systems Corp. v. Unisys Corp.,* 551 F.3d 65, 89 U.S.P.Q.2d 1194 (1st Cir. 2008) (affirming ruling that profits were not available as a matter of law).

In *Banjo Buddies, Inc. v. Renosky,* the Third Circuit set forth six non-exhaustive factors to determine whether an alleged infringer's profits should be awarded to a trademark holder upon a finding of trademark infringement. 399 F.3d 168, 175 (3rd Cir. 2005). These factors include: (1) whether the defendant had the intent to confuse or deceive, (2) whether sales have been diverted, (3) the adequacy of other remedies, (4) any unreasonable delay by the plaintiff in asserting his rights, (5) the public interest in making the misconduct unprofitable, and (6) whether it is a case of palming off. *See id.* The trial record demonstrates that all six of these factors weigh against awarding disgorgement of NIKE's profits to Lontex.

*First*, there is no evidence in the record of any intent by NIKE to confuse or deceive consumers regarding the "COOL COMPRESSION" mark. To the contrary, the evidence shows

that the tech sheets—the primary evidence relied upon by Lontex using the words "cool compression"—were used internally by NIKE, and that NIKE did not possess any intention to confuse consumers. (10/18/21 Trial Tr. at 79:6–11; 10/22/21 Trial Tr. at 60:3–10).

*Second*, there is no evidence that sales have been diverted from Lontex to NIKE. Although Lontex's counsel told the court that it would lay a foundation for sales diversion regarding NFL teams no longer buying from Lontex (10/19/21 Trial Tr. at 104:19–21), there has been no testimony that the decline in Lontex's sales to NFL teams was due to a diversion of sales. (*Id.* at 108:9–14). Lontex's failed during the liability phase to introduce evidence of NIKE's sales to NFL, as it could not lay a sufficient evidentiary foundation for its proffered analysis. (10/20/21 at 162:6–20, 165:7–17).

*Third*, profits disgorgement is an inappropriate remedy in light of the fact that NIKE and Lontex do not compete in the same markets. (10/20/21 Trial Tr. at 47:16–19; 112:7–14) (testimony that NIKE's competitors include Adidas, Under Armour, and Lululemon, but not Lontex). Should Lontex establish liability, Lontex would not be entitled to recover any monetary damages because Lontex has failed to meet its burden of proving harm arising from NIKE's alleged infringement. *See Caesars World, Inc. v. Venus Lounge, Inc.*, 520 F.2d 269, 274 (3d Cir. 1975) ("Unless there is at least some evidence of harm arising from defendant's violation, a court may not award a money judgment."); *Steak Umm Co., LLC v. Steak 'Em Up, Inc.*, No. CIV.A. 09-2857, 2011 WL 3679155, at *9 (E.D. Pa. Aug. 23, 2011) ("a plaintiff may be able to prove a violation of the Lanham Act, without providing evidence sufficient for an award of damages."). As the Third Circuit recently reiterated, "[d]isgorgement 'does not follow as a matter of course upon the mere showing of an infringement,' and, for example, 'will be denied where an injunction satisfies the equities of a case.'" *Kars 4 Kids*, 8 F.4th at 223 (quoting *A & H Sportswear, Inc. v. Victoria's Secret Stores,*

*Inc.*, 166 F.3d 197, 209 (3d Cir. 1999) (en banc)).

*Fourth*, Lontex waited more than three years to file its lawsuit against NIKE after discovering the allegedly infringing use. Lontex learned about NIKE's products at issue in this case in December 2015, but did not file its lawsuit until December 2018. (10/19/21 Trial Tr. at 88:17–20; 178:14–15). This significant delay had the effect of enlarging any purported injury to Lontex, which could have been minimized by more prompt action.

*Fifth*, there is no public interest in discouraging the fair and accurate use of descriptive words to describe a party's own products on internal training documents like tech sheets. To the contrary, public policy encourages the use of clear and descriptive language to describe the benefits and attributes of products being sold to the public.

*And sixth*, there is no evidence in this case that NIKE ever once palmed off any of its NIKE Pro products as Lontex products. NIKE is one of the most well-known apparel brands world-wide; this reputation is aided by NIKE's use of its own trademarks, not those of far smaller players in the apparel field. (10/25/21 Trial Tr. at 48:20–49:3). It would be entirely irrational for NIKE to have palmed off its NIKE Pro products as Lontex products. Moreover, the Court dismissed Lontex's meritless counterfeiting claim on the pleadings, recognizing even then that this was not a case of palming off. (ECF 37.)

NIKE therefore requests that this Court rule that disgorgement is not an available remedy in this case or, in the event that disgorgement is deemed an available remedy, that it is an issue for the judge, not the jury. In the event this Court does not submit disgorgement to the jury, evidence related to NIKE's costs and other financial aspects distinct from NIKE's revenues should be redacted or otherwise withheld from consideration by the jury.

October 26, 2021                                    Respectfully submitted,

By:  */s/ Ilana H. Eisenstein*

DLA PIPER LLP (US)

Gina L. Durham (admitted *pro hac vice*)
555 Mission Street, Suite 2400
San Francisco, CA 94105

Michael D. Hynes (admitted *pro hac vice*)
Andrew J. Peck (admitted *pro hac vice*)
Marc E. Miller (admitted *pro hac vice*)
Lane Earnest McKee (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 100201

Ilana H. Eisenstein
Ben C. Fabens-Lassen
1650 Market Street, Suite 5000
Philadelphia, PA  19103

*Attorneys for Defendant NIKE, Inc.*