IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONTEX CORPORATION<br><br>        Plaintiff,<br><br>    v.<br><br>NIKE, INC.,<br><br>        Defendant. | Civil Action No.  2:18-cv-05623-MMB |

**PLAINTIFF LONTEX CORPORATION'S
PROPOSED DAMAGES PHASE JURY INSTRUCTIONS**

TROUTMAN PEPPER HAMILTON SANDERS LLP

Ben L. Wagner (CA SBN 243594)
ben.wagner@troutman.com
*Admitted Pro Hac Vice*
11682 El Camino Real, Suite 400
San Diego, CA  92130-2092
Telephone:  858.509.6000
Facsimile:  858.509.6040

Michael A. Schwartz (PA 60234)
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799

*Attorneys for Plaintiff*
LONTEX CORPORATION

**ITEMS OF RECOVERY**

In this trademark infringement case there are six items of recovery you may consider. They are:

1) Lontex's opportunities lost because of the infringement;

2) Lontex's profits lost because of the infringement;

3) Lontex's reasonable royalties it would have received if Nike had obtained a license for its infringing uses;

4) Lontex's future corrective advertising to correct consumer misimpressions from Nike's infringement;

5) Nike's profits from the trademark infringement;

6) Punitive damages.

I will provide you more detailed instructions on each of these items of relief.

**CAUSATION**

For all items of actual damages, Lontex must prove that damages were caused by Nike's infringement of the COOL COMPRESSION trademark. If Nike's infringement contributed materially to an injury, then it is the cause of that injury.

**Authority**

**Third Circuit:** *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 750 (3d Cir. 1999) (stating test for when advertising causes injury) ("[T]he relevant tort liability principles [] ask whether the advertising did in fact contribute materially to the injury.").

**ACTUAL DAMAGES – LOST BUSINESS OPPORTUNITIES**

Lost opportunity damages are intended to compensate Lontex for opportunities lost because of Nike's trademark infringement. Damages for lost opportunities are available if the fact of loss is not wholly speculative. The risk of uncertainty as to amount of damages is placed upon Nike and it is the duty of the jury to determine the amount of the damages as best it can from all the evidence in the case.

### Authority

**Third Circuit:** *Tse v. Ventana Med. Sys.*, 297 F.3d 210, 220 (3d Cir. 2002) ("(1) 'lost opportunity' damages are available 'unless the loss is wholly speculative'; and (2) if the fact of loss is not 'wholly speculative,' 'the risk of uncertainty as to amount of damages is cast on the wrongdoer and it is the duty of the fact finder to determine the amount of the damages as best he can from all the evidence in the case.'")

**ACTUAL DAMAGES – LOST PROFITS**

Plaintiff's lost profits are the losses of profit that the infringement was a substantial factor in causing. Whether a loss occurred must not be wholly speculative. In assessing the amount of lost profits, the amount should be a reasonable approximation from the evidence put before you.

**ACTUAL DAMAGES – REASONABLE ROYALTIES**

Loss of royalties. A royalty is a payment for the right to use a trademark. In determining lost royalties, you should determine the royalty that Lontex and Nike would have agreed upon for use of the mark if they had negotiated the terms of a royalty before Nike's infringement.

**Authority**

**Other Sources:** Seventh Circuit Model Jury Instructions 13.6.3; *A&H Sportswear Inc. v. Victoria's Secret Stores, Inc.*, 166 F.3d 197, 208-209 (3d Cir. 1999) (collecting cases, including Seventh Circuit authority).

**ACTUAL DAMAGES – FUTURE CORRECTIVE ADVERTISING**

Cost of future corrective advertising. This is the amount Lontex will need to spend to counteract the effects of Nike's infringement and the amount necessary to dispel any public confusion that lingers after Nike's infringement has stopped.

### Authority

**Other sources:** Seventh Circuit Model Jury Instructions 13.6.3; 5 J. THOMAS MCCARTHY, TRADEMARKS AND UNFAIR COMPETITION § 30:72 (4th ed. 2001); 1a JEROME GILSON, TRADEMARK PROTECTION AND PRACTICE § 8.08(2) (1996) (listing examples of recoverable damages).

**DEFENDANT'S PROFITS**

You must consider whether Nike's willful infringement supports disgorging the infringing profits. There are three independent bases upon which a jury may disgorge infringing profits – (1) if Nike's infringement resulted in unjust enrichment, (2) if Nike's infringement warrants deterrence, and (3) if the infringing sales act as a measurement of Lontex's own damages. A finding upon any of these bases is sufficient of itself to warrant profit disgorgement.

