IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONTEX CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>NIKE, INC.,<br><br>    Defendant. | Civil Action No. 2:18-cv-05623-MMB |

**DECLARATION OF BEN L. WAGNER IN SUPPORT OF PLAINTIFF LONTEX CORPORATION'S OMNIBUS POST-TRIAL MOTION**

121246396

I, Ben L. Wagner, declare as follows:

1. I am a member of the State Bar of California in good standing, and admitted *pro hac vice* in this proceeding. I am a partner at Troutman Pepper Hamilton Sanders LLP ("Troutman"), counsel of record in this action for Plaintiff Lontex Corporation ("Lontex"), and previously an attorney at Mintz Levin ("Mintz") until May 2019. Each statement made in this declaration is based upon facts within my personal knowledge or (where stated on information and belief) which I reasonably believe to be true on the basis of my information and belief. If called as a witness in this action I could and would testify competently to the same.

2. I submit this declaration in support of Lontex's Omnibus Post-Trial Motion.

3. Lontex was assisted in this matter by counsel at (1) Troutman, (2) Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. ("Mintz"), and (3) Semanoff Ormsby Greenbert & Torchia LLC ("Semanoff").

4. I have been lead counsel on this matter since its inception in the pre-litigation stages in 2018. I have 16 years of experience litigating a variety of complex matters throughout the United States, focusing primarily on trademark and copyright disputes. I graduated in 2005 from the University of San Diego School of Law, with *magna cum laude* honors. When this matter began in 2019, I was an attorney with Mintz in their San Diego office. Mintz is an AmLaw 100 firm with approximately 500 attorneys.

5. In May 2019, prior to the start of written discovery, I transferred to Troutman Sanders in their San Diego office. As a result, this matter was transferred to Troutman Sanders to serve as primary counsel.

6. Semanoff served as local counsel for this matter before Troutman Sanders merged, effective July 1, 2020, with Philadelphia-based Pepper Hamilton. As a result of the

anticipated merger that was announced in early 2020, Michael Schwartz, an attorney based out of then-Pepper Hamilton's and now-Troutman's Philadelphia office, began assisting as counsel in approximately March 2020, and soon thereafter Semanoff ceased serving as local counsel. Semanoff's rates charged were its then-applicable standard rates (e.g. not specially-negotiated rates). There was a total of approximately $18,444 in attorneys' fees for Michael Schwartz prior to the July 1, 2020 merger; the full amount of these pre-merger fees were excluded from the fees and costs on this Motion in an abundance of caution to avoid any chance of duplication or transition time between local Philadelphia counsels (switching from Semanoff to Michael Schwartz).

7. Troutman is an AmLaw 100 firm with approximately 1,200 attorneys.

8. Attached as **Exhibit 1** are true and correct copies of available background descriptions for each attorney at Troutman for whom Lontex seeks recovery of fees.

9. Attached as **Exhibit 2** are true and correct copies of available background descriptions for each attorney at Mintz for whom Lontex seeks recovery of fees.

10. Attached as **Exhibit 3** is a true and correct copy of a summary of time entries for all work performed by Troutman in this litigation. Without the benefit of having seen Nike's post-trial motions, I estimate that Lontex's post-trial briefing fees will be an additional at-least $150,000. Exhibit 3 was prepared from contemporaneous daily time records regularly prepared and maintained by Troutman. Specifically, the total hours for each timekeeper were summed for each year, and multiplied by the rate for each timekeeper for that year. The hourly rates shown in this chart are amounts that were regularly charged to and collected from clients for the years shown. These rates are also in line with rates charged and collected by Troutman for attorneys in

121246396

its Philadelphia office for attorneys based on similar experience and work on intellectual property matters, particularly trademark litigation.

11.     Attached as **Exhibit 4** is a true and correct copy of a summary of time entries for all work performed by Mintz in this litigation. Exhibit 4 was prepared from contemporaneous daily time records regularly prepared and maintained by Mintz. Specifically, the total hours for each timekeeper were summed for each year, and multiplied by the rate for each timekeeper for that year. The rates shown in this chart are amounts that were regularly charged to and collected from clients for the years shown. These rates are also consistent with rates charged and collected by Mintz for myself and other attorneys working on intellectual property matters. As noted above, I was an attorney at Mintz with regular knowledge of hourly rates charged by attorneys at Mintz for the time period representing the majority of the fees requested for Mintz hours expended.

12.     All of the underlying time entries summarized in Exhibits 3 and 4 (i.e. time entries through October 31, 2021) were promptly provided to counsel for Nike the week after trial ended, with some limited redactions. To conserve court and party resources, fees for any timekeeper amounting to under $1,500 were omitted and Lontex is not including those fees in its request. I understand pursuant to the Court's instructions on post-trial motions at trial that the Court does not intend to analyze individual time entries, and therefore I have not included them with this declaration but will provide a copies to the Court upon request, or in the event a special master is appointed to evaluate such details (Dkt. 366 Scheduling Order).

