IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONTEX CORPORATION<br><br>v.<br><br>NIKE, INC. | CIVIL ACTION<br><br>NO. 18-5623 |

MEMORANDUM RE: AWARD OF ATTORNEYS' FEES AND COSTS

**Baylson, J.**  **March 17, 2022**

**I.  Introduction**

This complex and lengthy litigation is almost at an end in this Court. The only matter left following the jury verdict and disposition of Post-Trial Motions, is the determination of Plaintiff's Motion for Award of Counsel Fees and Costs.

Under the Lanham Act, the Court may award counsel fees and costs for "exceptional" cases.

**II.  Legal Standard**

"The Supreme Court has defined for purposes of attorney fees under the Patent Act, 35 U.S.C. § 285, an "exceptional" case as "one that stands out from others with respect to the substantive strength of a party's litigating positions (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S.545, 554 (2014). *[1]

The Third Circuit decided Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 315 (3d Cir. 2014), in which there was a verdict in favor of a defendant and the District Court of the Virgin

---

[1] A vigorous defense can be reasonable, if even unsuccessful. This case was defended by Nike vigorously, but not unreasonably.

Islands awarded damages against the Plaintiff, which of course is a different situation than the present case.

However, the facts of both the Supreme Court decision in <u>Octane Fitness</u> and the Third Circuit's decision in <u>Fair Wind Sailing</u> are not anything like this case and Nike's attempts to come under the "umbrella" of those precedents is rejected.

Rather, we find relevant the holding by Judge Bartle in <u>BP America Inc. v. Diwan Petrol Inc.</u> No. CV 21-2437, 2021 WL 5163206, at *2 (E.D. Pa. Nov, 2021) (Bartle, J.) ("Defendant's knowing continued use of the name and marks without permission is a violation of trademark laws. Plaintiffs' clear substantive strength as its claim as well as defendant's culpable conduct renders this an exceptional case that warrants an award of attorney fees to plaintiffs as the prevailing parties."). Judge Bartle relied on both <u>Octane Fitness</u> and <u>Fair Wind Sailing</u> in reaching his decision.

The decision in <u>Urban Outfitters, Inc. v. BCBG Max Azria Group, Inc.</u>, 430 F. App'x 131, 133 (3d Cir. 2011), resulted in the Third Circuit reversing this Court's refusal of damages in a trade dress case, and held that the circumstances there, which included seeking a preliminary injunction and other equitable relief, were sufficient to award damages against the defendants, as an "exceptional" case.

**III.   Discussion**

The Court determines that this case qualifies as an exceptional case for several specific reasons:

1. Enforcement of the trademark laws of the United States is important to ensure fair and rigorous competition, and encourage entrepreneurs to develop trademarks to protect and promote their products.

2. Plaintiff is a small competitor in the field of athletic clothing, and nonetheless, took on, with representation by very competent counsel, a major United States corporation with much larger resources. Plaintiff's counsel performed well before this Court in terms of following the rules, seeking discovery in an appropriate and fair manner, filing top quality briefs on all disputed issues, and showing great skill at the jury trial, which resulted in a verdict in favor of Plaintiff on all issues of liability. A finding of willfulness is an important factor in determining that a case is "exceptional." As the Court previously commented, the "David and Goliath" aspect of this case, is also a factor in finding a case is "exceptional". Bringing a lawsuit against a major corporation is a daunting challenge. The jury found that the testimony of Plaintiff's witnesses, including its founder, Mr. Nathan and his daughter, Samantha Nathan, who handled important office work, to be credible.

3. Trademark cases are also very expensive to litigate. The prospect of Nike compensating Lontex, if successful, is an incentive to file. If damages from Nike would not fully compensate Plaintiff, the award of attorneys, fees will help do so, because otherwise Lontex, with itself, would have to pay its attorneys. It is not realistic to expect a small firm like Lontex to be able to pay the legal bills to a major law firm, for this type of case. Once the case has become litigated well, and the court finds that the litigation positions of Lontex showed "substantive strength" then the standard of an exceptional case has been made and Nike must pay these legal fees and costs. Representation of a plaintiff in a case like this should be rewarded in the form of attorneys' fees against the Defendant as a matter of policy and also to provide further deterrence of trademark infringement by large

corporations. In this case, the damages awarded may be relatively low, compared to what Plaintiff sought, so the award of fees and costs will likely make the case very worthwhile for both Lontex and its counsel.

However, the Court finds that there is a need to distinguish between an award of attorneys' fees and costs for work on the liability aspects of the case, as opposed to damages. As noted above, the jury found in favor of Plaintiff on all liability issues submitted to the jury, and the Court concludes that Plaintiff's counsel should be awarded attorneys' fees for all of the hours spent by the firms representing the Plaintiff in the pretrial stages of the case, with one exception noted below, and for all of the hours spent in the liability phase of the trial.[2]

As noted in the post-trial Opinion, there is a major difference between the outcomes in the bifurcated trial—Plaintiff won completely on the liability phase, but the jury rejected most of Plaintiff's claims on damages. The damages awarded, although substantial, were nominal compared to the projection of damages that Plaintiff's experts had presented to the jury. The Court finds that it would be inappropriate to make Nike pay for Plaintiff's experts on damages when the jury had rejected the hundred million dollars plus projections that Plaintiff's experts had forecasted.

The jury's verdict on damages was understandable. Given the very incisive cross examination of Mr. Nathan during the damages phase, and the huge projections of lost sales/profits arguably far beyond any reasonable potential for Lontex to achieve, the jury's rejection of the projections should not be of surprise to Lontex. The Court will award attorneys' fees for presenting the damages aspect of the case and its preparation because, having won the liability verdict,

---

[2] Nike does not dispute the number of hours spent or the regular hourly rate asserted by Plaintiff's counsel. The Court has no knowledge of what fees and costs were actually paid by Plaintiff to counsel, if any. This Court has no involvement in how the award is divided between Plaintiff and counsel.

Plaintiff was entitled to have counsel present witnesses in support of the damages claim, and this representation of counsel was necessary and would have occurred regardless of what the experts said or what the jury decided.

However, the Court will disallow the fees paid to Plaintiff's experts on damages, because it would be inappropriate to make Nike pay for that expense when the jury soundly rejected the projections of these experts.

The Court will require Plaintiff's counsel to calculate and advise the Court, from the voluminous exhibits presented (invoices and other expenses) to itemize what amounts were paid to the damages experts for their reports and their testimony at depositions and at trial, and will deduct those amounts from the award of attorneys' fees and expenses. Plaintiff's counsel shall prepare this promptly and discuss this with Nike's counsel to see if an agreement can be reached on the amount of this reduction, and submit a proposed revised form of order for the award of counsel fees and costs.

**IV.   Conclusion**

To be specific, the Court is not finding that Nike engaged in any unfair, improper litigating strategy or that it litigated this case in a "unreasonable manner". Plaintiff does correctly note that Nike was basically unwilling to enter into any serious settlement negotiations and put Lontex through the burden of proving its case. Nike cannot be criticized for doing this, but at the same time, having the jury agree with Lontex completely on liability, if only partially on damages, nonetheless entitles Lontex to claim all of its attorneys' fees and almost all of its expenses.

O:\CIVIL 18\18-5623 Lontex Corp v Nike\18cv5623 Memorandum Re Attorneys' Fees and Costs.docx