IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LONTEX CORPORATION,<br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NIKE, INC.,<br>　　　　　　　　　Defendant. | Civil Action No.:  18-cv-5623<br><br>(Hon. Michael M. Baylson) |

**DEFENDANT NIKE, INC.'S OBJECTIONS TO
PLAINTIFF LONTEX CORPORATION'S BILL OF COSTS**

Lontex seeks recovery in its Bill of Costs (Dkt. 379, 380) for many fees that are not recoverable under Third Circuit law. The specific categories of fees that may be recovered by a prevailing party are set forth in 18 U.S.C. § 1920, but Lontex's claims exceed those permitted by the statute and governing law. Lontex seeks a total of $80,190.93, but only $40,380.05 is recoverable.

**I.    FEES FOR PRINTED OR ELECTRONICALLY RECORDED TRANSCRIPTS NECESSARILY OBTAINED FOR USE IN THE CASE**

Lontex seeks $57,614.33 as "Fees For Printed Or Electronically Recorded Transcripts Necessarily Obtained For Use In The Case." Dkt. 379-0. Lontex wrongly seeks to recover *all* of its deposition-related costs, as Lontex has sought the totals of the invoices provided in support of this claim. Dkt. 379-3. However, the statute and governing law only allow recovery for the costs of the deposition transcripts, not the other deposition fees. The allowable fees under this category total $26,697.05.

*First*, Lontex may only recover for *either* the costs of the deposition transcripts *or* the cost of videotaping the depositions, but not both, absent a showing that both were individually necessary. *See In re Aspartame Antitrust Litig.*, 817 F. Supp. 2d 608, 617 (E.D. Pa. 2011) (citing

1

cases for proposition that parties "are not permitted to recover the costs of both transcripts and videotapes of depositions."). The declaration provided by Lontex in support of its bill of costs clearly states that the written transcripts were necessary to prepare witnesses, evidence, and otherwise for use at trial. Dkt. 379-1 at 3. However, the declaration does not provide any reason why the videotaping was necessary. "The test is not whether the videotape was actually used at trial, but merely whether the videotape appeared 'reasonably necessary' to defendants at the time of the deposition." *In re Aspartame Antitrust Litig.*, 817 F. Supp. 2d 608, 617 (E.D. Pa. 2011). Videotaping may be reasonably necessary where a party "believe[ed] they may need to use it at trial given his age at the time of the deposition," *id.*, but Lontex has not made any such claim. Lontex is therefore prohibited from recovering the videotaping costs, which total $12,487.35. Dkt. 379-3.

*Second*, all other ancillary fees that Lontex seeks to recover, other than the final written transcript itself, also are not recoverable. Costs incurred for the convenience of counsel are not recoverable. *See In re Aspartame Antitrust Litig.*, 817 F. Supp. 2d 608, 616 (E.D. Pa. 2011) (disallowing recovery for document review tool that "while undoubtedly helpful, exceeds necessary keyword search and filtering functions. Rather, it is advanced technology that falls squarely within the realm of costs that are not necessary for litigation but rather are acquired for the convenience of counsel"). The other costs listed on the invoices fall into this category of non-recoverable fees incurred for convenience. For example, Realtime transcription services (which allow the deposing attorney to read a transcription of the questions live, during the deposition) and a rough draft of a transcript are obtained for the convenience of counsel, and are not recoverable. *See, e.g.*, *Warner Chilcott Lab'ys Ireland Ltd. v. Impax Lab'ys, Inc.*, No. CIV.A. 08-6304 WJM, 2013 WL 1876441, at *6 (D.N.J. Apr. 18, 2013) ("Absent a showing of necessity,

2

[fees for rough drafts, condensed transcripts, Realtime technology, and word indices] are deemed to be for the convenience of counsel and therefore not taxable under § 1920(2).") (citing cases). Lontex incurred $5,611.70 for Realtime transcription services and $2,497.75 for rough draft fees. Dkt. 379-3. Shipping and handling fees related to depositions are also not recoverable. *See In re Aspartame Antitrust Litig.*, 817 F. Supp. 2d 608, 617 (E.D. Pa. 2011) ("A party may not recover the shipping and handling costs associated with depositions.") (citing cases). These other non-recoverable fees total $18,429.93.

Lontex is therefore only able to recover the final transcript costs, which total $26,697.05.

## II. FEES AND DISBURSEMENTS FOR PRINTING

Lontex seeks $6,751.89 as "fees and disbursements for printing" on its bill of costs. Dkt. 379-0. Printing fees are recoverable under 28 U.S.C. § 1920(3), but Lontex's supporting affidavit states that these fees are recoverable "under 28 USCS § 1920(4)." Dkt. 379-1 at 6. Lontex has not met its burden of proving that $6,425.89 of these fees are recoverable under either subsection.

It is unclear what specific efforts were undertaken for $6,425.89 of the fees Lontex claims. The descriptions in Lontex's affidavit and in the invoices and receipts attached thereto include descriptions that are unrelated to printing, such as:

- "Prepare Documents for Production" (totaling $1,800);
- "Reliable Copy invoice for electronic bates numbering and printing" ($1,726.33);
- "Scanning documents to TIFF (electronic copies) for production" ($2,538.00);
- "Scanning and OCR re production of documents" ($91.11); and
- "Fees for printing billed by former counsel" ($270.45).[1]

ECF No. 380-0. These descriptions and supporting exhibits do not demonstrate that these fees are

---

[1] Exhibit E-1 states that these fees were incurred for an "automated document production," which is not a printing cost. Dkt. 379-7.

