

LONTEX CORPORATION

      **Plaintiff**

  **v.**                                      **JAMS Ref. No. 1450009603**

NIKE, INC.

      **Defendant.**

---

## Report and Recommendation re: Award of Attorney Fees

On September 5, 2024, the Honorable Michael Baylson, District Court Judge, issued an order appointing the undersigned as a Special Master to provide a Report and Recommendation regarding whether this case is "exceptional" to justify the award of attorney's fees to the prevailing party, Plaintiff, Lontex Corporation, and against Defendant, Nike, Inc., pursuant to the Lanham Act (the Act). For the reasons stated below, I recommend that this case does present sufficient bases to find that it is exceptional and thus, attorney's fees are appropriate under the Act.

The Supreme Court in the *Octane Fitness* case, Octane Fitness LLC v. Icon, 572 U.S. 545 (2014), and the Third Circuit in the *Fair Wind Sailing* case, Fair Wind Sailing, Inc. v. Dempster, 764 F.3rd 303 (3rd Cir. 2014), have defined exceptionality broadly as follows. An exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigation position considering

1

both the governing law and the facts of the case or the unreasonable manner in which the case was litigated. The case should be uncommon or not run of the mill. Exceptionality exists where there is an unusual discrepancy in the merits of the positions taken by the parties or the losing party has litigated the case in an unreasonable manner. A losing party's blameworthiness may play a role in exceptionality, but there is no threshold requirement of culpability.

On July 10, 2024, on appeal to the Third Circuit in part regarding an award of attorney's fees to the prevailing party, Lontex, that Court issued a unanimous opinion affirming the orders of the District Court, specifically the jury verdict finding willful infringement and contributory infringement, awarding compensatory and punitive damages, and the District Court's order trebling the compensatory damages based on the jury's finding of willfulness. The Circuit Court also affirmed the punitive damage award because of Defendant Nike's willful and reckless conduct, specifically acting with reckless indifference, which qualified as "outrageous" and supported punitive damages under Pennsylvania law.

The Third Circuit, however, determined that the District Court's reasons for awarding attorney's fees to Lontex were insufficient to support such an award pursuant to the Lanham Act which requires that attorney's fees can only be awarded upon a finding of "exceptionality". The Circuit Court noted that the three reasons given by the District Court were based upon policy considerations that exist in many cases and the District Court, though briefly mentioning willfulness and stating that Lontex showed substantive strength, gave no support for that conclusion. The Circuit Court determined that the District Court had failed to provide sufficient support for a finding of exceptionality and that the fee award cannot stand without such support.

2

The Circuit Court remanded the case for the District Court to reassess whether the case is "exceptional" as the Act requires in order to award attorney's fees. The Circuit Court stated that on remand the District Court should "apply *Octane Fitness* and *Fair Wind Sailing"*. The Circuit Court also advised that the District Court has broad discretion in making the determination as to whether to award attorney's fees and should look to the "totality of the circumstances" when assessing exceptionality rather than general policy considerations that apply in typical trademark infringement cases. The Circuit Court went on to state that the "behavior of the parties" may be relevant, but not extralegal assessments of the parties' sizes and financial resources as stand-alone indicators of exceptionality. Additionally, the Circuit Court stated that the District Court has broad discretion based presumably on the Supreme Court's ruling in *Octane Fitness* that this is a discretionary inquiry not requiring a specific evidentiary burden.

While caselaw suggests that culpability and willful infringement are insufficient alone to establish exceptionality, *see* Stryker Corp. v. Zimmer, Inc., 837 F.3d 1268, (Fed. Cir. 2016), it is a part of the totality assessment required by the Circuit Court and should be taken into consideration in establishing exceptionality. Lontex, in its brief, outlines further evidence and circumstances that support the substantive strength of its case. Additionally, it is noteworthy that the Jury also awarded punitive damages based upon its obvious rejection of Nike's evidence and vigorous defense on the merits. This rejection by the Jury is another indicator of the substantive strength of Lontex's position and the unusual discrepancy in the merits between Lontex as the prevailing party and Nike's infringing conduct which was so clearly willful and recklessly indifferent.

Although Nike's vigorous defense, which the District Court did not consider unreasonable, did make the best case for the merits of Nike's position and in some

3

respects indicated a strength in Nike's favor, nevertheless, Lontex succeeded against various Nike claims of Lontex's weakness. For example, Lontex succeeded in establishing seven of the ten Lapp factors (6 being sufficient to show strength) to establish confusion, and, more significantly, Nike's reckless indifference in its refusal to cease and desist its infringement for years despite ample notice to do so, even ignoring its own counsel, show the unusual discrepancy in the merits by establishing the substantive strength of Lontex's position. The evidence here, in sum, is that Nike *knew* they were infringing but just did not care. That conduct, though perhaps not rising to "fraudulent" conduct, is nevertheless so "unreasonable" that it is "outrageous", a conclusion that the Supreme Court in *Octane Fitness* said demonstrates exceptionality justifying the award of fees. *See* 134 S.Ct. at 1757. Indeed, it is not hyperbole to say that Nike's indifference goes beyond recklessness, to *deliberate* indifference, further demonstrating the substantive strength of Lontex's position. *Compare* Max Rack, Inc. v. Core Health & Fitness, LLC, 40 F.4th 454 (6th Cir. 2022), (liability built on circumstantial evidence and possible accidental infringement and lack of any damages and no "unclean hands" did not support exceptionality).