If any of these bases exist, there are a number of factors you should consider in assessing whether and how much profit disgorgement is warranted. The presence or absence of any particular factor that I suggest should be given the weight you determine appropriate, but you must consider all relevant evidence in determining this. As you consider an award of Nike's profits, you should examine the following:

(1) whether Nike's infringement was willful, which is a highly important consideration,

(2) whether sales of Lontex's garments with COOL COMPRESSION have been diverted,

(3) the adequacy of other remedies,

(4) any unreasonable delay by Lontex in asserting his rights,

(5) the public interest in making the misconduct unprofitable, and

(6) whether it is a case of palming off.

Lontex must only prove the gross sales of infringing products and Nike must prove all elements of cost or deduction claimed. Deductions of cost of goods sold are the limit of deductions for profit disgorgement. A proportionate share of overhead is not deductible when the sales of an infringing product constitute only a small percentage of total sales.  You should also consider whether Nike has proven that it made other contributions to the infringing sales.  However,

apportioning based on Nike's contribution to the infringing sales is optional for profits awarded to deter infringement.

**Authority**

**Statutes:** 15 U.S.C. § 1117(a)
**Third Circuit:** *Romag v. Fossil*, 140 S. Ct. 1492 (2020) ("mental state is a highly important consideration in determining whether an award of profits is appropriate"); *Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 175 (3d Cir. 2005); *Fisons Horticulture, Inc. v. Vigoro Indus.*, 30 F.3d 466, 474 (3d Cir. 1994); *Louis Vuitton Malletier & Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002); *Choice Hotels Int'l, Inc. v. Pennave Assoc.*, 159 F. Supp. 2d 780, 782, 786 (E.D. Pa. 2001) (holding willfulness can be inferred by the fact that a defendant continued infringing behavior after being given notice); *see also Columbia Pictures Industries Inc. vs. Sandrow*, 1988 U.S. Dist. LEXIS 2311, Civ. A. No. 87-3279, 1988 WL 28249, at *4 (E.D. Pa. Mar. 23, 1988) (determining that continued activity after receipt of "cease and desist" letter was "more blameworthy"); Deductions: *Sabinsa Corp.*, 2011 WL 3236096, at *3; *Wing Enterprises, Inc. v. Tricam Indus., Inc.*, 511 F. Supp. 3d 957, 973 (D. Minn. 2021) (citing 15 U.S.C. § 1117(a); *Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, 829 F. Supp. 2d 802, 819 n.7 (D. Minn. 2011); *Safco Prods. Co. v. Welcom Prods., Inc.*, 799 F.Supp.2d 967, 995–96 (D. Minn. 2011)); *Maltina Corp. v. Cawy Bottling Co.*, 613 F.2d 582, 586 (5th Cir. 1980) (even 6% of sales is too small to warrant overhead deduction).

**PUNITIVE DAMAGES – PENNSYLVANIA STATE TRADEMARK INFRINGEMENT**

Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or its reckless indifference to the rights of others. As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter it or others like it from similar conduct. Punitive damages are damages, other than compensatory or nominal damages, awarded against defendant to punish it for its outrageous conduct and to deter it and others like it from similar conduct in the future. When assessing the propriety of the imposition of punitive damages, the state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious.[1]

[Here forward, Pa. Pennsylvania Suggested Standard Civil Jury Instructions 8.20:] If you decide that Lontex is entitled to an award of punitive damages, it is your job to fix the amount of such damages. In doing so, you may consider any or all of the following factors:

1. the character of Nike's act,

2. the nature and extent of the harm to Lontex that Nike caused or intended to cause; in this regard you may include Lontex's trouble and expense in seeking to protect its interests in legal proceedings and in this suit,

3. the wealth of Nike insofar as it is relevant in fixing an amount that will punish it, and deter it and others from like conduct in the future.

It is not necessary that you award compensatory damages to Lontex in order to assess punitive damages against Nike.

---

[1] Based closely on *Hutchison v. Luddy*, 582 Pa. 114, 121-22, 870 A.2d 766, 770-71 (2005)

The amount of punitive damages awarded must not be the result of passion or prejudice against Nike on the part of the jury. The sole purpose of punitive damages is to punish Nike's outrageous conduct and to deter Nike's and others from similar acts.

### Authority

**Other Sources:** Pa. Pennsylvania Suggested Standard Civil Jury Instructions 8.20; based closely on *Hutchison v. Luddy*, 582 Pa. 114, 121-22, 870 A.2d 766, 770-71 (2005)

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2021, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

s/*Ben L. Wagner*
Ben L. Wagner