13.     Attached as **Exhibit 5** is a true and correct copy of relevant excerpts from the 2021 Edition of the AIPLA Economic Survey, which shows average rates for attorney intellectual property billing rates in Philadelphia and for trademark matters. These rates are

121246396

presented in different quartile groups. I believe the work performed by the attorneys in this matter should be compared to the third quartile group based on the level of complexity, novel issues presented in this matter, the normal hourly rates of comparable larger firms, the vigorous defense mounted by Nike, and the outcome finding of willfulness and award of punitive damages which I have observed as a practitioner to be exceedingly rare in a trademark case. Accordingly to the AIPLA survey, typical fees expended in a trademark case where, as here, over $25 million is at risk and counsel is a firm of 60 or more attorneys is approximately $7 million. *See id*. at I-202.  Average billable rates in Philadelphia for the third quartile are $664/hr, *id*. at p. F-27, with a range of $355/hr to $1,069/hr, *id*. at F-26.  This is consistent with my observation as a trademark litigator that hourly rates and total fees expended in prosecuting or defending a trademark case tend to be higher for larger firms than when a smaller firm is retained.  As to AIPLA (the American Intellectual Property Law Association), its website www.aipla.com/about states the following:  "Founded in 1897, AIPLA is a national bar association constituted primarily of practitioners in private and corporate practice, in government service, and in the academic community. AIPLA represents a wide and diverse spectrum of individuals from law firms, companies, and institutions involved directly or indirectly in the practice of patent, trademark, copyright, trade secret, and unfair competition law, as well as other fields of law affecting intellectual property. Our members represent both owners and users of intellectual property."

14.     Attached as **Exhibit 6** is a true and correct copy of a summary of search results from Valeo Rates Report - AMLaw 100 Firms Fee motions in PA conducted on 11/11/2021. A comparison of Exhibits 3 and 4 to Exhibit 6 shows that the hourly rates for Troutman and Mintz attorneys are below the relevant average rates reported by Valeo for AmLaw 100 firms in the

Philadelphia region. Troutman and Mintz rates are also in line with Philadelphia firm Duane Morris, for example, which Valeo has data showing rates of $910/hr for partners.

15. From the outset of this litigation, I reached out early and inquired of Nike's counsel if Nike would be interested in discussing settlement. In our Rule 26(f) conference of counsel in early 2019, I expressly advised Nike's counsel that Lontex was open to settlement discussions at any time and that I was a firm believer in always keeping the settlement phone open. The answer was always the same prior to trial – that whether mediation or settlement talks, Nike was unwilling to have substantive settlement discussions or participate in mediation at that time. I followed up periodically with Nike's counsel throughout the case, including after the Court's rulings on summary judgment motions, at which time my colleague Mike Schwartz made inquiries of Nike's counsel, but Nike staunchly refused to engage in substantive settlement discussions during litigation before trial, or to mediate at any time.

16. This action involved a substantial amount of written discovery and document productions. Specifically, in addition to approximately 70 third party subpoenas, the parties exchanged extensive written discovery:

|  | Lontex | Nike |
|---|---|---|
| Document requests served | 153 | 118 |
| Requests for admission served | 91 | 118 |
| Interrogatories served | 34 | 25<br>*Lontex provided initial responses and five supplementations* |
| Experts retained | 3 | 4 |
| Expert reports served | 5 | 4 |

Approximately 30,901 documents were produced as follows:

|  | Documents produced |
|---|---|
| Lontex | 11,397 |
| Nike | 2,327 |
| 1SEO (Lontex's SEO company) | 17,170 |
| Golden Stitch | 7 |

17.     The parties took approximately 29 depositions in this action, in addition to two trial depositions.  The trial included deposition or trial testimony of over 16 witnesses with exchanged and filed trial witness lists including many more witnesses than that.

18.     There are currently 380 docket entries in this action, which includes numerous attachments such as declarations and exhibits.

19.     Attached as **Exhibit 7** is a true and correct copy of an email dated November 4, 2021 from Lontex's counsel to Nike's counsel, excluding the underlying data attached to the email as an Excel file. As shown by the email, Lontex promptly provided attorney fee data (through October 31, 2021) to Nike within two days of the Court's order to disclose the underlying data and the week after trial concluded.

20.     Attached as **Exhibit 8** is a true and correct copy of a letter dated November 19, 2021 from Nike's counsel to Lontex's counsel, excluding the attachments.  Nike's letter confirmed that it had no objections "to the reasonableness of the hours recorded or the rates claimed in Lontex's data."  It objected to what it termed as unsuccessful litigation efforts or insufficient time entry details for entries which amount to $489,307.75 in time entries.  Upon following up with Nike's counsel to confirm that it was not objecting to hourly rates or the hours spent other than the hours identified in its letter, Nike's counsel asserted that "NIKE reserves all

121246396

rights and remedies and waives none, and that includes the right to raise further objections to the fee application."

21. Attached as **Exhibit 9** is a true and correct copy of a summary of Lontex's non-taxable costs incurred in this matter for which Lontex seeks recovery from Nike. These costs were necessary for the prosecution of this action, both in preparation for trial and during trial, and I reviewed such costs for reasonableness at the time of approving them for payment.

22. Attached as **Exhibit 10** are a true and correct copies of all invoices available for the non-taxable costs identified in summary Exhibit 9. I reviewed such costs for reasonableness at the time of approving them for payment.

23. Attached as **Exhibit 11** is a true and correct copy of an email exchange with Nike's counsel regarding Nike's objections to Lontex's fee request.

24. Lontex intends to coordinate with Nike to lodge with the Court a copy of all exhibits cited in the post-trial briefing. Lontex intends to lodge copies of the relevant citations with the submission of reply briefs, or soon thereafter.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 24, 2021.

                                          /s/ *Ben L. Wagner*
                                            Ben L. Wagner

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2021, a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent via e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

       /s/ *Ben L. Wagner*
       Ben L. Wagner