3

recoverable under either 28 U.S.C. § 1920(3) or 1920(4).

*First*, it does not appear that Lontex actually seeks to recover $6,751.89 as fees for "printing," as the descriptions of the invoiced efforts do not focus on printing. Section 1920(3) allows fees for actual printing costs, all of which must be substantiated. *See Ad World, Inc. v. Doylestown Twp.*, 634 F. Supp. 4, 11 (E.D. Pa. 1985) (disallowing unsubstantiated printing fees). But Lontex's descriptions excerpted above appear to be for copying, scanning, and producing documents, as opposed to specifically for printing. These fees, as well as charges for applying Bates labels to documents, are not recoverable, as they are not for printing and are for the parties' convenience only. *See In re Aspartame Antitrust Litig.*, 817 F. Supp. 2d 608, 618 (E.D. Pa. 2011).

*Second*, even if Lontex sought to recover these fees as the "costs of making copies of any materials where the copies are necessarily obtained for use in the case" under 28 U.S.C. § 1920(4), Lontex has not demonstrated its right to recover these amounts. All discovery costs are not shifted to the losing party, as "[n]either the language of § 1920(4), nor its history, suggests that Congress intended to shift all the expenses of a particular form of discovery—production of ESI—to the losing party." *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012). Rather, the Third Circuit has ruled that "only the scanning of hard copy documents, the conversion of native files to TIFF, and the transfer of VHS tapes to DVD involved 'copying,' and that the costs attributable to only those activities are recoverable under § 1920(4)'s allowance for the 'costs of making copies of any materials.'" *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012).

Lontex has not met its burden to provide sufficient detail to prove that its costs fall within one of the limited categories of recoverable costs. *See, e.g.*, *Second & Ashbourne Assocs. v. Cheltenham Twp., Bd. of Comm'rs*, No. CIV. A. 88-6400, 1991 WL 9356, at *2 (E.D. Pa. Jan. 28,

1991) (finding supporting documentation too vague to allow recovery of photocopying costs, because "defendants' photocopying costs are indistinguishable, some may be recoverable costs, some may not be recoverable costs"). For example, Lontex's documentation seeks to recover for "scanning," but does not specify whether hard copy documents were scanned (which would be recoverable) or if electronic documents were scanned into Lontex's document production system (which would not be recoverable). Dkt. 379-6 at 2–3; *see Camesi v. Univ. of Pittsburgh Med. Ctr.*, 673 F. App'x 141, 148–49 (3d Cir. 2016) (refusing recovery of costs where type of scanned document was not proven by requesting party).

Therefore, only $326.00 of the amount Lontex seeks to recover for printing fees is recoverable.

## III.  OTHER TRAVEL-RELATED COSTS AND DISBURSEMENTS FOR WITNESSES

Lontex seeks $11,553.41 as "other travel-related costs and disbursements for witnesses" under 28 U.S.C. § 1920(3). Dkt. 379-1 at 6–7. These fees include numerous airplane change fees and one-way airfare. Dkt. 379-1 at 7; 379-8. Lontex has not demonstrated the reasonableness of these rates, nor that those travel costs were incurred "at the most economical rate reasonably available," as required under 28 U.S.C. § 1821(c)(1). This court has viewed first-class airfare or one-way tickets as not recoverable because they are more expensive alternatives than round-trip coach airfare. *See Farley v. Cessna Aircraft Co.*, No. CIV.A. 93-6948, 1997 WL 537406, at *4 (E.D. Pa. Aug. 1, 1997). Lontex has not demonstrated the reasonableness of the one-way airfare charges, which total $1,202.02, or the change fees, which total $1,265.69. Lacking a showing of reasonableness, these fees are not recoverable.

Lontex is therefore only able to recover $9,085.70 of these witness-related fees.

5

## IV. CONCLUSION

NIKE does not dispute Lontex's recovery of $560.00 in fees of the clerk, $1,085.30 as fees for witnesses, $2,606.00 as fees for exemplification, or $20 as docket fees. Lontex may therefore recover $40,380.05, while $39,810.88 of its bill of costs is not recoverable for the reasons set forth above.

March 17, 2022                                                  Respectfully submitted,

By:  */s/ Ilana H. Eisenstein*

DLA PIPER LLP (US)

Gina L. Durham (*pro hac vice*)
555 Mission Street, Suite 2400
San Francisco, CA 94105

Michael D. Hynes (*pro hac vice*)
Andrew J. Peck (*pro hac vice*)
Marc E. Miller (*pro hac vice*)
Lane Earnest McKee (*pro hac vice*)
1251 Avenue of the Americas
New York, NY 100201

Ilana H. Eisenstein
Ben C. Fabens-Lassen
1650 Market Street, Suite 5000
Philadelphia, PA  19103

*Attorneys for Defendant NIKE, Inc.*