While there are cases involving punitive damages where attorney's fees were nevertheless denied because the case was not otherwise exceptional, punitive damages and trebling of damages do remain part of the inquiry to establish exceptionality. Here, however, there are additional significant factors to establish exceptionality beyond the import of those damages. Although the District Court did not find Nike's litigation tactics and strategy to be unreasonable, nevertheless, as stated earlier, under the totality of the circumstances as noted by the Circuit Court, the "behavior" of the non-prevailing party, here Nike, plays a role in determining exceptionality. Furthermore, the Court in *Fair Winds Sailing* noted

that the "losing party's *blameworthiness* may well play a role in a district court's analysis of the "exceptionality" of a case" (emphasis supplied). Importantly, in *Octane Fitness*, the Supreme Court did not require independently sanctionable conduct to find exceptionality and award attorney's fees pursuant to the Act; and as the Court stated "[s]omething less than 'bad faith', we believe, suffices to mark a case as 'exceptional'." *Ibid*.

There was evidence here that Nike would not even speak with Lontex much less negotiate in order to find a reasonable compromise to avoid the expense of a trial. This lack of civility goes to the heart of the attorney fee expense and signals an improper desire to simply cause increased attorney costs rather than winning on the merits. Such conduct is unusual, especially in a commercial case without emotional overlay, and adds to the exceptionality determination. Moreover, there is evidence that Nike, as the far larger entity, threatened to "kill Lontex's business" with litigation costs. See Lontex Exhibit 32 at 97:12-22. This behavior goes beyond Nike's "not unreasonable" litigation strategy or tactics and creates an uncivil dynamic which is exceptional and caused greater expenditure on Lontex's part than normal vigorous opposing litigation would create.

Though filed prior to *Octane Fitness*, the case of Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3rd 273 (3rd Cir. 2014), cited by the Circuit Court in its opinion, is instructive in determining exceptionality. Although the Circuit Court, in citing *Securacomm*, did look to some litigation tactics to find exceptionality, the main holding of *Securacomm* on exceptionality looked to the behavior of the non-prevailing party, specifically that party's threats to "bury" the opposing side, and awarded attorney's fees based on exceptionality found in this bad faith behavior of the non-prevailing party and the vexatious litigation it then used, e.g. filing multiple complaints. Although the instant case does not exhibit that *exact* conduct,

the conduct that did occur here – specifically a threat by the larger company to ruin the smaller, is exactly what the *Securacomm* Court noted as exceptional, to wit, the "sweeping attempt to beat a financially weaker opponent" and demonstrates bad faith which supports exceptionality. In *Securacomm* the Court advised that fee shifting in the Lanham Act "looks to the whole case" rather than small segments of the litigation" – small segments being pre-trial, motion, discovery and trial practice which the District Court here found troublesome enough to require a special discovery master, but not so unreasonable in and of itself to be uniquely unfair. As the *Securacomm* Court noted, culpable conduct on the merits, for example the willful infringement the Jury found in the instant case, is a relevant factor to consider, but is not exclusive of other equitable considerations, like the bad behavior cited here, which makes this case exceptional.

The Court in the *Fair Winds Sailing* case states that blameworthiness may play a role despite the fact that culpability showing willful infringement as a threshold requirement was eliminated by *Octane Fitness* in the discretionary inquiry of exceptionality that must be made under the Act. Other factors to consider in determining whether attorney's fees are appropriate, are set forth in *Fogerty v. Fantasy, Inc.*, 114 S.Ct. 1023 (1994), - considerations cited with approval in *Octane Fitness*. These factors include the fact that the case is not frivolous and the Plaintiff is motivated by the need to litigate. Both factors exist here – especially where Nike, with its far greater resources, did not stop infringing until litigation, damages, and an injunction to deter it and compensate this far smaller resourced company occurred. Thus, there are multiple additional factors like these within the totality of the circumstances to support a finding of exceptionality.

Though Nike claims it presented ample evidence of good faith, the Jury's verdict and Nike's conduct discount that evidence. Nike cites various factors including the

Circuit Court's inferences that this was a close case in contending this case did not involve an unusual discrepancy on the merits. While Nike's defense supported the fact that there was some merit to its position, this fact does not undercut Lontex's substantial strength as noted above and Nike's reckless indifference and bad behavior as well as the other factors cited that support exceptionality.

Moreover, in the world of sports apparel with the same customer base, Lontex's trademark was an edge that Nike did not see fit to respect. Nike's reckless indifference and its delay in removing the violating language establishes the strength of Lontex's position. Further, as noted in *Fogerty*, compensation and deterrence through this lawsuit and expenditure of its concomitant costs in fees was particularly and "exceptionally" justified. Nike's incivility, bad behavior, blatant willful infringement and recklessly indifferent conduct upon notice of the infringement are rare qualities that distinguish this case from the typical case and, in sum, created an unusual discrepancy in the merits. This case goes well beyond one in which there is a claim of infringement and a jury, based upon the evidence presented, finds for one party over the other.

Given the language of *Octane Fitness*, as stated earlier, that fee shifting demands a "simple discretionary inquiry" which imposes no specific evidentiary burden and where "exceptional" in the Act should be broadly defined, there is ample reason under a totality of the circumstances to award attorney's fees here.Accordingly, for all the reasons stated herein, it is recommended that the prevailing party, Plaintiff Lontex Corporation, be awarded its attorney's fees.


*/s/ Hon. Jane Greenspan*
_____

Hon. Jane Greenspan (ret.), Special Master          Dated: September 25, 2024


7